**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.

MORTON FINKEL, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

v.

AMERICAN OIL & GAS, INC., a Nevada Corporation,
PATRICK D. O'BRIEN,
ANDREW P. CALERICH,
JON R. WHITNEY,
NICK DEMARE,
C. SCOTT HOBBS,
HESS CORPORATION, a Delaware Corporation, and
HESS INVESTMENT CORP., a Nevada Corporation,

      Defendants.

---

## SHAREHOLDER CLASS ACTION COMPLAINT AND JURY DEMAND

---

Plaintiff Morton Finkel ("Plaintiff" or "Finkel"), by his attorneys, alleges upon information and belief, except for his own acts, which are alleged or knowledge, as follows:

## NATURE OF THE ACTION

1.     This is a shareholder class action brought by Plaintiff on behalf of shareholders of American Oil & Gas, Inc. ("American Oil" or the "Company") to enjoin and/or seek damages resulting from the proposed acquisition of the publicly owned shares of American Oil common stock by Hess Corporation ("Hess"), as detailed herein (the "Proposed Transaction"). The Proposed Transaction is valued at approximately $445 million.

2.     In pursuing this unlawful plan to sell American Oil for inadequate consideration, each of the defendants breached and/or aided and abetted the other defendants' breaches of their fiduciary duties of loyalty, due care, good faith and fair dealing.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332(d). The case is filed as a class action, the matter in controversy exceeds the value of $5,000,000, exclusive of interest and costs, and more than two-thirds of the members of the proposed class are citizens of a state different than American Oil.

4.     Each defendant named herein has sufficient minimum contacts with this District, state, or the United States so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## THE PARTIES

6.     Plaintiff Morton Finkel is a stockholder of American Oil and has held shares at all times relevant to this Action.

7.     Defendant American Oil is a Nevada corporation with its principal executive offices located at 1050 17th Street, Suite 2400, Denver, CO 80265. American Oil is an independent oil and natural gas company engaged in exploration, development and production of hydrocarbon reserves primarily in the Rocky Mountain region. The Company's stock is listed on the American Stock Exchange ("Amex") under the symbol "AEZ." American Oil has a total market capitalization of approximately $409 million.

8.     Defendant Patrick D. O'Brien ("O'Brien") has served as Chairman of the

Company's Board of Directors (the "Board") and Chief Executive Officer since February 19, 2003.

9. Defendant Andrew P. Calerich ("Calerich") has been a director of American Oil since October 30, 2003; has served as President since July 17, 2003, and served as CFO from July 17, 2003 through June 29, 2006.

10. Defendant Jon R. Whitney ("Whitney") has been a director of American Oil since February 2005.

11. Defendant Nick DeMare ("DeMare") has been a director of American Oil since October 30, 2003.

12. Defendant C. Scott Hobbs ("Hobbs") has been a director of American Oil since 2008.

13. The defendants named in ¶¶ 8-12 are collectively referred to hereinafter as the "Individual Defendants" or "Director Defendants."

14. As directors of American Oil, each of the Individual Defendants has the highest fiduciary duties of good faith, loyalty, fair dealing, due care, and candor to Plaintiff and the other members of the Class.

15. The Individual Defendants are fiduciaries to the Company's shareholders requiring them to exercise their best judgment, and to act in a prudent manner and in the best interests of the Company's shareholders.

16. Defendant Hess Corporation is a Delaware corporation whose headquarters are located at 1185 Avenue of the Americas, New York, NY 10036. Hess is a global integrated energy company engaged in the exploration, production, purchase, transportation and sale of

crude oil and natural gas, as wells as the production and sale of refined petroleum products. Hess stock is listed on the NYSE under the symbol "HES."

17.     Defendant Hess Investment Corp. ("Hess Investment" or "Merger Sub") is a Nevada corporation and a direct wholly-owned subsidiary of Hess.

## DEFENDANTS' FIDUCIARY DUTIES

18.     Where the directors of a publicly-traded corporation undertake a transaction that will result in either (i) a change in corporate control, or (ii) a break-up of the corporation's assets, the directors have an affirmative fiduciary obligation to obtain the highest value reasonably available for the corporation's shareholders, and if such transaction will result in a change of corporate control, the shareholders are entitled to receive a significant premium.  To diligently comply with these duties, the directors and/or officers may not take any action that:

a.      adversely affects the value provided to the corporation's shareholders;

b.      will discourage or inhibit alternative offers to purchase control of the corporation or its assets;

c.      contractually prohibits themselves from complying with their fiduciary duties;

d.      will otherwise adversely affect their duty to search for and secure the best value reasonably available under the circumstances for the corporation's shareholders; and/or

e.      will provide the directors and/or officers with preferential treatment at the expense of, or separate from, the public shareholders.

