**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:10-cv-01808-CMA-MEH

MORTON FINKEL, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

AMERICAN OIL & GAS, INC., a Nevada Corporation,
PATRICK D. O'BRIEN,
ANDREW P. CALERICH,
JON R. WHITNEY,
NICK DEMARE,
C. SCOTT HOBBS,
HESS CORPORATION, a Delaware Corporation, and
HESS INVESTMENT CORP., a Nevada Corporation,

    Defendants.

_____

Civil Action No. 1:10-cv-01833-PAB-MEH

EDGAR COBB, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

AMERICAN OIL & GAS INC., a Nevada Corporation,
PATRICK D. O'BRIEN,
ANDREW P. CALERICH,
JON R. WHITNEY,
NICK DEMARE,
SCOTT HOBBS and
HESS CORPORATION, a Delaware Corporation,

    Defendants.

_____

**MOTION FOR CONSOLIDATION OF RELATED ACTIONS AND APPOINTMENT OF PLAINTIFFS' LEAD & LIASION COUNSEL**
_____

Civil Action No. 1:10-cv-01846-MSK-KMT

JEFFREY P. FEINMAN, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

AMERICAN OIL & GAS, INC., a Nevada Corporation,
PATRICK D. O'BRIEN,
ANDREW P. CALERICH,
JON R. WHITNEY,
NICK DEMARE,
C. SCOTT HOBBS,
HESS CORPORATION, a Delaware Corporation, and
HESS INVESTMENT CORP., a Nevada Corporation,

    Defendants.

Civil Action No. 1:10-cv-01852-LTB

JEFFREY VEIGEL, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

AMERICAN OIL & GAS, INC.,
PATRICK D. O'BRIEN,
ANDREW P. CALERICH,
JON R. WHITNEY,
NICK DEMARE,
C. SCOTT HOBBS, and
HESS CORPORATION,

    Defendants.

Plaintiffs Morton Finkel ("Finkel"), Jeffrey P. Feinman ("Feinman"), and Jeffrey Veigel ("Veigel") submit this motion pursuant to D.C.COLO.LCivR 42.1 and Fed. R. Civ. P. 42(a) for an Order consolidating the above-captioned actions, and pursuant to Fed. R. Civ. P. 23(g) for the appointment of Plaintiffs' Lead and Liaison Counsel.

## **PRELIMINARY STATEMENT**

Four shareholder class actions, captioned above,[1] have been filed in the District of Colorado relating to the acquisition of American Oil & Gas, Inc. ("American Oil") by Hess Corporation and Hess Investment Corporation (collectively "Hess"). The actions seek to enjoin and/or seek damages resulting from the proposed acquisition of the publicly owned shares of American Oil common stock by Hess, and raise substantially similar allegations, namely, that the defendants breached and/or aided and abetted the other defendants' breaches of their fiduciary duties of loyalty, due care, good faith, and fair dealing in connection with the proposed sale of American Oil to Hess. Furthermore, each of the actions names as defendants American Oil, Hess, Patrick D. O'Brien, Andrew P. Calerich, Jon R. Whitney, Nick DeMare, and C. Scott Hobbs.

Plaintiffs in the *Finkel, Feinman*, and *Veigel* Actions join in this motion. Feinman and Veigel each are owners of more than 40,000 shares and have a strong interest in seeing that plaintiffs obtain the greatest recovery. Despite the obvious similarities among all four actions, the plaintiff in the *Cobb* Action, after meeting and conferring

---

[1] The four filed actions are: (1) *Finkel v. American Oil & Gas, Inc., et al.*, No. 1:10-cv-01808-CMA-MEH (the "*Finkel* Action"); (2) *Cobb v. American Oil & Gas Inc., et al.*, No. 1:10-cv-01833-PAB-MEH (the "*Cobb* Action"); (3) *Feinman v. American Oil & Gas, Inc., et al.*, No. 1:10-cv-01846-MSK-KMT (the "*Feinman* Action"); and (4) *Veigel v. American Oil & Gas Inc., et al.*, No. 1:10-cv-01852-LTB (the "*Veigel* Action").

pursuant to D.C.COLO.LCivR 7.1A with plaintiffs in the other actions, has declined to join in this motion to consolidate. Counsel for defendants support consolidation and take no position on the appointment of plaintiffs' counsel. As demonstrated below, however, because of the overarching similarities among them and in the interests of judicial economy, all four of the filed actions, as well as any related actions filed hereafter, should be consolidated pursuant to D.C.COLO.LCivR 42.1 and Fed. R. Civ. P. 42(a) into the *Finkel* Action under docket number 1:10-cv-01808-CMA-MEH.

