**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:10-cv-01808-CMA-MEH

MORTON FINKEL, Individually and on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

AMERICAN OIL & GAS, INC., a Nevada Corporation,
PATRICK D. O'BRIEN,
ANDREW P. CALERICH,
JON R. WHITNEY,
NICK DEMARE,
C. SCOTT HOBBS,
HESS CORPORATION, a Delaware Corporation, and
HESS INVESTMENT CORP., a Nevada Corporation,

    Defendants.

_____

**PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY AND
REQUEST FOR EXPEDITED RULING**

_____

Plaintiff Morton Finkel ("Plaintiff"),[1] pursuant to Fed. R. Civ. P. 26(d), hereby moves this Court to enter an Order expediting discovery in this action, directing the Defendants to: (1) produce documents to Plaintiff as set forth in Exhibit A, attached hereto, on or before September 13, 2010; and (2) make the persons identified in Exhibit

---

[1] There are four related actions filed in this District, which are: (1) *Finkel v. American Oil & Gas, Inc., et al.*, No. 1:10-cv-01808-CMA-MEH (the "*Finkel* Action"); (2) *Cobb v. American Oil & Gas Inc., et al.*, No. 1:10-cv-01833-PAB-MEH (the "*Cobb* Action"); (3) *Feinman v. American Oil & Gas, Inc., et al.*, No. 1:10-cv-01846-MSK-KMT (the "*Feinman* Action"); and (4) *Veigel v. American Oil & Gas Inc., et al.*, No. 1:10-cv-01852-MSK-MJW (the "*Veigel* Action"). These actions are collectively referred to as the Proposed Consolidated Action.

B, attached hereto, available for deposition beginning on or before September 20, 2010. In addition, Plaintiff moves for an expedited ruling on this Motion because of the time-sensitive nature of this action.  Under D.C.COLO.LCivR 7.1A, Plaintiff certifies that the parties have conferred on this Motion.  The Defendants have tentatively agreed to produce documents and make deponents available consistent with the schedule set forth above, but as of the date of this filing, have not provided final approval to consent to this Motion.

In support of this Motion, Plaintiff states as follows:

## I.     INTRODUCTION

Plaintiff brings this action on behalf of himself and the public stockholders of American Oil & Gas, Inc. ("American Oil" or the "Company") against Defendants, American Oil and its Board of Directors (the "Board"), seeking equitable relief for their breaches of fiduciary duty and other violations of state law arising from a proposed transaction in which Defendant Hess Corporation ("Hess") seeks to acquire all the outstanding shares of American Oil common stock in an all-stock transaction pursuant to which Hess will to issue 0.1373 shares of its common stock in exchange for each outstanding share of American Oil's common stock (the "Proposed Transaction").  *See* ¶¶ 1, 22.[2]  It is expected that Hess will issue approximately 8.6 million shares for all outstanding American Oil shares and options on a net settlement basis.  The Proposed Transaction was publicly announced on July 27, 2010, and will require a majority vote of American Oil shareholders.  *See* ¶ 22.

---

[2]     Citations to "¶__," refer to paragraphs of the Shareholder Class Action Complaint and Jury Demand filed on July 30, 2010 in the *Finkel* Action.  *See* Doc. No. 1.

On August 23, 2010, Hess submitted a draft S-4 Registration to the SEC containing certain disclosures, *inter alia*, about the background of the transaction and opinion of American Oil's financial advisor. As yet, the Company has not set a date for the shareholder vote although the Company has announced that it expects the Proposed Transaction to close in the fourth quarter of 2010.

## II.   PROCEDURAL HISTORY

On August 20, 2010, Plaintiff submitted a motion pursuant to D.C.COLO.LCivR 42.1 and Fed. R. Civ. P. 42(a) for an order consolidating the related actions, and pursuant to Fed. R. Civ. P. 23(g) for the appointment of plaintiffs' lead and liaison counsel. That motion is still pending before the Court. *See* Doc. No. 9.

Since the August 20th filing, Plaintiff has had discussions with the Defendants about the need for discovery. During those discussions, the Defendants agreed to produce certain documents on an informal basis. In light of those discussions, Plaintiff did not file a motion for expedited discovery.

On August 30, 2010, the parties filed an Amended Joint Motion to Extend Time and Set Briefing Schedule pursuant to D.C.COLO.LCivR 6.1 and 7.1 and CMA Civ. Practice Standards III.D. *See* Doc. No. 17. The Amended Joint Motion contemplated that Plaintiff would file a consolidated amended complaint after an order of the Court consolidating the related actions and appointing class counsel. On September 1, 2010, the Court granted in part and denied in part that motion. *See* Doc. No. 19.

