# EXHIBIT C

W. CHRIS WICKER (State Bar No. 1037)
MICHAEL W. KEANE (State Bar No. 7398)
WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, NV  89511
Telephone: (775) 688-3000
Facsimile: (775) 688-3088
cwicker@woodburnandwedge.com
mkeane@woodburnandwedge.com

PHILIP M. SMITH
PATTON BOGGS
1185 Avenue of the Americas
30th Floor
New York, New York 10036
Telephone:  (646) 557-5145
Facsimile:  (646) 557-5101
pmsmith@pattonboggs.com

Attorneys for Defendants Patrick D. O'Brien,
Andrew P. Calerich, Joseph B. Feiten,
Nick DeMare, Jon R. Whitney, C. Scott Hobbs
and American Oil & Gas Inc.

**IN THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA**

**IN AND FOR CARSON CITY**

| | |
|---|---|
| DAVID SPEIGHT, On Behalf of Himself And All Others Similarly Situated,<br><br>                     Plaintiff,<br><br>          vs.<br><br>PATRICK D. O'BRIEN, ANDREW P. CALERICH, JOSEPH B. FEITEN, NICK DeMARE, JON R. WHITNEY, C. SCOTT HOBBS, AMERICAN OIL & GAS INC., HESS CORPORATION, and HESS INVESTMENT CORP.,<br><br>                     Defendants. | Case No.  10 OC 00340 1B<br><br>Dept. No. II<br><br><br>**MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

1

Defendants,  Patrick D. O'Brien, Andrew P. Calerich, Joseph B. Feiten, Nick DeMare, Jon R. Whitney, and C. Scott Hobbs ("Individual Defendants"), by and through their attorneys, Woodburn and Wedge, hereby move the Court, pursuant to NRCP 12  for an order dismissing this action against the Individual Defendants because this Court lacks personal jurisdiction over the Individual Defendants.

**INTRODUCTION**

**I.    STATEMENT OF FACTS.**

1.    Plaintiff commenced this action on August 5, 2010, alleging the Individual Defendants breached their fiduciary duties as officers and directors of American Oil & Gas Inc. ("American") concerning a proposed merger of American and Hess Corporation.  Plaintiff is seeking injunctive relief prohibiting the proposed merger.  *See*, Complaint, filed herein on August 5, 2010, ¶ 48 to 57, Prayer at p.14.

2.    Plaintiff's counsel have informed Defendants that Plaintiff is a resident of New Zealand and Plaintiff has no known contacts with the State of Nevada.  Plaintiff does not claim that the alleged conduct took place in Nevada or that there was any harm suffered by Plaintiff in Nevada as a result of the alleged conduct.  *See*, Complaint, ¶ 10, and the Complaint generally.

3.    American has its corporate headquarters at 1050 17th Street, Suite 2400, Denver Colorado.  *See*, Complaint, ¶ 18.  American does not maintain any offices in Nevada and does not conduct any business in Nevada.  Consequently its officers and directors have no contact with Nevada by reason of the their serving as officers and directors. *See*, Declaration of Andrew Calerich, ¶¶ 4, 5, attached hereto as Exhibit 1 ("Calerich Decl.").

4.      None of the Individual Defendants have minimum contacts with the state of Nevada that would subject them to jurisdiction.  <u>Not</u> one of the Individual Defendants is a resident of Nevada.  *See*, Calerich Decl., ¶ 4; Declaration of Patrick D. O'Brien, ¶ 4, attached hereto as Exhibit 2 ("O'Brien Decl."); Declaration of Joseph B. Feiten, ¶ 4, attached hereto as Exhibit 3 ("Feiten Decl."); Declaration of Nick DeMare, 4, attached hereto as Exhibit 4 ("DeMare Decl."); Declaration of Jon R. Whitney ¶ 4, attached hereto as Exhibit 5 ("Whitney Decl."); Declaration of C. Scott Hobbs, ¶ 4, attached hereto as Exhibit 6 ("Hobbs Decl.").  All but one of the Individual Defendants live and work in and around Denver, Colorado.  *Id.*   The only Individual Defendant not a resident of Colorado is Mr. Nick DeMare, who is a citizen of Canada and resides in Vancouver, British Columbia.  *Id.*