19.     In accordance with their duties of loyalty and good faith, the defendants, as directors and/or officers of American Oil, are obligated to refrain from:

a.    participating in any transaction in which the directors' or officers' loyalties are divided;

b.    participating in any transaction in which the directors or officers receive, or are entitled to receive, a personal financial benefit not equally shared by the public shareholders of the corporation; and/or

c.    unjustly enriching themselves at the expense or to the detriment of the public shareholders.

20.    Plaintiff alleges herein that defendants, separately and together, in connection with the Proposed Transaction, are knowingly or recklessly violating their fiduciary duties, including their duties of loyalty, good faith, and independence owed to Plaintiff and other public shareholders of American Oil.  Defendants are engaging in self-dealing, are obtaining for themselves personal benefits not shared equally by Plaintiff and the Class, are choosing not to provide shareholders with all information necessary to make an informed decision in connection with the Proposed Transaction, and/or are aiding and abetting other defendants' breaches.  As a result of defendants' self-dealing and divided loyalties, neither Plaintiff nor the Class members are being treated fairly in connection with the Proposed Transaction.

21.    Defendants also owe the Company's shareholders a duty of candor, which includes the disclosure of all material facts concerning the Proposed Transaction and, particularly, the fairness of the price offered for the shareholders' equity interest.  Defendants are knowingly or recklessly breaching their fiduciary duties of candor and good faith by failing to disclose all material information concerning the Proposed Transaction and/or are aiding and abetting other defendants' breaches.

## SUBSTANTIVE ALLEGATIONS

### The Proposed Transaction

22.　　On July 27, 2010, after the market closed, American Oil and Hess jointly announced that both companies' boards of directors had unanimously approved a merger agreement in which Hess would acquire American Oil in an all-stock transaction. Under the terms of the Proposed Transaction, each share of American Oil common stock will receive 0.1373 shares of Hess common stock which is roughly only a 9.4% premium based on the closing stock prices of American Oil of $6.69 and Hess of $53.30 on July 27, 2010. Based on the closing stock prices for both companies on July 27, 2010, the estimated value of the deal for American Oil shareholders is $7.32 per share, or approximately $445 million. The Merger Agreement provides for a possible cash dividend to American Oil's stockholders to the extent of American Oil's positive working capital as of the closing date – subject to certain adjustments described in the Merger Agreement and subject to available cash.

23.　　Defendant O'Brien, commenting on the Proposed Transaction, stated:

> We believe this transaction captures the value that we have been able to create since our initial entry in the North Dakota Bakken play four years ago. We are excited about the leverage our stockholders will gain not only to Hess' compelling Bakken position and developmental activities, but also to Hess' large and diverse global project portfolio.

24.　　Additionally, Greg Hill, President of Worldwide Exploration and Production at Hess stated:

> This acquisition builds upon our strong land position in the Bakken, leverages our nearby infrastructure and offers operational synergies.

25.　　In connection with the Merger Agreement, certain officers, directors and 5%

beneficial owners who own an aggregate of approximately 20.5% of American Oil common stock have entered into voting and lockup agreements as of July 27, 2010. Specifically, each voting and lockup agreement provides that each holder will vote his American Oil shares in favor of the approval and adoption of the Merger Agreement and will not sell or transfer his shares.

26.     The acquisition will increase Hess' strategic acreage position in the Bakken oil play in North Dakota by approximately 85,000 net acres or 17% of Hess' total acreage in the Bakken shall formation. The Bakken shale formation stretches across North Dakota and Montana, into the Canadian provinces of Saskatchewan and Manitoba. According to the U.S. Geological Survey, the Bakken region is thought to hold up to 3.65 billion barrels in oil reserves. It also contains about 1.85 trillion cubic feet of natural gas, and 148 million barrels of natural gas liquids. That puts it among the largest findings in the U.S. outside Alaska. According to a recent article by the World Markets Research Centre, Hess is one of the major players in the Bakken shale and it "regards the Bakken formation as a key area of growth."