## **FACTUAL BACKGROUND**

The four actions allege that, on July 27, 2010, after the market closed, American Oil and Hess jointly announced that both companies' boards of directors had unanimously approved a merger agreement (the "Merger Agreement") in which Hess would acquire American Oil in an all-stock transaction (the "Proposed Transaction"). Under the terms of the Proposed Transaction, each share of American Oil common stock will receive 0.1373 shares of Hess common stock -- which is roughly only a 9.4% premium based on the closing stock prices of American Oil of $6.69 and Hess of $53.30 on July 27, 2010. Finkel ¶ 22; Cobb ¶¶ 33-34; Feinman ¶ 22; Veigel ¶¶ 31-32. Based on the closing stock prices for both companies on July 27, 2010, the estimated value of the deal for American Oil shareholders is $7.32 per share, or approximately $445 million. The Merger Agreement provides for a possible cash dividend to American Oil's stockholders to the extent of American Oil's positive working capital as of the closing date – subject to certain adjustments described in the Merger Agreement and subject to available cash.

In connection with the Merger Agreement, certain officers, directors, and 5% beneficial owners who own an aggregate of approximately 20.5% of American Oil common stock have entered into voting and lockup agreements as of July 27, 2010. Specifically, each voting and lockup agreement provides that each holder will vote his American Oil shares in favor of the approval and adoption of the Merger Agreement and will not sell or transfer his shares. Finkel ¶ 25; Cobb ¶ 46; Feinman ¶ 25.

The unfairness of the Proposed Transaction is further highlighted by the fact that the premium of the Proposed Transaction is only 9.4%. As recently as May 3, 2010, American Oil stock traded as high as $7.60, or 3.83% higher than the Proposed Transaction price valued at $7.32 per share, and at least one financial analyst has set a $10.00 price target for American Oil shares. Finkel ¶¶ 27-28; Cobb ¶¶ 36-37; Feinman ¶¶ 27-28; Veigel ¶¶ 30, 32.

Accordingly, the actions allege that Defendants have breached their fiduciary duties to American Oil's stockholders by depriving them of the possibility of achieving the best available price for their shares. The consideration offered in the Proposed Transaction is unfair and grossly inadequate because, among other things, the intrinsic value of American Oil's common stock is materially in excess of the amount offered for those securities in the Proposed Transaction given the Company's prospects for future growth and earnings. Finkel ¶ 29; Cobb ¶¶ 33-34; Feinman ¶ 29; Veigel ¶¶ 34-35.

The Proposed Transaction unfairly protects the Proposed Transaction from other companies' potential interest in pursuing a Proposed Transaction or acquisition with American Oil, *inter alia*, by preventing the Company from negotiating with other bidders

and establishing a termination fee of $13.5 million and expenses up to $2.25 million to Hess if American Oil decides to terminate the deal under certain circumstances.  The termination fee and expenses payable under this provision are approximately 3.5% of the total value of the Proposed Transaction.  This termination fee is grossly excessive and will unnecessarily deter other companies from making higher offers for American Oil. Further, the expense would ultimately be borne by any competing bidder for American Oil, which serves ultimately to prejudice American Oil shareholders' ability to receive maximum consideration for their shares in any transactions.  Finkel ¶ 31; Cobb ¶43; Feinman ¶ 31; Veigel ¶¶ 34-35.

The Proposed Transaction also includes an onerous "No Solicitation" provision that prevents the Company and any of its employees, directors or officers from discussing any potential transaction that would be more beneficial to American Oil's public stockholders unless the proposed alternative transaction is reasonably likely to lead to a Superior Proposal. Specifically, the provision prohibits American Oil from soliciting any alternative proposal, but permits American Oil's Board to consider an unsolicited proposal only if it constitutes or is reasonably calculated to lead to a "Superior Proposal" as defined in the Merger Agreement.  However, even the Board's consideration of unsolicited proposal is restricted: prior to considering any such proposal, the Board must determine, in consultation with its financial advisors, that its fiduciary duties require it to even consider the proposal.  Thus, the Board cannot consider alternative proposals even if it reasonably believes that any such proposal would be beneficial to shareholders.  Finkel ¶ 32; Cobb ¶ 44; Feinman ¶ 32; Veigel ¶¶ 37-38.