### III.  NEVADA ACTION

Meanwhile, Robbins Geller Rudman & Dowd, LLP ("Robbins Geller"), representing plaintiff in the *Cobb* Action pending in this Court, also commenced an action in Nevada state court, *Buckman v. Am. Oil & Gas, Inc., et al.*, Case No. 10-OC-00322-1B (the "*Buckman* Action").  Robbins Geller, along with a related law firm Robbins Umeda, LLP ("Robbins Umeda"),[3] sought to be named co-lead counsel in a consolidated Nevada state court action.  In order to avoid proceeding in Colorado, Robbins Umeda sought and obtained an order for expedited discovery in Nevada.

The individual defendants have moved to dismiss the Nevada action on the grounds of lack of personal jurisdiction. (A copy of the individual defendants' motion is attached hereto as Exhibit C.)  The corporate defendants have moved to dismiss the Nevada action on the grounds of *forum non conveniens* or, in the alternative, to stay the Nevada action in favor of the Proposed Consolidated Action because this dispute should be resolved in Colorado in this Court. (A copy of the corporate defendants' motion is attached hereto as Exhibit D.)

As is clear from the Defendants' position, Colorado is the appropriate venue for adjudication of the claims related to the Proposed Transaction. *See, e.g.*, Exhibit C at pages 8 and 9 and Exhibit D at pages 3, 4, 8-10 and 14.  Colorado is American Oil's principal place of business, the residence for all but one of the individual defendants and the location of the pertinent documents and witnesses. *See* Exhibit D at page 3.

---

[3]  Robbins Umeda filed its own state court action in Nevada, *Speight v. O'Brien, et al.*, Case No. 10 OC 00340 1B (the "*Speight* Action").  The complaint in the *Speight* Action is substantially similar to the complaint in the *Cobb* Action.

As set forth in Section V below and in light of the Defendants' position that the claims should be heard in this forum, it is imperative that Plaintiff obtain the discovery requested herein so that he may provide the Court with a more complete evidentiary record in his anticipated motion to enjoin the Proposed Transaction.[4]

## IV.   MEET-AND-CONFER

On September 3, 2010, the parties had a telephonic meet-and-confer concerning discovery in the Proposed Consolidated Action. During this call, the Defendants informed Plaintiff that the foregoing discovery order was entered in the Nevada action and informally agreed to provide all plaintiffs with the same discovery.

On September 8, 2010, the parties had a telephonic meet-and-confer to discuss memorializing their informal agreement concerning discovery. During this meet-and-confer the parties discussed filing this Motion as an unopposed motion and Defendants were provided with a draft of the proposed unopposed motion. The Defendants, however, have not provided final approval to consent to this Motion as of the date of this filing.

## V.   GOOD CAUSE EXISTS FOR EXPEDITED DISCOVERY

Due to American Oil's announcement that the Proposed Transaction will close some time in Fourth Quarter of 2010, the only means by which Plaintiff can adequately protect American Oil's public shareholders at this juncture is through a preliminary

---

[4]   As set forth in Plaintiff's motion for an order consolidating the related actions, and for the appointment of plaintiffs' lead and liaison counsel (*see* Doc. No. 9), Plaintiff sought Robbins Geller's consent to join in that motion so that all parties could proceed cooperatively. Instead, Robbins Geller commenced the *Buckman* Action in Nevada while maintaining the *Cobb* Action as a placeholder in this Court.

injunction and limited expedited discovery related thereto. Accordingly, this action represents exactly the type of situation where expedited discovery is necessary and appropriate pursuant to established case law.

Federal Rule of Civil Procedure 26(d) provides, as a general rule, that formal discovery will not commence until after the parties have conferred as required by Rule 26(f). *Qwest Communications Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). However, Rule 26(d) specifically contemplates that discovery may be conducted prior to a Rule 26(f) conference "when authorized by . . . court order." Fed. R. Civ. P. 26(d); *Arista Records, LLC v. John Does 1-19*, 551 F. Supp. 2d 1, 6 (D.D.C. 2008). In this District, courts have permitted such expedited discovery upon a showing of good cause. *See Pod-Ners v. Northern Feed & Bean of Lucerne Ltd.*, 204 F.R.D. 675, 676 (D. Colo. 2002) (citing *Yokohama Tire Corp. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 614 (D. Ariz. 2001)); *20/20 Fin. Consulting, Inc. v. Does 1-5*, Case No. 10-cv-01006-CMA-KMT, 2010 WL 1904530, at *1-*2 (D. Colo. May 11, 2010).

Here, expedited discovery is appropriate because discovery in the usual course will prevent an open evaluation of American Oil's assets and allow the Proposed Transaction to continue. As a result, normal discovery will limit any opportunity to evaluate the Proposed Transaction or attract other higher bidders for the Company. The expedited discovery requested is of vital importance to the injunctive relief Plaintiff intends to seek.