5.      None of the Individual Defendants own real or personal property located in Nevada.  *See*, Calerich Decl., ¶ 7; O'Brien Decl., ¶ 6; Feiten Decl., ¶ 6; DeMare Decl., ¶ 6; Whitney Decl., ¶ 6; Hobbs Decl., ¶ 6.

6.      None of the Individual Defendants visit Nevada regularly, transact business in Nevada or have any other contacts with Nevada that would subject them to personal jurisdiction in Nevada.  *See*, Calerich Decl., ¶¶ 8, 9, 10; O'Brien Decl., ¶¶ 7, 8, 9; Feiten Decl., ¶¶ 7, 8, 9; DeMare Decl., ¶¶ 7, 8, 9; Whitney Decl., ¶¶ 7, 8, 9; Hobbs Decl., ¶¶ 7, 8, 9.

## II.    ARGUMENT.

Plaintiff has the burden of establishing that the Court has personal jurisdiction over a defendant.  *Trump v. Eighth Judicial Dist. Court*, 109 Nev. 687, 692, 857 P.2d 750, 744 (1993).  Although many facts relevant to determine personal jurisdiction can in some cases only be adduced at trial, the plaintiff opposing a motion to dismiss still

must introduce competent evidence of essential facts to establish a prima facie showing of personal jurisdiction. *Casentini v. Ninth Judicial Dist. Court,* 110 Nev. 721, 725, 877 P.2d 535, 538 (1994). In this case, all the facts concerning personal jurisdiction over the Individual Defendants are ascertainable without the need to wait for discovery or trial. These facts clearly show an absence of minimum contacts of the Individual Directors with Nevada warranting the dismissal of the claims against the Individual Defendants.   The Plaintiff is wholly unable to make the required prima facie showing.

Not one of the Individual Defendants is a resident of Nevada. Five of the Individual Defendants are residents of Colorado and live and work in and around Denver, Colorado. The sixth Individual Defendant is a resident of Vancouver, British Columbia, Canada.

Not one of the Individual Defendants owns real or personal property located in Nevada and none visit the State of Nevada regularly. The Individual Defendants do not conduct any business in Nevada nor do they have any other contacts with Nevada that would subject them to personal jurisdiction. Plaintiff has only alleged that "individual defendants have sufficient minimum contact with Nevada so as to render the exercise of jurisdiction by this Court permissible . . .". *See* Complaint, ¶ 9. Plaintiff has failed to allege any facts and will have no evidence for a prima facie showing that would establish personal jurisdiction over the Individual Defendants.      Nevada's long arm statute confers personal jurisdiction over non-resident defendants to the limits permitted by the United States Constitution. *NRS 14.065; Levinson v. Dist. Court,* 103 Nev. 404, 406, 742 P.2d 1024, 1025 (1987). Due process requires that a defendant have "minimum contacts" with the forum state, " 'such that the maintenance

of the suit does not offend traditional notions of fair play and substantial justice.' "

*Senanayake v. Rodli*, No. 3:08-CV-00210-BES-VPC, 2009 WL 2485832 (D. Nev. Aug.

12, 2009), *quoting*, *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir.

2002), *quoting*, *Int'l Shoe Co. v. Washington*, 326 US 310, 316, 66 S.Ct. 154 (1945).

There are two forms of personal jurisdiction that a forum state may exercise over a

non-resident defendant: general jurisdiction and specific jurisdiction.