27.     The price set in the Proposed Transaction did not adequately account for these synergistic benefits that Hess would receive in the transaction.

28.     The unfairness of the Proposed Transaction is further highlighted with the fact that the premium of the Proposed Transaction is only 9.4%. As recently as May 3, 2010, American Oil stock traded as high as $7.60 or 3.83% higher than the Proposed Transaction price valued at $7.32 per share. Furthermore, at least one financial analyst has set a $10.00 price target for American Oil shares.

29.     In their pursuit of the Proposed Transaction the defendants have breached their

fiduciary duties to American Oil's stockholders by depriving them of the possibility of achieving the best available price for their shares. The consideration offered in the Proposed Transaction is unfair and grossly inadequate because, among other things, the intrinsic value of American Oil's common stock is materially in excess of the amount offered for those securities in the Proposed Transaction given the Company's prospects for future growth and earnings.

30. The Proposed Transaction will deny Class members their right to share proportionately and equitably in the true value of the Company's valuable and profitable business, as well as its future growth in profits and earnings, at a time when the Company is poised to increase its profitability. As a result, defendants have breached the fiduciary duties they owe to the Company's public shareholders because the shareholders will not receive adequate or fair value of their American Oil shares in the Proposed Transaction.

31. The Proposed Transaction unfairly protects the Proposed Transaction from other companies' potential interest in pursuing a Proposed Transaction or acquisition with American Oil, *inter alia*, by: preventing the Company from negotiating with other bidders; and including termination fee of $13.5 million and expenses up to $2.25 million to Hess if American Oil decides to terminate the deal under certain circumstances. The termination fee and expenses payable under this provision is approximately 3.5% of the total value of the Proposed Transaction. This termination fee is grossly excessive and will unnecessarily deter other companies from making higher offers for American Oil. Further, the expense would ultimately be borne by any competing bidder for American Oil, which serves ultimately to prejudice American Oil shareholders' ability to receive maximum consideration for their shares in any transactions.

32.     The Proposed Transaction also includes an onerous "No Solicitation" provision that prevents the Company and any of its employees, directors or officers from discussing any potential transaction that would be more beneficial to American Oil's public stockholders unless the proposed alternative transaction is reasonably likely to lead to a Superior Proposal. Specifically, the provision prohibits American Oil from soliciting any alternative proposal, but permits American Oil's Board to consider an unsolicited proposal only if it constitutes or is reasonably calculated to lead to a "Superior Proposal" as defined in the Merger Agreement. However, even the Board's consideration of unsolicited proposal is restricted: prior to considering any such proposal, the Board must determine, in consultation with its financial advisors, that its fiduciary duties require it to consider the proposal. Thus, the Board cannot consider alternative proposals even if it reasonably believes that any such proposal would be beneficial to shareholders.

33.     Practically, the only manner in which another bidder could even attempt to make a Superior Proposal under the Proposed Transaction is by conducting extensive due diligence into American Oil prior to submitting a written takeover proposal. Such a pre-proposal due diligence, however, is vastly restricted by the Proposed Transaction and a Confidentiality Agreement whose terms remain entirely undisclosed.

34.     Further, the Proposed Transaction reduces the possibility of a topping offer from another bidder. Here, defendants agreed to provide Hess information in order to match any other offer, thus providing Hess access to the unsolicited bidder's financial information and giving Hess the ability to top the superior offer.

35.     Before entering into the Proposed Transaction, American Oil was not for sale and

even after receiving the Hess Proposal it did not open itself up to competitive bids. It also did not perform a "market check" to determine the value the company would likely fetch if it were sold or merged with another company. The Individual Defendants therefore did not satisfy their fiduciary duty to use all reasonable efforts to obtain the best possible transaction for American Oil's shareholders.

36.     These acts, combined with other defense measures the Company has in place, effectively preclude any other bidders that might be interested in paying more than Hess for the Company from taking their bids directly to the Company's owners – its shareholders – and allowing those shareholders to decide for themselves whether they would prefer higher offers to the Proposed Transaction.