The Proposed Transaction reduces the possibility of a topping offer from another bidder. Here, Defendants agreed to provide Hess information in order to match any other offer, thus providing Hess access to the unsolicited bidder's financial information and giving Hess the ability to acquire American Oil by simply matching any third party offer. Finkel ¶ 34; Cobb ¶ 45; Feinman ¶ 34; Veigel ¶¶ 39.

These acts, combined with other defense measures the Company has in place, effectively preclude any other bidders that might be interested in paying more than Hess for the Company from taking their bids directly to the Company's owners – its shareholders – and allowing those shareholders to decide for themselves whether they would prefer higher offers to the Proposed Transaction. Finkel ¶ 36; Cobb ¶ 48; Feinman ¶ 36.

## ARGUMENT

### THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). *See also* MANUAL FOR COMPLEX LITIGATION (THIRD), § 20.123 (1995).

It has long been held that a district court is authorized "to control the disposition

of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  To that end, district courts have discretion pursuant to Fed. R. Civ. P. 42(a) to consolidate cases which involve common questions of law and fact "under the policy that considerations of judicial economy strongly favors simultaneous resolution of all claims growing out of one event." *Ikerd v. Lapworth*, 435 F.2d 197, 204 (7th Cir. 1970).

The authority and discretion of district courts to consolidate actions includes "the consolidation of subsequently-filed or transferred cases that allege similar facts as those alleged in the current shareholder suits."  *Horn v. Raines*, 227 F.R.D. 1, 2 (D.D.C. 2005).  Thus, the Court here is authorized to order the consolidation of *Finkel, Cobb, Feinman,* and *Veigel*, as well as any subsequently filed action alleging similar facts.

As noted above, here, each of the related actions alleges common facts regarding the proposed acquisition of American Oil by Hess, names as Defendants the same individuals and corporate entities, and alleges the same causes of action for breach of the fiduciary duties of loyalty, due care, good faith and fair dealing against the Defendants.  Accordingly, consolidation of the related actions is appropriate.  *See Skaggs v. Level 3 Commc'ns, Inc.*, No. 09-cv-00200, 2009 WL 458682, at *1 (D. Colo. Feb. 24, 2009).

To promote the efficient prosecution of this action for the benefit of plaintiffs, defendants and the Court, the plaintiffs in three of the four above actions move to appoint their counsel as Plaintiffs' Lead Counsel, and Dyer & Berens LLP as Plaintiffs' Liaison Counsel.

The three firms (and their precessor firms) that seek appointment as Lead Counsel, Pomerantz Haudek Grossman & Gross LLP, which has offices in New York and Chicago, Bragar Wexler Eagel & Squire, PC, which has an office in New York, and Harwood Feffer LLP, which has an office in New York, each have decades of experience representing classes and together have successfully recovered billions of dollars for injured class members.  The firms' resumes are annexed hereto as Exhibit A, B, and C respectively.

The appointment of these three firms to set policy and prosecute the litigation (with the coordinated assistance of other plaintiffs' counsel) will allow for an effective, efficient, and non-duplicative prosecution of the actions, for the benefit of all parties and the Court.

As the MANUAL FOR COMPLEX LITIGATION (THIRD) states (at §30.16):

> The relative competence, experience, dedication, reliability, and resources of the attorneys who appear on behalf of the different persons seeking to become class representatives are important factors.

The three firms proposed as Lead Counsel each (and together) have the competence, experience, dedication, reliability and resources to ensure that the proposed class will be well represented.

The MANUAL FOR COMPLEX LITIGATION (THIRD) also sets out the roles of Lead Counsel and Liaison Counsel:

> **Lead counsel**: charged with major responsibility for formulating (after consultation with other counsel) and presenting positions on substantive and procedural issues during the litigation.  Typically they act for the group – either personally or by coordinating the efforts of others – in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan,

initiating and organizing discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met.

**Liaison counsel**: charged with essentially administrative matters, such as communications between the court and other counsel (including receiving and distributing notices, orders, motions, and briefs on behalf of the group), convening meetings of counsel, advising parties of developments in the case, and otherwise assisting in the coordination of activities and positions. Such counsel may act for the group in managing document depositories and in resolving scheduling conflicts. Liaison counsel will usually have offices in the same locality as the court.