Plaintiff and the public stockholders of American Oil are clearly threatened with irreparable injury if the Proposed Transaction is consummated without their intended

motion for a preliminary injunction being heard. To prevent such harm, Plaintiff seeks expedited discovery to enable him to have a meaningful opportunity to seek injunctive relief. Plaintiff will be unable to do so without expedited discovery because almost all of the relevant documents are in the possession of the Defendants. Plaintiff needs to evaluate further, *inter alia*: (1) the strength of his argument concerning the terms of the Proposed Transaction; (2) the extent of the Defendants' breaches of fiduciary duties; (3) American Oil's current alternatives; and (4) the Company's true financial performance and enterprise value. Plaintiff seeks to develop the factual record so that he may determine whether it is necessary to proceed with his anticipated preliminary injunction motion. If expedited discovery is granted, the Court will have the benefit of a full record in ruling on the preliminary injunction motion and Plaintiff will not be deprived of a meaningful opportunity to protect his rights and the rights of the class of shareholders that he seeks to represent. Expedited discovery is the only effective form of relief in this case and will work a relatively small hardship on the Defendants, who already have, at their fingertips, the limited number of documents Plaintiff seeks.

## VI.   THE DISCOVERY SOUGHT BY PLAINTIFF IS NARROWLY TAILORED TO FOCUS ON PRELIMINARY RELIEF

Plaintiff seeks the expedited production of documents only from Defendants, as well as limited deposition discovery.

In an effort to further reduce the burden on Defendants, Plaintiff agrees to limit his document requests to the categories of documents, set forth in Exhibit A hereto, all of which are readily available to Defendants, and which they tentatively agreed to provide. In addition to document discovery, Plaintiff seeks deposition testimony of witnesses

knowledgeable about the circumstances of the Proposed Transaction that are identified in Exhibit B hereto.

Finally, Plaintiff's discovery is focused to allow Plaintiff a meaningful opportunity to be expeditiously heard on a motion for preliminary injunction. Accordingly, Plaintiff respectfully requests that this application for expedited discovery not limit or otherwise prejudice his right to pursue more comprehensive discovery in the future should circumstances mandate that course of action.

## VII.　CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion and enter an Order, directing the requested expedited discovery.

DATED:  September 10, 2010　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　s/ Darby K. Kennedy
　　　　　　　　　　　　　　　　　　　Robert J. Dyer III
　　　　　　　　　　　　　　　　　　　Jeffrey A. Berens
　　　　　　　　　　　　　　　　　　　Darby K. Kennedy
　　　　　　　　　　　　　　　　　　　**DYER & BERENS LLP**
　　　　　　　　　　　　　　　　　　　303 East 17th Avenue, Suite 300
　　　　　　　　　　　　　　　　　　　Denver, CO  80203
　　　　　　　　　　　　　　　　　　　Telephone: (303) 861-1764
　　　　　　　　　　　　　　　　　　　FAX: (303) 395-0393
　　　　　　　　　　　　　　　　　　　Email: bob@dyerberens.com
　　　　　　　　　　　　　　　　　　　Email: jeff@dyerberens.com
　　　　　　　　　　　　　　　　　　　Email: darby@dyerberens.com

**POMERANTZ HAUDEK
  GROSSMAN & GROSS LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, IL  60603
Telephone: (312) 377-1181
FAX:  (312) 377-1184
Email:  pdahlstrom@pomlaw.com

**POMERANTZ HAUDEK
  GROSSMAN & GROSS LLP**
Marc I. Gross
Fei-Lu Qian
100 Park Avenue
New York, NY  10017
Telephone: (212) 661-1100
FAX: (212) 661-8665
Email:  migross@pomlaw.com
Email:  flqian@pomlaw.com

**BRAGAR WEXLER
  EAGEL & SQUIRE, PC**
Lawrence P. Eagel
Jeffrey H. Squire
885 Third Avenue, Suite 3040
New York, NY  10022
Telephone: (212) 308-5858
FAX: (212) 486-0462
Email:  eagel@bragarwexler.com
Email:  squire@bragarwexler.com

**HARWOOD FEFFER LLP**
Robert Harwood
James G. Flynn
488 Madison Avenue, 8th Floor
New York, NY  10022
Telephone:  (212) 935-7400
FAX:  (212) 753-3630
E-mail: rharwood@hfesq.com
E-mail: jflynn@hfesq.com

*Attorneys for Plaintiff Morton Finkel*

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2010, I electronically filed the foregoing **PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY AND REQUEST FOR EXPEDITED RULING** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

s/ Darby K. Kennedy
***Darby K. Kennedy***
Attorney for Plaintiff
DYER & BERENS LLP
303 East 17th Avenue, Suite 300
Denver, CO 80203
Telephone: (303) 861-1764
FAX: (303) 395-0393
Email: darby@dyerberens.com