### A.    General Jurisdiction.

Where general jurisdiction exists, a defendant may be held to answer in a forum

for causes of action unrelated to the defendant's forum activities.  *Casentini v. Ninth*

*Judicial Dist. Court,* 110 Nev. 721, 726, 877 P.2d 535, 538 (1994).  In order to exercise

general Jurisdiction over a non-resident defendant, a defendant's contacts with the

forum state must be so substantial, continuous and systematic that the defendant can

be deemed to be present in the forum for all purposes.  *Id.*  There is no evidence and

none would be adduced at trial that will establish that the Individual Defendants'

contacts with the forum state are so substantial, continuous and systematic that they

can be deemed to be present in the forum for all purposes.

The Individual Defendants have no contacts with the State of Nevada.

Although they are officers and directors of American (which is incorporated under

Nevada law), American has no offices in Nevada and conducts no business in

Nevada.  Calerich Decl., ¶ 5. Under Nevada law, like that of other states, a

nonresident officer or director of a corporation does not fall under the personal

jurisdiction of the court, simply because of that director's or officer's status.

*Senanayake v. Rodli*, No. 3:08-CV-00210-BES-VPC, 2009 WL 2485832, at **3**-*4 (D.

Nev. Aug. 12, 2009) (finding no personal jurisdiction over director of Nevada

corporation where director was not a resident of Nevada and no showing was made that director conducted business in Nevada in an individual capacity, or conducted personal activities in Nevada; *Hoag v. Sweetwater Intern.,* 857 F. Supp. 1420, 1426-27 (D. Nev. 1994) ("Jurisdiction over an individual director or officer of a corporation may not be predicated on the court's jurisdiction over the corporation itself, unless the individual himself maintains contacts with the forum state that would subject him to the coverage of the state's long arm statute and comport with due process.").

Instead, as with any other defendant, the individual contacts of the director defendants must be examined to determine whether sufficient bases exist to impose personal jurisdiction. *See Senanayake*, 2009 WL 2485832, at *2-*3. Accordingly, the Court must evaluate each of the Individual Defendants' contacts with Nevada to determine whether Nevada could assert personal jurisdiction over that party.

Therefore, there is no basis to assert general jurisdiction over the Individual Defendants because they have no jurisdictional contacts with Nevada.

**B.     Specific Jurisdiction.**

Specific jurisdiction over the Individual Defendants may not be predicated on the court's jurisdiction over the corporation itself. *Hoag v. Sweetwater Intern.,* 857 F. Supp. 1420, 1426-27 (D. Nev. 1994). In addition, stock ownership in a Nevada corporation is insufficient to satisfy the minimum contacts requirement. *McCulloch Corp. v. O'Donnell*, 83 Nev. 396, 399, 433 P.2d 839, 841 (1967) (to find jurisdiction under Nevada's long arm statute based on mere ownership of stock would violate the principles of stockholder immunity); *MGM Grand, Inc. v. Eighth Judicial Dist. Court*, 107 Nev. 65, 68-69, 807 P.2d 201, 203 (1999) (foreign corporation's sole or majority stock ownership in a Nevada corporation insufficient to extend jurisdiction).

Jurisdiction over the individual will only be proper where the individual himself maintains contacts with the forum state that would subject him to the coverage of the state's long arm statute and comport with due process. *Id.* A state may exercise specific personal jurisdiction over a non-resident defendant only so long as three conditions are met. *See Casentini v. Ninth Judicial Dist. Court,* 110 Nev. 721, 726, 877 P.2d 535, 539 (1994). Minimum contacts, in the form of purposeful availment to the privilege of conducting activities within a State, must exist. *Casentini,* 110 Nev. at 726, 877 P.2d at 539 *citing, Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474, 105 S.Ct. 2174, 2183 (1985). Second, the cause of action must arise out of or be connected to the acts purposefully engaged in by the defendant in the forum state. *Casentini*, 110 Nev. at 727, 877 P.2d at 539 *citing*, *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415, 104 S.Ct. 1868, 1872 (1984). Third, the assertion of personal jurisdiction must comport with traditional notions of fair play and substantial justice. *Id. citing, Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476, 105 S.Ct. 2174, 2184. In determining the third condition, the reasonableness of exercising personal jurisdiction, the court weighs the burden on the defendant against "(I) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; (2) the forum state's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; and (4) the interest of the several states in furthering substantive social policies." *Id. citing, World-Wide Volkswagen Corp. v. Woodson.* 444 U.S. 286, 292, 100 S.Ct. 559, 564 (1980); *Trump*, 109 Nev. at 701, 857 P.2d at 749.