37.     In light of the foregoing, the defendants must, as their fiduciary obligations require:

A.     Implement a procedure or process to obtain competitive bids for the company or take other equivalent steps to assure that any Proposed Transaction represents the best reasonably available transaction for shareholders;

B.     Act independently so that the interests of American Oil's public stockholders will be protected, including, but not limited to, the retention of truly independent advisors and/or the appointment of a truly independent Special Committee to properly consider the Proposed Transaction;

C.     Adequately ensure that no conflicts of interest exist between defendants' own interests and their fiduciary obligation to maximize stockholder value or, if such conflicts exist, to ensure that all conflicts be resolved in the best interests of American Oil's public

stockholders; and

D.     Disclose the true value of the Company and all other material information to the Company's shareholders.

38.     Accordingly, the defendants have breached their fiduciary duties to American Oil stockholders by causing the Company to enter into the definitive Proposed Transaction that provides for the sale of American Oil at an unfair price, and which deprives American Oil's public shareholders of maximum value to which they are entitled.

## CLASS ACTION ALLEGATIONS

39.     Plaintiff brings this action individually and as a class action on behalf of all common stockholders of American Oil who are being and will be harmed by defendants' actions described below (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendants.

40.     This action is properly maintainable as a class action. The Class is so numerous that joinder of all members is impracticable.  As of June 7, 2010, there were approximately 60,815,000 million shares of American Oil common stock outstanding.  The actual number of shareholders of American Oil is believed to be in the thousands and will be ascertained through discovery.

41.     There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  The common questions include the following:

A.     whether defendants have breached their fiduciary duties to the Class  in connection with the Proposed Transaction;

B.     whether the Individual Defendants have breached their fiduciary duty to secure and obtain the best price reasonable under the circumstances for the benefit of Plaintiff and the other members of the Class in connection with the Proposed Transaction;

C.     whether defendants have breached any of their other fiduciary duties to Plaintiff and the other members of the Class in connection with the Proposed Transaction, including the duties of good faith, diligence, honesty and fair dealing;

D.     whether the defendants have improperly impeded or erected barriers to discourage other offers for the Company or its assets; and

E.     whether Plaintiff and the other members of the Class would suffer irreparable injury were the transactions complained of herein consummated.

42.     Plaintiff's claims are typical of the claims of the other members of the Class and Plaintiff does not have any interests adverse to the Class.

43.     Plaintiff is an adequate representative of the Class, has retained competent counsel experienced in litigation of this nature who will fairly and adequately protect the interests of the Class.

44.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the party opposing the Class.

45.     Plaintiff anticipates no difficulty in the management of this litigation as a class action.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

46.     Defendants have acted, or refused to act, on grounds generally applicable to the

Class with respect to the matters complained of herein, thereby making appropriate the relief sought herein with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY

**(Against American Oil and the Individual Defendants)**

47.     Plaintiff repeats and realleges each allegation set forth herein.

48.     The Individual Defendants have violated their fiduciary duties of care, good faith and loyalty, owed to the public shareholders of American Oil.

49.     By the acts, transactions and courses of conduct alleged herein, the Individual Defendants, individually and acting as a part of a common plan, are attempting to unfairly deprive Plaintiff and other members of the Class of the best reasonably available transaction in exchange for their investment in American Oil.

50.     The Individual Defendants have violated their fiduciary duties by entering into a transaction with Hess without regard to the fairness of the transaction to American Oil shareholders.

51.     The Individual Defendants failed to exercise the care required, and breached their duties of loyalty and good faith, owed to the shareholders of American Oil because, among other reasons:

A.      they failed to take steps to maximize the value of American Oil to its public shareholders. They failed to conduct an auction of the company before accepting Hess's bid, they failed to conduct a market test;

B.      they failed to properly value American Oil or the synergistic benefits that

would accrue to Hess in the transaction;

        C.      they approved a Proposed Transaction that prohibits solicitation of competing bids;

        D.      they approved a Proposed Transaction that interposes an excessive break up fee, which would establish a substantial hurdle to any competing bidders.

52.      Because the Individual Defendants dominate and control the business and corporate affairs of American Oil, and are in possession of private corporate information concerning American Oil's assets, business and future prospects, there exists an imbalance and disparity of knowledge and economic power between them and the public shareholders of American Oil which makes it inherently unfair for them to pursue any Proposed Transaction wherein they will reap disproportionate benefits, such as change in control payments, to the exclusion of maximizing shareholder value.