The Manual aptly describes the duties and responsibilities Lead and Liaison Counsel expect to undertake in the prosecution of these actions.

## CONCLUSION

For the reasons stated herein, Plaintiffs Finkel, Feinman, and Veigel respectfully request that the Court grant their motion and consolidate the above captioned actions and any subsequently filed action alleging similar facts under *Finkel v. American Oil & Gas, Inc., et al.*, No. 1:10-cv-01808-CMA-MEH, and appoint Pomerantz Haudek Grossman & Gross LLP, Bragar Wexler Eagel & Squire, PC, and Harwood Feffer LLP as Plaintiffs' Lead Counsel for these actions, and Dyer & Berens LLP as Plaintiffs' Liaison Counsel.

Dated:   August 20, 2010                    Respectfully submitted,

s/ Jeffrey A. Berens
Robert J. Dyer III
Jeffrey A. Berens
Darby K. Kennedy
**DYER & BERENS LLP**
303 East 17th Avenue, Suite 300
Denver, CO  80203
Telephone: (303) 861-1764
FAX: (303) 395-0393
Email: bob@dyerberens.com
Email: jeff@dyerberens.com
Email: darby@dyerberens.com

**POMERANTZ HAUDEK**
  **GROSSMAN & GROSS LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois  60603
Telephone: (312) 377-1181
FAX:  (312) 377-1184
Email:  pdahlstrom@pomlaw.com

**POMERANTZ HAUDEK**
  **GROSSMAN & GROSS LLP**
Marc I. Gross
Fei-Lu Qian
100 Park Avenue
New York, New York 10017
Telephone: (212) 661-1100
FAX: (212) 661-8665
Email:  migross@pomlaw.com
Email:  flqian@pomlaw.com

**BRAGAR WEXLER**
  **EAGEL & SQUIRE, PC**
Lawrence P. Eagel
Jeffrey H. Squire
885 Third Avenue, Suite 3040
New York, New York 10022
Telephone: (212) 308-5858
FAX: (212) 486-0462
Email:  eagel@bragarwexler.com
Email:  squire@bragarwexler.com

**HARWOOD FEFFER LLP**
Robert Harwood
James G. Flynn
488 Madison Avenue, 8th Floor
New York, New York 10022
Telephone: (212) 935-7400
FAX: (212) 753-3630
E-mail: rharwood@hfesq.com
E-mail: jflynn@hfesq.com

**JAROSLAWICZ AND JAROS**
David Jaroslawicz
225 Broadway, 24th Floor
New York, New York 10007
Telephone: (212) 227-2780

**RYAN & MANISKAS, LLP**
Katharine Ryan
Richard A. Maniskas
995 Old Eagle School Rd., Suite 311
Wayne, Pennsylvania 19087
Telephone: (484) 588-2216

**BADER & ASSOCIATES, LLC**
Gerald L. Bader Jr.
1873 S. Bellaire St., #1110
Denver, Colorado 80222
Telephone: (303) 534-1700
FAX: (303) 691-5076
Email:  gbader@baser-associates.com

***Attorneys for Plaintiffs Morton Finkel, Jeffrey P. Feinman, and Jeffrey Veigel***

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2010, I electronically filed the foregoing **MOTION FOR CONSOLIDATION OF RELATED ACTIONS AND APPOINTMENT OF PLAINTIFFS' LEAD & LIASION COUNSEL** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted below:

- **Jeffrey Allen Berens**
  jeff@dyerberens.com,jeffreyberens@comcast.net,darby@dyerberens.com
- **Gerald L. Bader , Jr**
  gbader@bader-associates.com

and certify the foregoing document was served via e-mail on the following counsel, who are not CM/ECF participants:

- **Randall J. Baron**
  randyb@rgrdlaw.com
- **David T. Wissbroecker**
  dwissbroecker@rgrdlaw.com
- **Philip M. Smith**
  pmsmith@pattonboggs.com
- **Robert E. Tiedemann**
  rtiedemann@whitecase.com
- **K. Allison White**
  whiteka@ballardspahr.com

                                              s/ Jeffrey A. Berens
                                              Jeffrey A. Berens
                                              Attorney for Plaintiffs
                                              DYER & BERENS LLP
                                              303 East 17th Avenue, Suite 300
                                              Denver, CO 80203
                                              Telephone: (303) 861-1764
                                              FAX: (303) 395-0393
                                              Email: jeff@dyerberens.com