Plaintiff does not allege and cannot prove that the Individual Defendants have any personal minimum contacts with the state of Nevada. Therefore, the first condition

under Nevada's long arm statute is not satisfied and this Court must therefore find

there is no specific jurisdiction.

Secondly, the cause of action did not arise from acts engaged in by Individual

Defendants in Nevada. *See, Greenspan v. Del E. Webb*, 634 F.2d 1204, 1209 n.4

(9th Cir. 1980) (holding no jurisdiction over directors who did not even enter Nevada

and no jurisdiction over other directors whose limited contact with Nevada consisted of

only attending shareholder meetings at which they allegedly acted to divest and

mismanage corporate assets.)  The proposed merger which Plaintiff seeks to enjoin is

a transaction that has no contacts with Nevada.  The transaction was not negotiated in

Nevada, the transaction will not take place in Nevada and it does not involve any real

or personal property located in Nevada.  Nevada has no interest in adjudicating this

dispute.  Consequently, the second condition under Nevada's long arm statute is not

satisfied and this Court must therefore find there is no specific jurisdiction.

Even if the Court found the first two prongs of specific jurisdiction existed, the

Court would have to find that the exercise of personal jurisdiction over the Individual

Defendants was reasonable.  (1)  The assertion of personal jurisdiction over the

Individual Defendants in this case would not comport with traditional notions of fair

play and substantial justice.  It is in the interest of the interstate judicial system that this

case be brought in a court where the Individual Defendants are subject to the

jurisdiction of the court, such as Colorado, as that would be the jurisdiction where the

case could most efficiently be adjudicated.  (2)  Nevada's interest in adjudicating this

dispute is minimal given that none of the individual parties are residents of Nevada, no

actions giving rise to the Plaintiff's allegations took place or impacted Nevada and that

any interest that Nevada might have in providing redress to stockholders of a Nevada

corporation can be properly protected by a Colorado court applying Nevada law.  (3) Plaintiff's interest in obtaining convenient and effective relief is best served by an action in Colorado where all the Defendants are subject to the Court's jurisdiction and in a state where substantially all the relevant witnesses and documents are located. Furthermore, there is no prejudice to Plaintiff if this case were dismissed and subsequently refiled in Colorado.  (4)  No social policy of the several states is served by an exercise of jurisdiction over the Individual Defendants.

### Conclusion

Based on the forgoing, there is no basis whatsoever to assert personal jurisdiction over the Individual Defendants; and, therefore, Plaintiff's Complaint as to the Individual Defendants should be dismissed for lack of personal jurisdiction.

### **AFFIRMATION**
**Pursuant to NRS 239B.030**

The undersigned does hereby affirm that the preceding document does not

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

contain the social security number of any person.

DATED this _3_ day of September, 2010.

WOODBURN AND WEDGE

By: _____

W. Chris Wicker, NV Bar No. 1037
Michael W. Keane, NV Bar No. 7398

-and-

PHILIP M. SMITH
PATTON BOGGS
1185 Avenue of the Americas
30th Floor
New York, New York 10036

Attorneys for Defendants, Patrick D. O'Brien, Andrew P. Calerich, Joseph B. Feiten, Nick DeMare, Jon R. Whitney, C. Scott Hobbs, and American Oil & Gas Inc.