53.      By reason of the foregoing acts, practices and course of conduct, the defendants have failed to exercise ordinary care and diligence in the exercise of their fiduciary obligations toward Plaintiff and the other members of the Class.

54.      As a result of the actions of defendants, Plaintiff and the Class will suffer irreparable injury in that they have not and will not receive their fair portion of the value of American Oil's assets and businesses and have been and will be prevented from obtaining a fair price for their common stock.

55.      Unless enjoined by this Court, the defendants will continue to breach their fiduciary duties owed to Plaintiff and the Class, and may consummate the Proposed Transaction which will exclude the Class from its fair share of American Oil's valuable assets and

businesses, and/or benefit them in the unfair manner complained of herein, all to the irreparable harm of the Class, as aforesaid.

56.     Defendants are engaging in self-dealing, are not acting in good faith toward Plaintiff and the other members of the Class, and have breached and are breaching their fiduciary duties to the members of the Class.

57.     As a result of the defendants' unlawful actions, Plaintiff and the other members of the Class will be irreparably harmed in that they will not receive their fair portion of the value of American Oil's assets and business and will be prevented from obtaining the real value of their equity ownership of the Company.  Unless the Proposed Transaction is enjoined by the Court, defendants will continue to breach their fiduciary duties owed to Plaintiff and the members of the Class; will not engage in arm's-length negotiations on the Proposed Transaction terms; and may consummate the Proposed Transaction, all to the irreparable harm of the members of the Class.

58.     Plaintiff and the members of the Class have no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff and the Class be fully protected from the immediate and irreparable injury which defendants' actions threaten to inflict.

## SECOND CAUSE OF ACTION

## AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

### (Against Hess)

59.     Plaintiff incorporates by reference and realleges each and every allegation contained above, as though fully set forth herein.

60.     Hess has knowingly aided and abetted the Individual Defendants' wrongdoing alleged herein.  Hess has acted and is acting with knowledge or with reckless disregard that the

other defendants are in breach of their fiduciary duties to American Oil's public shareholders and have participated in such breaches of fiduciary duties by the directors of American Oil and thus are liable as aiders and abettors. Hess is also an active and necessary participant in the Individual Defendants' plan to complete the Proposed Transaction on terms that are unfair to American Oil shareholders, as Hess seeks to pay as little as possible to American Oil shareholders.

61.     Plaintiff and the members of the Class have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands relief, in his favor and in favor of the Class and against defendants as follows:

A.     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

B.     Declaring and decreeing that the Proposed Transaction was entered into in breach of the fiduciary duties of defendants and is therefore unlawful and unenforceable;

C.     Enjoining defendants, their agents, counsel, employees and all persons acting in concert with them from consummating the Proposed Transaction, unless and until the Company adopts and implements a procedure or process to obtain a Proposed Transaction providing the best possible terms for shareholders;

D.     Directing the Individual Defendants to exercise their fiduciary duties to obtain a transaction which is in the best interests of American Oil's shareholders until the process for the sale or auction of the Company is completed and the best possible consideration is obtained for American Oil;

E.      Rescinding, to the extent already implemented, the Proposed Transaction or any of the terms thereof;

F.      Awarding damages to the Class, in an amount to be determined at trial.

G.      Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and experts' fees; and

H.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues triable by jury.

DATED: July 30, 2010                          Respectfully submitted,


s/ Jeffrey A. Berens
Robert J. Dyer III
Jeffrey A. Berens
Darby K. Kennedy
**DYER & BERENS LLP**
303 East 17th Avenue, Suite 300
Denver, CO  80203
Telephone: (303) 861-1764
FAX: (303) 395-0393
Email: bob@dyerberens.com
Email: jeff@dyerberens.com
Email: darby@dyerberens.com

**POMERANTZ HAUDEK**
  **GROSSMAN & GROSS LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois  60603
Telephone: (312) 377-1181
Facsimile:  (312) 377-1184

**POMERANTZ HAUDEK**
  **GROSSMAN & GROSS LLP**
Marc I. Gross
Fei-Lu Qian
100 Park Avenue
New York, New York 10017
Telephone: (212) 661-1100
Facsimile: (212) 661-8665

**JAROSLAWICZ AND JAROS**
David Jaroslawicz
225 Broadway, 24th Floor
New York, NY 10007
Telephone: (212) 227-2780

***Attorneys for Plaintiff Morton Finkel***