## CERTIFICATE OF MAILING

Pursuant to NRCP 5(b), I certify that I am an employee of Woodburn and Wedge and that on this date I deposited in the United States Mail, with postage prepaid, a true copy of the foregoing document in a sealed envelope addressed to:

LEVERTY & ASSOCIATES LAW CHTD.
Patrick R. Leverty
832 Willow Street
Reno, NV 89502

ROBBINS UMEDA LLP
Brian J. Robbins
Steven J. Oddo
Rebecca A. Peterson
Ashley R. Palmer
600 B Street, Suite 1900
San Diego, CA  92101

WILLIAM O'MARA LAW FIRM, P.C.
William O'Mara
David O'Mara
311 East Liberty Street
Reno, NV 89501

ROBBINS GELLER RUDMAN & DOWD LLP
Darren J. Robbins
Randall J. Baron
A. Rick Atwood, Jr.
David T. Wissbroecker
David A. Knotts
Eun Jin Lee
655 West Broadway, Suite 1900
San Diego, CA  92101-3301

KENDALL LAW GROUP
Joe Kendall
Scott Kendall
3232 McKinney Avenue, Suite 700
Dallas, TX   75204

/ / /

/ / /

/ / /

BALLARD SPAHR LLP
Abran Vigil
Robert C. Kim
100 North City Parkway, Suite 1750
Las Vegas, NV   89106-4617

DATED this __3rd__ day of September, 2010.

Tommie Kay Atkinson

**EXHIBITS**

| Exhibit No. | Description | No. of Pages |
|---|---|---|
| 1 | Declaration of Andrew P. Calerich in Support of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction | 3 |
| 2 | Declaration of Patrick D. O'Brien in Support of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction | 3 |
| 3 | Declaration of Joseph B. Feiten in Support of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction | 3 |
| 4 | Declaration of Nick DeMare in Support of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction | 3 |
| 5 | Declaration of Jon R. Whitney in Support of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction | 3 |
| 6 | Declaration of C. Scott Hobbs in Support of Defendants' Motion to Dismiss for Lack of Personal Jurisdiction | 3 |

# EXHIBIT 1

# EXHIBIT 1

W. CHRIS WICKER (State Bar No. 1037)
MICHAEL W. KEANE (State Bar No. 7398)
WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, NV 89511
Telephone: (775) 688-3000
Facsimile: (775) 688-3088
cwicker@woodburnandwedge.com
mkeane@woodburnandwedge.com

PHILIP M. SMITH
PATTON BOGGS LLP
1185 Avenue of the Americas
30th Floor
New York, New York 10036
Telephone: (646) 557-5145
Facsimile: (646) 557-5101
pmsmith@pattonboggs.com

*Attorneys for Defendants Patrick D. O'Brien,
Andrew P. Calerich, Joseph B. Feiten,
Nick DeMare, Jon R. Whitney, C. Scott Hobbs
and American Oil & Gas Inc.*

**IN THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA
IN AND FOR CARSON CITY**

| | |
|---|---|
| DAVID SPEIGHT, On Behalf of Himself And All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>PATRICK D. O'BRIEN, ANDREW P. CALERICH, JOSEPH B. FEITEN, NICK DeMARE, JON R. WHITNEY, C. SCOTT HOBBS, AMERICAN OIL & GAS INC., HESS CORPORATION, and HESS INVESTMENT CORP., )<br><br>Defendants. ) | Case No.  10 OC 00340 1B<br><br>Dept. No. II<br><br>**DECLARATION OF ANDREW P. CALERICH IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

I, ANDREW P. CALERICH, declare:

1.     I am the President of Defendant American Oil & Gas Inc. ("American Oil") and a named defendant in this action.

2.     I make this declaration in support of Defendants Patrick D. O'Brien, Andrew P. Calerich, Joseph B. Feiten, Jon R. Whitney, C. Scott Hobbs, and Nick DeMare's Motion to Dismiss for lack of personal jurisdiction.

3.     I have never been served personally with a copy of the summons and complaint in this action, and to my knowledge a copy of the summons and complaint in this action has never been left at my office or with any other authorized representative of me.

4.     I am a resident of the state of Colorado. I conduct my business affairs almost exclusively through an office located in Denver, Colorado.

5.     American Oil has no offices or material business interests in Nevada.

6.     I have never been a resident of the state of Nevada.

7.     I do not own or lease any real estate or other personal property located in Nevada.

8.     I have never transacted business in the state of Nevada in my individual capacity.

9.     I do not visit the state of Nevada regularly.

10.     I have no other connections of any kind with the state of Nevada that would result in the state of Nevada having personal jurisdiction over me.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Executed on September 1, 2010 in Denver, Colorado.

Andrew Calerich

# EXHIBIT 2

# EXHIBIT 2

W. CHRIS WICKER (State Bar No. 1037)
MICHAEL W. KEANE (State Bar No. 7398)
WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, NV 89511
Telephone: (775) 688-3000
Facsimile: (775) 688-3088
cwicker@woodburnandwedge.com
mkeane@woodburnandwedge.com

PHILIP M. SMITH
PATTON BOGGS LLP
1185 Avenue of the Americas
30th Floor
New York, New York 10036
Telephone: (646) 557-5145
Facsimile: (646) 557-5101
pmsmith@pattonboggs.com

*Attorneys for Defendants Patrick D. O'Brien,*
*Andrew P. Calerich, Joseph B. Feiten,*
*Nick DeMare, Jon R. Whitney, C. Scott Hobbs*
*and American Oil & Gas Inc.*

## IN THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA
## IN AND FOR CARSON CITY

| | | |
|---|---|---|
| DAVID SPEIGHT, On Behalf of Himself And All Others Similarly Situated, | ) ) ) | Case No. 10 OC 00340 1B |
| Plaintiff, | ) ) ) | Dept. No. II |
| vs. | ) ) ) ) ) | **DECLARATION OF PATRICK D. O'BRIEN IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |
| PATRICK D. O'BRIEN, ANDREW P. CALERICH, JOSEPH B. FEITEN, NICK DeMARE, JON R. WHITNEY, C. SCOTT HOBBS, AMERICAN OIL & GAS INC., HESS CORPORATION, and HESS INVESTMENT CORP., | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

I, PATRICK D. O'BRIEN, declare:

1.  I am the Chief Executive Officer and Chairman of the Board of Directors of Defendant American Oil & Gas Inc. ("American Oil") and a named defendant in this action.

2.  I make this declaration in support of Defendants Patrick D. O'Brien, Andrew P. Calerich, Joseph B. Feiten, Jon R. Whitney, C. Scott Hobbs, and Nick DeMare's Motion to Dismiss for lack of personal jurisdiction.

3.  I have never been served personally with a copy of the summons and complaint in this action, and to my knowledge a copy of the summons and complaint in this action has never been left at my office or with any other authorized representative of me.

4.  I am a resident of the state of Colorado.  I conduct my business affairs almost exclusively through an office located in Denver, Colorado.

5.  I have never been a resident of the state of Nevada.

6.  I do not own or lease any real estate or other personal property located in Nevada.

7.  I have never transacted business in the state of Nevada in my individual capacity.

8.  I do not visit the state of Nevada regularly.

9.  I have no other connections of any kind with the state of Nevada that would result in the state of Nevada having personal jurisdiction over me.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Executed on September 1, 2010 in Denver, Colorado.

Patrick D. O'Brien

# EXHIBIT 3

# EXHIBIT 3

W. CHRIS WICKER (State Bar No. 1037)
MICHAEL W. KEANE (State Bar No. 7398)
WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, NV 89511
Telephone: (775) 688-3000
Facsimile: (775) 688-3088
cwicker@woodburnandwedge.com
mkeane@woodburnandwedge.com

PHILIP M. SMITH
PATTON BOGGS LLP
1185 Avenue of the Americas
30th Floor
New York, New York 10036
Telephone: (646) 557-5145
Facsimile: (646) 557-5101
pmsmith@pattonboggs.com

*Attorneys for Defendants Patrick D. O'Brien,*
*Andrew P. Calerich, Joseph B. Feiten,*
*Nick DeMare, Jon R. Whitney, C. Scott Hobbs*
*and American Oil & Gas Inc.*

**IN THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA**
**IN AND FOR CARSON CITY**

| | |
|---|---|
| DAVID SPEIGHT, On Behalf of Himself And All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> PATRICK D. O'BRIEN, ANDREW P. CALERICH, JOSEPH B. FEITEN, NICK DeMARE, JON R. WHITNEY, C. SCOTT HOBBS, AMERICAN OIL & GAS INC., HESS CORPORATION, and HESS INVESTMENT CORP., <br><br> Defendants. | Case No.  10 OC 00340 1B <br><br> Dept. No. II <br><br> **DECLARATION OF JOSEPH B. FEITEN IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

I, JOSEPH B. FEITEN, declare:

1.      I am the Chief Financial Officer of Defendant American Oil & Gas Inc. ("American Oil") and a named defendant in this action.

2.      I make this declaration in support of Defendants Patrick D. O'Brien, Andrew P. Calerich, Joseph B. Feiten, Jon R. Whitney, C. Scott Hobbs, and Nick DeMare's Motion to Dismiss for lack of personal jurisdiction.

3.      I have never been served personally with a copy of the summons and complaint in this action, and to my knowledge a copy of the summons and complaint in this action has never been left at my office or with any other authorized representative of me.

4.      I am a resident of the state of Colorado.  I conduct my business affairs almost exclusively through an office located in Denver, Colorado.

5.      I have never been a resident of the state of Nevada.

6.      I do not own or lease any real estate or other personal property located in Nevada.

7.      I have never transacted business in the state of Nevada in my individual capacity.

8.      I do not visit the state of Nevada regularly.

9.      I have no other connections of any kind with the state of Nevada that would result in the state of Nevada having personal jurisdiction over me.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Executed on September 1, 2010 in Denver, Colorado.

Joseph B. Feiten

# EXHIBIT 4

# EXHIBIT 4

W. CHRIS WICKER (State Bar No. 1037)
MICHAEL W. KEANE (State Bar No. 7398)
WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, NV 89511
Telephone: (775) 688-3000
Facsimile: (775) 688-3088
cwicker@woodburnandwedge.com
mkeane@woodburnandwedge.com

PHILIP M. SMITH
PATTON BOGGS LLP
1185 Avenue of the Americas
30th Floor
New York, New York 10036
Telephone: (646) 557-5145
Facsimile: (646) 557-5101
pmsmith@pattonboggs.com

*Attorneys for Defendants Patrick D. O'Brien,
Andrew P. Calerich, Joseph B. Feiten,
Nick DeMare, Jon R. Whitney, C. Scott Hobbs
and American Oil & Gas Inc.*

**IN THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA
IN AND FOR CARSON CITY**

| | |
|---|---|
| DAVID SPEIGHT, On Behalf of Himself And All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>PATRICK D. O'BRIEN, ANDREW P. CALERICH, JOSEPH B. FEITEN, NICK DeMARE, JON R. WHITNEY, C. SCOTT HOBBS, AMERICAN OIL & GAS INC., HESS CORPORATION, and HESS INVESTMENT CORP., )<br><br>Defendants. )<br>—————————————— ) | Case No.  10 OC 00340 1B<br><br>Dept. No. II<br><br><br>**DECLARATION OF NICK DEMARE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

I, NICK DEMARE, declare:

1.　　I am a Director of Defendant American Oil & Gas Inc. ("American Oil") and a named defendant in this action.

2.　　I make this declaration in support of Defendants Patrick D. O'Brien, Andrew P. Calerich, Joseph B. Feiten, Jon R. Whitney, C. Scott Hobbs, and Nick DeMare's Motion to Dismiss for lack of personal jurisdiction.

3.　　I have never been served personally with a copy of the summons and complaint in this action, and to my knowledge a copy of the summons and complaint in this action has never been left at my office or with any other authorized representative of me.

4.　　I am a citizen of Canada and a resident of British Columbia.  I conduct my business affairs almost exclusively through an office located in Vancouver, British Columbia.

5.　　I have never been a resident of the state of Nevada.

6.　　I do not own or lease any real estate or other personal property located in Nevada.

7.　　I have never transacted business in the state of Nevada in my individual capacity.

8.　　I do not visit the state of Nevada regularly.

9.　　I have no other connections of any kind with the state of Nevada that would result in the state of Nevada having personal jurisdiction over me.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Executed on September 1, 2010 in Vancouver, British Columbia.

Nick DeMare

# EXHIBIT 5

# EXHIBIT 5

W. CHRIS WICKER (State Bar No. 1037)
MICHAEL W. KEANE (State Bar No. 7398)
WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, NV 89511
Telephone: (775) 688-3000
Facsimile: (775) 688-3088
cwicker@woodburnandwedge.com
mkeane@woodburnandwedge.com

PHILIP M. SMITH
PATTON BOGGS LLP
1185 Avenue of the Americas
30th Floor
New York, New York 10036
Telephone: (646) 557-5145
Facsimile: (646) 557-5101
pmsmith@pattonboggs.com

*Attorneys for Defendants Patrick D. O'Brien,*
*Andrew P. Calerich, Joseph B. Feiten,*
*Nick DeMare, Jon R. Whitney, C. Scott Hobbs*
*and American Oil & Gas Inc.*

### IN THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA IN AND FOR CARSON CITY

| | |
|---|---|
| DAVID SPEIGHT, On Behalf of Himself And All Others Similarly Situated, ) ) ) Plaintiff, ) ) ) vs. ) ) ) PATRICK D. O'BRIEN, ANDREW P. ) CALERICH, JOSEPH B. FEITEN, NICK ) DeMARE, JON R. WHITNEY, C. SCOTT ) HOBBS, AMERICAN OIL & GAS INC., ) HESS CORPORATION, and HESS ) INVESTMENT CORP., ) ) Defendants. ) | Case No. 10 OC 00340 1B  Dept. No. II  **DECLARATION OF JON R. WHITNEY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

I, JON R. WHITNEY, declare:

1.      I am a Director of Defendant American Oil & Gas Inc. ("American Oil") and a named defendant in this action.

2.      I make this declaration in support of Defendants Patrick D. O'Brien, Andrew P. Calerich, Joseph B. Feiten, Jon R. Whitney, C. Scott Hobbs, and Nick DeMare's Motion to Dismiss for lack of personal jurisdiction.

3.      I have never been served personally with a copy of the summons and complaint in this action, and to my knowledge a copy of the summons and complaint in this action has never been left at my office or with any other authorized representative of me.

4.      I am a resident of the state of Colorado.  I conduct my business affairs almost exclusively through an office located in Colorado Springs, Colorado.

5.      I have never been a resident of the state of Nevada.

6.      I do not own or lease any real estate or other personal property located in Nevada.

7.      I have never transacted business in the state of Nevada in my individual capacity.

8.      I do not visit the state of Nevada regularly.

9.      I have no other connections of any kind with the state of Nevada that would result in the state of Nevada having personal jurisdiction over me.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Executed on September 1, 2010 in Colorado Springs, Colorado.

Jon R. Whitney
_____
Jon R. Whitney

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

Executed on September 1, 2010 in Colorado Springs, Colorado.

C. Scott Hobbs