# EXHIBIT D

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

W. CHRIS WICKER (State Bar No. 1037)
MICHAEL W. KEANE (State Bar No. 7398)
WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, NV  89511
Telephone: (775) 688-3000
Facsimile: (775) 688-3088
cwicker@woodburnandwedge.com
mkeane@woodburnandwedge.com

Attorneys for Defendant
American Oil & Gas Inc.

[Additional counsel on signature page]

REC'D & FILED

2010 SEP -3  PM 4: 44

ALAN GLOVER

BY _____ CLERK

DEPUTY

## IN THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

## IN AND FOR CARSON CITY

DAVID SPEIGHT, On Behalf of Himself
And All Others Similarly Situated,

           Plaintiff,

    vs.

PATRICK D. O'BRIEN, ANDREW P.
CALERICH, JOSEPH B. FEITEN, NICK
DeMARE, JON R. WHITNEY, C. SCOTT
HOBBS, AMERICAN OIL & GAS INC.,
HESS CORPORATION, and HESS
INVESTMENT CORP.,

           Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.  10 OC 00340 1B

Dept. No. II

**MOTION TO DISMISS
FORUM NON CONVENIENS**

      American Oil & Gas Inc. ("American"), Hess Corporation ("Hess") and Hess

Investment Corp., Defendants in this action ("Defendants"), by and through their

attorneys, hereby move the Court for an order changing the place of trial and dismissing

this action pursuant to the doctrine of *forum non conveniens,* or, in the alternative, staying

the action in favor of the identical, consolidated cases filed in the United States District Court for the District of Colorado (the "District of Colorado").  The following Memorandum Of Points And Authorities supports this motion.

### MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Co-Defendants request an Order dismissing this case pursuant to the doctrine of *forum non conveniens* because the action should more justly and conveniently be tried in Colorado.  Seven identical actions have been filed in, and four more identical actions soon should be transferred to, Colorado. Plaintiff's counsel here has also filed in Colorado, and Plaintiff, a citizen of New Zealand, has no contacts whatsoever with Nevada.  Moreover, unlike in Colorado, this Court has no jurisdiction over the main defendants, necessary parties to the case.  The *forum non conveniens* factors weigh overwhelmingly in favor of dismissal of this action in favor of the District of Colorado.

First, Patrick D. O'Brien, Andrew P. Calerich, Joseph B. Feiten, Nick DeMare, Jon R. Whitney, C. Scott Hobbs (together the "Individual Defendants") have no contacts with Nevada and are separately moving to dismiss this action for lack of personal jurisdiction.  This action plainly cannot go forward without these necessary parties as the central claims here are purported breaches of fiduciary duties by the Individual Defendants in approving the proposed merger between Hess and American.

Second, all Defendants are already party to multiple, identical lawsuits pending in the District of Colorado, where the Court has personal jurisdiction over all of the parties.  The claims pending before the District of Colorado are identical, challenge the same proposed merger between American and Hess, allege the same facts and causes of action,

2

1    against the same Defendants, on behalf of the same putative class of American

2    stockholders, and seek the same relief.

3

4         <u>Third</u>, the District of Colorado is the most appropriate forum for resolution of this

5    dispute.  Denver, Colorado is not only American's principal place of business, but also

6    the city of residence for all but one of the Individual Defendants, and the location of the

7    majority of potentially relevant documents and third-party witnesses.  By contrast, no

8    party, witness or documents are located in Nevada, and there are no factual connections

9    between the Plaintiff's allegations and Nevada.  The only tenuous connection to Nevada

10    is that American, a party which has been improperly joined in this action, is incorporated

11    under Nevada law.

12

13         <u>Fourth</u>, Plaintiff is a citizen of New Zealand and on information and belief has no

14    contacts with Nevada.  Thus, he has no interest in litigating in this Court as opposed to

15    the District of Colorado.  It is well established that a lesser showing is required for a

16    *forum non conveniens* dismissal where the Plaintiff is foreign, and here the reasons for

17    dismissal are overwhelming.  Indeed, presumably this New Zealand Plaintiff did not

18    choose to litigate in Nevada.  Plaintiff's counsel, and the lead counsel who is also out-of-

19    state, chose this forum, and at the same time commenced identical, copy-cat actions in

20    Colorado courts.  The only reason to file identical lawsuits in multiple jurisdictions is to

21    increase Plaintiff's counsel's leverage among the Plaintiffs' bar in eventually seeking a

22    fee application, and that is no basis for splitting claims and maintaining the copycat case

23    in an inconvenient forum.

24

25         <u>Fifth</u>, the parties and the Courts should not be forced to incur the waste, burden,

26    expense, and the risk of inconsistent adjudications, by litigating multiple, identical cases

27    in multiple jurisdictions in a race to judgment.  All of the parties have agreed that a

28

challenge to the proposed merger should be determined in one forum, and the District of Colorado is the appropriate forum.

## I.    BACKGROUND

On July 27, 2010, Defendants Hess and American announced their intention to merge (the "Proposed Merger"), subject to, among other conditions, the requirement that a majority of American's stockholders vote to approve the Proposed Merger. In doing so, they set off a predictable race to the courthouse by the stockholder plaintiffs' bar. As one court observed, a merger almost invariably "draws shareholder litigation within days of its announcement. An unseemly filing Olympiad typically ensues, with the view that speedy filing establishes a better seat at the table for the plaintiffs' firms involved." *In re Topps Co. S'holders Litig.*, 924 A.2d 951, 957 (Del. Ch. 2007). To date, fifteen complaints have been filed in federal court in Denver, Colorado, in Colorado state court, and in Nevada state court — with eleven of the fifteen complaints either filed in, or subject to motions to transfer to, Colorado.[1]

The fifteen complaints allege the same breach of fiduciary duty and aiding and abetting breach of fiduciary duty claims against the same parties in connection with the same Proposed Merger. Each action seeks class status for the same putative class of American stockholders against identical Defendants and seek the same relief.

### A.    The Vast Majority Of Lawsuits Are Being Consolidated In The District Of Colorado

Eleven of the fifteen filed cases are set up to proceed in Colorado. The four cases filed in the District of Colorado are subject to a motion to consolidate and appoint lead

---

[1]    Four actions were filed in the District of Colorado, and an additional four actions are subject to a motion to transfer to such forum. An additional three actions were filed in Colorado state court.

4

plaintiff's counsel filed August 20, 2010 by the plaintiffs therein.  In addition, Defendants removed four of the actions originally filed in Nevada State Court[2] to Nevada Federal Court by Notices of Removal, dated August 19, 2010, August 20, 2010 and August 31, 2010.[3]  On August 26, 2010, Defendants filed a Motion to Consolidate three of the Nevada Federal Cases and a Motion to Transfer those cases to the District of Colorado for consolidation.

In addition, the same Plaintiffs' counsel have been actively litigating in the District of Colorado, while simultaneously pursuing the same claims here.  The law firm of Robbins Geller Rudman & Dowd, LLP is counsel for Plaintiff *Cobb* in the Colorado federal action and is also counsel for plaintiff in *Buckman* v. *Am. Oil & Gas, Inc., et al.*[4] The related Plaintiffs' firms of Robbins Umeda, LLP, counsel for *Speight,* and Robbins, Geller, Rudman & Dowd, LLP are also cooperating and litigating in this case in Nevada state court and in Colorado federal court.  These firms filed a motion to consolidate this case with another Nevada state court case and for appointment as co-lead counsel in Nevada state court while simultaneously pursuing a case in the District of Colorado.[5]

---

[2]      The removed actions were *Smitherman v. O'Brien, et al.*, No. 3:10-CV-00519-ECR-RAM (D. Nev.), *Luvara v. Am. Oil & Gas, Inc., et al.*, No. 3:10-CV-00514 (D. Nev.), *Buckman v. Am. Oil & Gas, Inc., et al.*, No. 3:10-CV-00513 (D. Nev.) and *Kane, et al. v. American Oil & Gas, Inc., et al.*, Case No. 2:10-CV-01489-JCM-CRL (D. Nev.) (collectively the "Nevada Federal Cases").

[3]      Defendants initially filed a Notice of Removal for this case.  The parties stipulated to remand, however, because the Plaintiff is a resident of a foreign country and one of the individual Defendants, Mr. Nick DeMare, is a resident of Canada.

[4]      *See Cobb v. Am. Oil & Gas, Inc., et al.*, No. 1:10-CV-01822-PAB (D. Colo.).

[5]      On August 13, 2010, the Plaintiffs in another Nevada state court case moved to have this case consolidated and to have Robbins, Geller, Rudman & Dowd, LLP and Robins Umeda, LLP appointed as co-lead counsel for these Nevada state court cases. (*See Buckman, et al v. American Oil & Gas, Inc., et al.*, Case No. 10-OC-00322-1B (Nev. 1st Jud. Dist., Carson City), Plaintiffs' Motion For Consolidation of Related Actions And Appointment Of Co-Lead Counsel; And Memorandum Of Points And Authorities Submitted In Support Thereof, dated 8/13/10).  Thus, the *Speight* case in Nevada state court is plainly controlled by Plaintiffs' counsel who is

5

Indeed, these same related Plaintiffs' firms advised that they did not oppose the motion to consolidate the four Colorado federal court cases and that they plan to move for appointment as co-lead counsel in the four Colorado federal court cases. Thus, Plaintiff's counsel themselves seek to litigate the identical case in Colorado. Counsel can identify no legitimate basis for forcing multiple courts and parties to litigate the same case.

**B.    All Parties Concede That This Dispute Should Proceed Before One Forum**

Prior to the removal of the *Buckman* and *Luvara* actions, Plaintiff's counsel Mr. O'Mara moved to consolidate those two cases with this action. In doing so, he conceded that:

- These actions "*involve identical questions of fact and law.*"

- "[M]aintaining the [cases] as separate actions will *inevitably result in the waste of judicial resources and create administrative confusion . . . .*"

- "[T]he *risk of inconsistent rulings* in this instance *is particularly compelling . . .*"

- The *consolidation* of the cases would "*facilitate the administration of justice and promote judicial economy without any foreseeable prejudice.*"[6]

Plaintiffs' arguments to consolidate the merger related litigation also support a dismissal of this case on the basis of *forum non conveniens* so that all of the lawsuits can be consolidated before the District of Colorado, the most appropriate forum.

/ / /

---

simultaneously pursuing an identical case currently proceeding in Colorado federal court in the *Cobb* action. *See Cobb, et al. v. American Oil & Gas, Inc., et al.*, Case No. 1:10-CV01822-PAB (D. Colo.) (Robbins, Geller, Rudman & Dowd, LLP represents Plaintiffs in this case currently pending in Colorado federal court).

[6]    *See* Plaintiff's Motion For Consolidation Of Related Actions And Appointment of Co-Lead Counsel; And Memorandum Of Points And Authorities In Support Thereof at 10, *Buckman v. Am. Oil & Gas, Inc., et al.*, No. 10-OC-00322 1B (1st Jud. Dist., Carson City) ("Plaintiffs' Consolidation Motion") (emphasis added). Defendants have not burdened the Court by attaching this prior state court filing by Plaintiffs but, of course, a copy of the motion can be supplied if the Court desires.

/ / /

## II.    ARGUMENT

### A.    The *Forum Non Conveniens* Standards All Support Dismissal

"A district court has discretion to decline to exercise jurisdiction in a case where litigation in a foreign forum would be more convenient for the parties." *Lueck v. Sunstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001); *see also* 20 Am. Jur. 2d Courts §115 (2009); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981) (*forum non conveniens* dismissal required where chosen forum less convenient than alternative jurisdiction where large proportion of relevant witnesses and documents were located); *Eaton v. Second Judicial Dist. Court*, 616 P.2d 400, 401, 96 Nev. 773, 775 (1980) (finding court should consider whether failure to apply *forum non conveniens* doctrine would subject defendant to harassment, oppression, vexatiousness or inconvenience). And where, as here, Plaintiff is a foreign citizen (New Zealand), "less showing is required to obtain a forum non conveniens dismissal." *Van Schijndel v. Boeing Co.*, 434 F. Supp. 2d 766, 774 (C.D. Cal. 2006). "[I]f the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper." *Lockman Found. v. Evangelical Alliance Mission,* 930 F.2d 764, 767 (9th Cir. 1991).

In considering whether to dismiss an action on *forum non conveniens* grounds, "the court must examine: (1) whether an adequate alternative forum exists,[7] and (2) whether the balance of private and public factors favors dismissal." *Lueck*, 236 F.3d at 1142. Private interest factors include "ease of access to sources of proof, compulsory

---

[7]    The Supreme Court has held that an alternative forum ordinarily exists when the defendant is amenable to service of process in the alternative forum. *Piper*, 454 U.S. at 254, n. 22; *Contact Lumber Co.*, 918 F.2d at 1449.

process to obtain the attendance of hostile witnesses, the cost of transporting willing witnesses, and other problems that interfere with an expeditious trial." *Contact Lumber Co. v. P.T. Moges Shipping Co.*, 918 F.2d 1446, 1451 (9th Cir. 1990). Public interest factors include the local interest of the lawsuit, the court's familiarity with governing law, burden on local courts and juries, and the cost of resolving a dispute unrelated to this forum. *Lueck*, 236 F.3d at 1147. Finally, the court must consider the public interest factor of fairness when deciding whether to decline jurisdiction on *forum non conveniens* grounds. 20 Am. Jur. 2d Courts § 123 (West's 2009).

As discussed below, all of the *forum non conveniens* factors weigh heavily in favor of dismissing this action and changing the place of trial in favor of the District of Colorado, where the majority of lawsuits challenging the Proposed Merger can be determined before a single forum in a consolidated fashion.

**B.     This Court Lacks Jurisdiction Over Necessary Parties**

All of the Individual Defendants have separately moved to dismiss this action for lack of personal jurisdiction by this Court over such individuals. The Individual Defendants are all necessary parties as the central claim in the dispute is the purported breach of fiduciary duties by the Individual Defendants in approving the Proposed Merger.[8] Accordingly, this action plainly cannot go forward here. In contrast, each of the Individual Defendants is a party to the pending District of Colorado cases, which has jurisdiction over them.

/ / /

---

[8]     FLETCHER CYCLOPEDIA OF THE LAW OF CORPORATIONS, § 5996 (directors are necessary defendants where they are subject to potential liability); *see also Wood v. Santa Barbara Chamber of Commerce, Inc.*, 507 F. Supp. 1128, 1143-44 (D. Nev. 1980) (dismissing claims because court lacked personal jurisdiction over certain indispensable defendants); *Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.*, 276 F.3d 1150, 1161-63 (9th Cir. 2002) (same).

## C.    The Locus Of The Dispute, The Parties And The Evidence Is In Colorado

The appropriate forum for resolution of the challenge to the Proposed Merger is Colorado, not Nevada. Nevada is an inconvenient forum since none of the parties are located in Nevada, and no party has entered into or transacted business in Nevada relating to the allegations in this case. Rather, the overwhelming majority of the parties, potential witnesses, and documents are located in Denver, Colorado. *See Van Schijndel*, 263 F. App'x at 557 (affirming district court's dismissal based *forum non conveniens* where important witnesses and evidence located in alternative forum); *Payne v. Eighth Judicial Dist. Court In & For Clark Cnty.*, 626 P.2d 1278, 1279, 97 Nev. 228, 229 (1981) (declining to vacate district court's decision to dismiss case based on *forum non conveniens* where "all evidence" and "number of significant witnesses" located in Wyoming); *Hansen v. Owens-Corning*, 59 Cal. Rptr.2d 229, 232-33 (Cal. Sup. Ct. 1996) (affirming dismissal based on *forum non conveniens* grounds as most potential witnesses resided in Montana, not California).

American's corporate headquarters are located in Denver, Colorado. *See* Calerich Declaration in Support of Motion to Dismiss Forum Non Conveniens, ¶ 3 (attached as Exhibit 1 ("Calerich Decl.")). While American is incorporated in Nevada, it has no offices or material business interests in Nevada. Calerich Decl., ¶ 11.

All but one of the American Directors, each named as individual defendants herein, live and work in and around Denver, Colorado. Calerich Decl., ¶ 4. Individual Defendant, Joseph B. Feiten, American's Chief Financial Officer, also lives and works in the Denver, Colorado area. Calerich Decl., ¶ 6. The only Individual Defendant who does

9

not reside in Colorado is Mr. Nick DeMare, who is a citizen of Canada and resides in
Vancouver, British Columbia. Calerich Decl., ¶ 5.

Most of the documents that are potentially relevant to this case are located in the
corporate offices of American in Denver, Colorado. Calerich Decl., ¶7. None of the
material American witnesses that will likely be called to testify in this case reside in
Nevada. Calerich Decl., ¶¶ 8-10. American Oil's financial advisers, Tudor Pickering
Holt & Co. ("Tudor Pickering"), have offices in Denver, Colorado and Houston, Texas.
The key Tudor Pickering professionals who may be called to testify have no connection
with Nevada. Calerich Decl., ¶ 8. Any likely witnesses from American's public auditor,
Hein & Associates, are based in Denver, Colorado, not Nevada. Calerich Decl., ¶ 9. In
addition, American's key consultant at petroleum engineering firm Ryder Scott
Company, L.P. is also based in Denver. Calerich Decl., ¶ 10.

With respect to the Hess Defendants, they are incorporated in Delaware and their
corporate headquarters are in New York. *See* Barry Declaration in Support of Motion to
Dismiss Forum Non Conveniens, ¶¶ 4-5 (attached as Exhibit 2 ("Barry Decl.")). No
potentially relevant Hess witnesses live or work in Nevada and no potentially relevant
Hess documents are located in Nevada. Barry Decl., ¶¶ 6-7.

The availability of compulsory process for unwilling witnesses is made much
more difficult and costly for out of state witnesses and, under some circumstances,
compelling attendance of an unwilling witness may not be feasible. In addition, given
that most all the witnesses and documents relevant to this case are located in Colorado,
there would be an unreasonable and avoidable cost to bring the case to Nevada —
especially while Defendants are forced to litigate identical cases in Colorado — by the
same plaintiffs' counsel.

10

D.     **The Foreign Plaintiff's Choice Is Entitled to Little Deference**

The foreign Plaintiff, likewise, has no connection with Nevada, and instead is a citizen and resident of New Zealand. Plainly, this single New Zealand-based stockholder did not choose this forum, and has no interest in proceeding in Nevada rather than Colorado. Rather, his counsel chose to split the identical claims, on behalf of the identical putative class, against the identical defendants.[9] It is well established that a foreign plaintiff's choice of forum "deserves less deference" since the chosen forum is not necessarily convenient. *Piper*, 454 U.S. at 255-56 ("[the] ordinarily [] strong presumption in favor of the plaintiff's choice of forum . . . applies with less force when the plaintiff or real parties in interest are foreign."); *Van Schijndel*, 434 F. Supp. 2d at 774 (finding "less showing is required to obtain a forum non conveniens dismissal" for a foreign plaintiff).

This is so because the deference given is based on an assessment of the ultimate convenience of the forum. As stated by the Unites States Supreme Court, "[w]hen the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable. Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference." *Piper*, 454 U.S. at 256. Here, Speight, a New Zealand resident, should be granted little deference for his counsel's decision to file in the Nevada forum.

---

[9]     The Nevada Supreme Court has found that a plaintiff is not permitted to split his claims into different cases in different courts because "[i]t would be contrary to fundamental judicial procedure to permit two actions to remain pending between the same parties upon the identical cause." *Brewer v. Nevada*, No. 52320, 2009 WL 1492228, at *2 (Nev. Feb. 4, 2009); *see also Feminist Women's Health Ctr. v. Codispoti*, 63 F.3d 863, 869 (9th Cir. 1995) (noting that claims splitting is prohibited "primarily [ ] to conserve judicial resources.") It is no more permissible for Plaintiffs' counsel to waste judicial resources here by filing the same claims in different courts in their pursuit of fees.

11

### E.   Lawsuits Challenging The Proposed Merger Are Being Consolidated In Colorado

The District of Colorado is not just the most appropriate forum, it is a plainly available forum where the majority of lawsuits challenging the Proposed Merger are being consolidated.  Four identical putative class actions are already pending in the District of Colorado, and an additional four federal Nevada cases are subject to a motion to transfer to the District of Colorado for consolidation. *See Lueck v. Sunstrand Corp.*, 236 F.3d 1137, 1142 (9th Cir. 2001) (finding that related proceeding with significant number of same witnesses and same evidence in alternative forum weighed in favor of dismissal); *Gemini Capital Grp., Inc. v. Yap Fishing Corp.*, 150 F.3d 1088, 1094 (9th Cir. 1998) (affirming district court's conclusion that the existence of second action already being litigated on same issues was "significant to the analysis of the public interest factors" and "relevant to any analysis of the interest in avoiding a multiplicity of actions.")

The District of Colorado cases are identical in every respect to the action pending here, with identical complaints challenging the same Proposed Merger, alleging the same facts and causes of action, against the same Defendants, on behalf of the same putative class of American stockholders, and seeking the same relief.[10]

In addition, as discussed above, Plaintiff concedes that consolidation is necessary; indeed, they have moved and advocated for consolidation.  Thus, Plaintiff's own

---

[10]   Not only is Colorado an appropriate forum, but the District of Colorado cases are further advanced procedurally than the cases before this Court.  As discussed above, a motion to consolidate the District of Colorado cases, and appoint lead plaintiffs' counsel, was previously filed on August 20, 2010.  The District of Colorado issued various orders weeks ago setting dates for Scheduling Conferences, meet and confer requirements relating to Rule 26(a)(1) issues, and submission of joint proposed scheduling and planning orders, and the parties stipulated to a schedule for an amended complaint and a responsive briefing schedule. *See*, Orders and Stipulation, attached collectively hereto as Exhibit 3.

arguments demonstrate that the cases should be litigated in one court.  Colorado is the appropriate forum because, among the other reasons, Plaintiff's own counsel has filed there.

**F.     The Public Interest Supports *Forum Non Conveniens* Dismissal**

The public interest of fairness overwhelmingly favors granting the motion to dismiss.  There is no possible justification to submit the parties and the Courts to the waste, burden, expense, administrative confusion, and risk of varying adjudications by engaging in a rush to judgment across multiple jurisdictions, for no other reason other than a race among the Plaintiffs' bar to seek a fee application.

The $450 million plus Proposed Merger between Hess and American, and the fundamental right of American's stockholders to vote on this strategic corporate event, should be decided in an orderly fashion before a single forum.  Indeed, in prior motions to consolidate, Plaintiffs have conceded that the reasons for consolidating the merger related litigation is "compelling," would "facilitate the administration of justice and promote judicial economy without any foreseeable prejudice," and a contrary result would "inevitably result in the waste of judicial resources and create administrative confusion," and "the risk of inconsistent rulings."  The same arguments for consolidation support *forum non conveniens* dismissal here.

In addition, the public interest of the state of Nevada is best served by dismissal of this action.  It would be unfair to burden Nevada's courts when the link between Nevada and the events in question is effectively non-existent.  Plaintiff is a non-resident of Nevada, there are no Defendants that reside or do any business in Nevada, and there is no allegation that any connection exists between Nevada and the damages allegedly suffered by Plaintiff.  Although Plaintiff named American (incorporated under Nevada law) as a

13

party, the breach of fiduciary duty claim cannot succeed against the corporation and will ultimately be dismissed.  Under Nevada law, a plaintiff "cannot allege that the corporation owed him a fiduciary duty"since"it is the officers and directors who owe the fiduciary duty to the shareholders, as the corporation cannot act on its own." *Brignand v. Van Wagoner Funds, Inc.*, No. 3:07-CV-242-ECR-VPC, 2009 WL 2175623, at *6 (D. Nev. July 16, 2009) (applying Nevada state law to dismiss breach of fiduciary duty claim against corporate defendant).  Therefore, American Oil cannot be liable on any theory propounded by Plaintiff.  Plaintiff should not be permitted to manufacture jurisdiction in Nevada in this manner.[11]  Certainly it does not benefit a Nevada corporation to be subjected to duplicative litigation, split by, among others, the same plaintiff's counsel, for a non-US client, simply because it pays taxes here.

**G.    In The Alternative, This Action Should Be Stayed In Favor Of The District of Colorado Cases**

In the alternative, at minimum the action should be stayed pending the outcome of the more advanced, more convenient cases pending in the District of Colorado.  All parties agree that Defendants would be highly prejudiced by the cost, waste and inconvenience of defending cases in multiple jurisdictions, and would needlessly face the very real risk of inconsistent rulings. By contrast, Plaintiff will not be prejudiced by a stay.  Plaintiff can join in the Colorado actions, which of course would not be opposed by Defendants, and, in any event, would be a putative class member of the exact same class of American stockholders.  Indeed, in communications with Defendants' counsel,

---

[11]    In addition, the *forum non conveniens* analysis is not limited to a single determinative factor. *Eaton v. Second Judicial Dist. Court*, 616 P.2d at 401.  Thus, the incorporation of American under Nevada law cannot outweigh that Nevada has no connection to the underlying factual allegations, none of the parties, witnesses or documents are located in Nevada, and the foreign Plaintiff has no interest in Nevada as a forum. Upon the dismissal of this action, Plaintiff may properly bring suit in Colorado without any prejudice to Plaintiff's claims against Defendants.

14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff's counsel stated that they would be willing to proceed in the District of Colorado if they were appointed Lead Plaintiffs' Counsel. The appointment of Lead Plaintiffs' Counsel in the District of Colorado is a matter for such Court. Plaintiff's counsel's self-interested motives, however, provide no justification for forcing the parties and the Courts to engage in duplicative, simultaneous litigation of the same claims in an inconvenient forum.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to dismiss for *forum non conveniens* or, in the alternative, for a stay, because the governing factors weigh heavily in favor of the District of Colorado as the appropriate forum for the case.

### AFFIRMATION
### Pursuant to NRS 239B.030

The undersigned does hereby affirm that the preceding document does not contain the

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

15

1  social security number of any person.

2      DATED this 3rd day of September, 2010.

3                                    WOODBURN AND WEDGE

4

5                                    By:

6                                    W. Chris Wicker, NV Bar No. 1037

7                                    Michael W. Keane, NV Bar No. 7398

8                                        -and-

9                                    PHILIP M. SMITH

10                                   PATTON BOGGS
                                     1185 Avenue of the Americas
11                                   30th Floor
                                     New York, New York 10036
12

13                                   Attorneys for Defendants, Patrick D.
                                     O'Brien, Andrew P. Calerich, Joseph B.
14                                   Feiten, Nick DeMare, Jon R. Whitney, C.
                                     Scott Hobbs, and American Oil & Gas Inc.
15                                   BALLARD SPAHR LLP

16

17                                   By:

18                                   Abran E. Vigil, NV Bar No. 7548
                                     BALLARD SPAHR LLP
19                                   100 North City Parkway, Suite 1750
                                     Las Vegas, Nevada 89106-4617

20                                       -and-

21                                   WHITE & CASE LLP

22                                   Glenn M. Kurtz
                                     Robert E. Tiedemann
23                                   Claudine Columbres
                                     1155 Avenue of the Americas
24                                   New York, New York  10036-2787
                                     Attorneys for Defendants Hess Corporation and
25                                   Hess Investment Corp.

26

27

28
                                              16

**CERTIFICATE OF MAILING**

Pursuant to NRCP 5(b), I certify that I am an employee of Woodburn and Wedge and that on this date I deposited in the United States Mail, with postage prepaid, a true copy of the foregoing document in a sealed envelope addressed to:

LEVERTY & ASSOCIATES LAW CHTD.
Patrick R. Leverty
832 Willow Street
Reno, NV 89502

ROBBINS UMEDA LLP
Brian J. Robbins
Steven J. Oddo
Rebecca A. Peterson
Ashley R. Palmer
600 B Street, Suite 1900
SanDiego, CA  92101

WILLIAM O'MARA LAW FIRM, P.C.
William O'Mara
David O'Mara
311 East Liberty Street
Reno, NV 89501

ROBBINS GELLER RUDMAN & DOWD LLP
Darren J. Robbins
Randall J. Baron
A. Rick Atwood, Jr.
David T. Wissbroecker
David A. Knotts
Eun Jin Lee
655 West Broadway, Suite 1900
San Diego, CA  92101-3301

KENDALL LAW GROUP
Joe Kendall
Scott Kendall
3232 McKinney Avenue, Suite 700
Dallas, TX  75204

/ / /

/ / /

17

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BALLARD SPAHR LLP
Abran Vigil
Robert C. Kim
100 North City Parkway, Suite 1750
Las Vegas, NV   89106-4617

DATED this 3rd of September, 2010

Tommie Kay Atkinson

1

**EXHIBITS**

2

| Exhibit No. | Description | No. of Pages |
|---|---|---|
| 1 | Declaration of Andrew Calerich in Support of Defendants' Motion to Dismiss Forum Non Conveniens | 3 |
| 2 | Declaration of George Barry in Support of Motion to Dismiss Forum Non Conveniens | 2 |
| 3 | Orders and Stipulation from Colorado Cases | 17 |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

# EXHIBIT 1

W. CHRIS WICKER (State Bar No. 1037)
MICHAEL W. KEANE (State Bar No. 7398)
WOODBURN AND WEDGE
6100 Neil Road, Suite 500
Reno, NV 89511
Telephone: (775) 688-3000
Facsimile: (775) 688-3088
cwicker@woodburnandwedge.com
mkeane@woodburnandwedge.com

PHILIP M. SMITH
PATTON BOGGS
1185 Avenue of the Americas
30th Floor
New York, New York 10036
Telephone: (646) 557-5145
Facsimile: (646) 557-5101
pmsmith@pattonboggs.com

*Attorneys for Defendants Patrick D. O'Brien,*
*Andrew P. Calerich, Joseph B. Feiten,*
*Nick DeMare, Jon R. Whitney, C. Scott Hobbs*
*and American Oil & Gas Inc.*

### IN THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA
### IN AND FOR CARSON CITY

| | | |
|---|---|---|
| DAVID SPEIGHT, On Behalf of Himself And All Others Similarly Situated, | ) ) ) | Case No.  10 OC 00340 1B |
| Plaintiff, | ) ) ) | Dept. No. II |
| vs. | ) ) ) ) | **DECLARATION OF ANDREW CALERICH IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FORUM NON CONVENIENS** |
| PATRICK D. O'BRIEN, ANDREW P. CALERICH, JOSEPH B. FEITEN, NICK DeMARE, JON R. WHITNEY, C. SCOTT HOBBS, AMERICAN OIL & GAS INC., HESS CORPORATION, and HESS INVESTMENT CORP., | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

I, ANDREW CALERICH, declare:

1.    I am the President of Defendant American Oil & Gas Inc. ("American Oil") and a named defendant in these actions.

2.    I make this declaration in support of Defendants Patrick D. O'Brien, Andrew P. Calerich, Joseph B. Feiten, Jon R. Whitney, Nick DeMare, C. Scott Hobbs, and American Oil's Motion to Dismiss on the grounds of forum non conveniens.

3.    American Oil's corporate headquarters are located at 1050 17th Street, Suite 2400, Denver, CO 80265.

4.    I and defendants/directors Patrick D. O'Brien, Jon R. Whitney, C. Scott Hobbs all live and work in the Denver area.

5.    Defendant/director Nick DeMare is a Canadian citizen and resides in Vancouver, British Columbia.

6.    Defendant Joseph B. Feiten is American Oil's Chief Financial Officer and lives and works in the Denver area.

7.    Most of the potentially relevant documents are located at American Oil's corporate headquarters in Denver, Colorado.

8.    American Oil's financial advisors are Tudor Pickering Holt & Co. ("Tudor Pickering"), which has offices in Denver and Houston, Texas.  I am advised that the lead professionals at Tudor Pickering may be witnesses that have relevant facts relating to the claims in this action.  American Oil's point person at Tudor Pickering is Ward Polzin, Managing Director and head of the acquisitions and divestiture practice at Tudor Pickering and lives and

works in the Denver area.  The other key members of the Tudor Pickering team include Lance

Gilliland (head of mergers and acquisitions) and Chad Michael (director of investment banking)

who are based in Houston, Texas.

9.      Our public auditor is Hein & Associates, and the engagement partners James

Brendel and William Yeates, concurring partner Keith Tunnell, and audit engagement manager

Susie Kuntz, are all based in Denver.

10.     Our consulting petroleum engineering firm is Ryder Scott Company, L.P., one the

leading reservoir evaluation consulting firms in the industry.  The key consultant to American

Oil at Ryder Scott is Tom Venglar, who is based in Denver.

11.     While American Oil is incorporated in Nevada, it has no offices or material

business interests there.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 31, 2010

_____
Andrew Calerich

# EXHIBIT 2

# EXHIBIT 2

1 Abran E. Vigil
2 Nevada Bar No. 7548
  BALLARD SPAHR LLP
3 100 North City Parkway, Suite 1750
  Las Vegas, Nevada 89106-4617
4 Phone:  (702) 471-7000
  Facsimile:  (702) 471-7070
5 Email: vigila@ballardspahr.com

6 Attorneys for Defendants Hess Corporation and
7 Hess Investment Corporation

8        IN THE FIRST JUDICIAL DISTRICT OF THE STATE OF NEVADA

9                       IN AND FOR CARSON CITY

10

11 DAVID SPEIGHT, On Behalf of Himself and All       ) CASE NO.  10 0C 003401B
   Others Similarly Situated,                         ) DEPT. NO.
12                                                     )
           Plaintiffs,                                 )
13                                                     )
   v.                                                  ) **DECLARATION OF**
14                                                     ) **GEORGE BARRY**
                                                       ) **IN SUPPORT OF**
15 PATRICK D. O'BRIEN, ANDREW P. CALERICH,           ) **MOTION TO DISMISS**
   JOSEPH B. FEITEN, NICK DEMARE, JON R.             ) **FORUM NON CONVENIENS**
16 WHITNEY, C. SCOTT HOBBS, AMERICAN OIL             )
   & GAS, INC., HESS CORPORATION AND HESS           )
17 INVESTMENT CORP.,                                  )
                                                       )
18         Defendants.                                 )
                                                       )
19 _____)

20

21        I, George Barry, Esq., hereby declare as follows:

22        1.      I am Deputy General Counsel for Defendant Hess Corporation.  I make this

23 Declaration in support of the Motion To Dismiss Forum Non Conveniens filed by the Defendants

24 in this action.  I have personal knowledge of the matters stated herein, and if called upon, could

25 and would testify competently.

26        2.      On July 27, 2010, Defendants Hess Corporation and American Oil & Gas, Inc.

27 ("American") announced their intention to merge (the "Proposed Merger"), subject to, among

28

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106-4617
(702) 471-7000 FAX (702) 471-7070

1   other conditions, the requirement that a majority of American's stockholders vote to approve the

2   Proposed Merger.

3          3.      The Form S-4 preliminary proxy statement regarding the Proposed Merger was

4   filed with the Securities and Exchange Commission on Monday, August 23, 2010.

5          4.      Defendants Hess Corporation and Hess Investment Corp. (together, "Hess") are

6   incorporated in Delaware.

7          5.      The headquarters of Hess are located at 1185 Avenue of the Americas, New York,

8   New York, 10036.  The principal place of business of Hess is also New York, New York.  Hess

9   has no operations or employees in Nevada.

10         6.      The majority of the Hess employees with knowledge and the majority of

11  documents regarding the proposed merger are located in New York and Texas.

12         7.      There are no Hess employees with knowledge or documents regarding the proposed

13  merger in Nevada.

14         I declare under penalty of perjury under the laws of the State of Nevada that the foregoing

15  is true and correct.

16

17         Executed this 31st day of August, 2010 in New York, New York.

18

19                                                     George Barry, Esq.

20

BALLARD SPAHR LLP
100 NORTH CITY PARKWAY, SUITE 1750
LAS VEGAS, NEVADA 89106-4617
(702) 471-7000 FAX (702) 471-7070

# EXHIBIT 3

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–01846–MSK–KMT

JEFFREY P. FEINMAN, individually and on behalf of all others similarly situated,

      Plaintiff,

v.

AMERICAN OIL & GAS, INC., a Nevada corporation,
PATRICK D. O'BRIEN,
ANDREW P. CALERICH,
JON R. WHITNEY,
NICK DEMARE,
C. SCOTT HOBBS,
HESS CORPORATION, a Delaware corporation, and
HESS INVESTMENT CORP., a Nevada corporation,

      Defendants.

---

**ORDER SETTING RULE 16(b) SCHEDULING CONFERENCE
AND RULE 26(f) PLANNING MEETING**

---

      This case has been referred to Magistrate Judge Kathleen M. Tafoya by District Judge Marcia S. Krieger, pursuant to the Order of Reference filed August 5, 2010. *See* 28 U.S.C. §636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b).

**IT IS HEREBY ORDERED:**

      (1)  The court shall hold a Fed. R. Civ. P. 16(b) scheduling and planning conference on



The conference shall be held in Courtroom C-201, Second Floor, of the Byron Rogers U.S. Courthouse, 1929 Stout Street, Denver, Colorado. If this date is not convenient for any party[1], he or she shall file a motion to reschedule the conference to a more convenient time. **Please remember that anyone seeking entry into the Byron Rogers United States Courthouse will be required to show valid photo identification. See D.C.COLO.LCivR 83.2B.**

A copy of instructions for the preparation of a scheduling order and a form scheduling order can be downloaded from the Court's website at www.co.uscourts.gov/forms-frame.htm (Click on "Civil Forms" in the blue box at the top of the screen and scroll down to the bold heading "Standardized Order Forms"). Parties shall prepare the proposed scheduling order in accordance with the Court's form.

The parties shall submit their proposed scheduling order, pursuant to District of Colorado Electronic Case Filing ("ECF") Procedures V.L., on or before:



Attorneys and/or *pro se* parties not participating in ECF shall submit their proposed scheduling order on paper to the Clerk's Office. However, if any party in the case is participating in ECF, it is the responsibility of that party to submit the proposed scheduling order pursuant to the District of Colorado ECF Procedures.

The plaintiff shall notify all parties who have not yet entered an appearance of the date and time of the scheduling/planning conference, and shall provide a copy of this Order to those parties.

(2) In preparation for the scheduling/planning conference, the parties are directed to confer in accordance with Fed. R. Civ. P. 26(f), on or before:



The court strongly encourages the parties to meet face to face, but should that prove impossible, the parties may meet by telephone conference. All parties are jointly responsible for arranging and attending the Rule 26(f) meeting.

---

[1] The term "party" as used in this Order means counsel for any party represented by a lawyer, and any *pro se* party not represented by a lawyer.

2

During the Rule 26(f) meeting, the parties shall discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case, make or arrange for the disclosures required by Fed. R. Civ. P. 26(a)(1), and develop their proposed scheduling/discovery plan. The parties should also discuss the possibility of informal discovery, such as conducting joint interviews with potential witnesses, joint meetings with clients, depositions via telephone, or exchanging documents outside of formal discovery.

In those cases in which: (i) the parties' substantive allegations involve extensive computer-generated records; (ii) a substantial amount of disclosure or discovery will involve information or records in electronic form (*i.e.*, e-mail, word processing, databases); (iii) expert witnesses will develop testimony based in large part on computer data and/or modeling; or (iv) any party plans to present a substantial amount of evidence in digital form at trial, the parties shall confer regarding steps they can take to preserve computer records and data, facilitate computer-based discovery and who will pay costs, resolve privilege issues, limit discovery costs and delay, and avoid discovery disputes relating to electronic discovery. The parties shall be prepared to discuss these issues, as appropriate, in the proposed Scheduling Order and at the scheduling and planning conference.

These are the minimum requirements for the Rule 26(f) meeting. The parties are encouraged to have a comprehensive discussion and are required to approach the meeting cooperatively and in good faith. The parties are reminded that the purpose of the Rule 26(f) meeting is to expedite the disposition of the action, discourage wasteful pretrial activities, and improve the quality of any eventual trial through more thorough preparation. The discussion of claims and defenses shall be a substantive, meaningful discussion.

The parties are reminded that pursuant to Fed. R. Civ. P. 26(d), no discovery shall be sought prior to the Rule 26(f) meeting.

(3) The parties shall comply with the mandatory disclosure requirements of Fed. R. Civ. P. 26(a)(1) on or before:



October 28, 2010

Counsel and parties are reminded that mandatory disclosure requirements encompass computer-based evidence which may be used to support claims or defenses. Mandatory disclosures must be supplemented by the parties consistent with the requirements of Fed. R. Civ. P. 26(e). Mandatory disclosures and supplementation are not to be filed with the Clerk of the Court.

(5) All parties are expected to be familiar with the United States District Court for the District of Colorado Local Rules of Practice (D.C.COLO.LCivR.). Copies are available from

Office of the Clerk, United States District Court for the District of Colorado, or through the District Court's web site: www.cod.uscourts.gov.

All out-of-state counsel shall comply with D.C.COLO.LCivR. 83.3 prior to the Scheduling/Planning Conference.

Dated this 9th day of August, 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01808-CMA-MEH

MORTON FINKEL,

      Plaintiff,

v.

AMERICAN OIL & GAS, INC., a Nevada corporation
PATRICK D. O'BRIEN,
ANDREW P. CALERICH,
JON R. WHITNEY,
NICK DEMARE,
C. SCOTT HOBBS,
HESS CORPORATION, a Delaware corporation, and
HESS INVESTMENT CORP., a Nevada corporation,

      Defendants.

---

### MINUTE ORDER SETTING SCHEDULING CONFERENCE AND STANDING ORDER FOR ANY SETTLEMENT CONFERENCE

---

**Entered by Michael E. Hegarty, United States Magistrate Judge, on August 10, 2010.**

      The above captioned case has been referred to Magistrate Judge Michael E. Hegarty pursuant to an Order of Reference entered by Judge Christine M. Arguello on August 9, 2010.

      Pursuant to the Order of Reference, it is hereby ORDERED that the Fed. R. Civ. P. 16(b) Scheduling Conference shall be held on **October 26, 2010, at 9:15 a.m.** in Courtroom 203 on the second floor of the Byron G. Rogers United States Courthouse located at 1929 Stout Street, Denver, Colorado. If this date is not convenient, counsel should confer with opposing counsel and contact my Chambers to obtain an alternate date. Absent exceptional circumstances, no request for rescheduling will be entertained unless made **five business days prior** to the date of the conference.

      <u>The plaintiff shall notify all parties who have not entered an appearance of the date and time of the Scheduling Conference.</u>

      Lawyers whose offices are located outside of the Denver metropolitan area may appear at scheduling conferences by telephone. Please contact Chambers at (303) 844-4507 at least five business days prior to the scheduling conference to arrange appearance by telephone. Lawyers appearing by telephone must ensure that the proposed Scheduling Order is filed electronically and by email no later than five business days prior to the scheduling conference, in accordance with the instructions in this minute order.

It is further ORDERED that counsel for the parties in this case are to hold a pre-scheduling conference meeting and jointly prepare a proposed Scheduling Order in accordance with Fed. R. Civ. P. 26(f) on or before **October 5, 2010**. Pursuant to Fed. R. Civ. P. 26(d), no discovery shall be submitted until after the pre-scheduling conference meeting, unless otherwise ordered or directed by the Court.

The parties shall file the proposed Scheduling Order with the Clerk's Office, and in accordance with District of Colorado Electronic Case Filing ("ECF") Procedures V.L., **no later than five (5) business days prior to the scheduling conference. The proposed Scheduling Order is also to be submitted in a useable format (i.e., Word or WordPerfect only)** by email to Magistrate Judge Hegarty at *Hegarty_Chambers@cod.uscourts.gov.*

Parties not participating in ECF shall file their proposed Scheduling Order on paper with the clerk's office. However, if any party in this case is participating in ECF, it is the responsibility of that party to file the proposed scheduling order pursuant to the District of Colorado ECF Procedures.

**The parties shall prepare the proposed Scheduling Order in accordance with the form which may be downloaded from the Standardized Order Forms section of the Court's website, found at http://www.cod.uscourts.gov/Forms.aspx.** All Scheduling Conferences held before a Magistrate Judge utilize the same scheduling order format, regardless of the District Judge assigned to the case.

Any out-of-state counsel shall comply with D.C. Colo. LCivR 83.3C prior to the Scheduling Conference.

The parties are further advised that they shall not assume that the Court will grant the relief requested in any motion. Failure to appear at a Court-ordered conference or to comply with a Court-ordered deadline which has not be vacated by Court order may result in the imposition of sanctions.

Finally, the parties or counsel attending the Conference should be prepared to informally discuss settlement of the case. There is no requirement to submit confidential settlement documents/letters to the Court beforehand or to have parties present who shall have full authority to negotiate all terms and demands presented by the case.

Please remember that anyone seeking entry into the Byron G. Rogers United States Courthouse will be required to show a valid photo identification. *See* D.C. Colo. LCivR 83.2B.

**IT IS FURTHER ORDERED** that any Settlement Conference held before this Court will be governed by the following Standing Order:

Any settlement conference scheduled in this case will be held in Courtroom 203 on the second floor of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado. Parties should check-in with Chambers upon arrival using the intercom to the left of the second floor elevators.

Counsel shall have all parties present, including all individually named parties or a representative of each named entity. Counsel shall also have in attendance all individuals with full authority to negotiate all terms and demands presented by the case, and full authority to enter into a settlement agreement, including, but not limited to, an adjustor, if an insurance company is involved. "Full authority" means that the person who attends the settlement conference has the complete and unfettered capacity and authority to meet or pay all terms or amounts which are demanded or sought by the other side of the case without consulting with some other person, committee or agency. If any person has limits upon the extent or amount within which he or she is authorized to settle on behalf of a party, that person does not have "full authority." **This requirement is not fulfilled by the presence of counsel and/or an insurance adjustor alone.**

In exceptional circumstances only, the appearance of insurance representative by telephone may be approved in advance of the conference. Any party seeking such relief should file the appropriate motion with the Court.

No person is ever required to settle a case on any particular terms or amounts. However, both parties must participate in the settlement conference in good faith, pursuant to Fed. R. Civ. P. 16(f). If any party or party representative attends the settlement conference without full authority, fails to attend the settlement conference without prior Court approval, or fails to participate in the conference in good faith, and the case fails to settle, that party may be ordered to pay the attorney's fees and costs for the other side. *If one or both parties believe that the matter may not be ripe for negotiations, counsel should confer with the opposing party(ies) and contact Chambers prior to the conference to reschedule the settlement conference to a more appropriate time.*

In order that productive settlement discussions can be held, counsel shall prepare and submit **two** settlement documents: one to be submitted to the other party or parties, and the other to be submitted by email only to the Magistrate Judge. The documents which are presented to opposing counsel shall contain an overview of the case from the presenter's point of view, shall summarize the evidence which support that side's claims and may present a demand or offer. These documents should be intended to persuade the clients and counsel on the other side.

The document, to be emailed to the Magistrate Judge (not submitted for filing to the court) at *Hegarty_Chambers@cod.uscourts.gov*, shall contain copies of the above materials, but additionally shall contain any confidential comments which counsel wishes to make, any comments with regard to perceived weaknesses in the case and any comments which would be helpful to the Magistrate Judge in assisting the parties to negotiate a settlement. The settlement documents shall be submitted **no later than five business days** prior to the date of the settlement conference. Statements and exhibits consisting of more than 30 pages are to be submitted to Chambers in hard copy via regular mail or hand delivery.

Again, please remember that anyone seeking entry into the Byron G. Rogers United States Courthouse will be required to show a valid photo identification. *See* D.C. Colo. LCivR 83.2B.

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:10-cv-01808-CMA-MEH

MORTON FINKEL, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

v.

AMERICAN OIL & GAS, INC., a Nevada Corporation,
PATRICK D. O'BRIEN,
ANDREW P. CALERICH,
JON R. WHITNEY,
NICK DEMARE,
C. SCOTT HOBBS,
HESS CORPORATION, a Delaware Corporation, and
HESS INVESTMENT CORP., a Nevada Corporation,

      Defendants.

---

Civil Action No. 1:10-cv-01846-MSK-KMT

JEFFREY P. FEINMAN, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

v.

AMERICAN OIL & GAS, INC., a Nevada Corporation,
PATRICK D. O'BRIEN,
ANDREW P. CALERICH,
JON R. WHITNEY,
NICK DEMARE,
C. SCOTT HOBBS,
HESS CORPORATION, a Delaware Corporation, and
HESS INVESTMENT CORP., a Nevada Corporation,

      Defendants.

---

**JOINT MOTION TO EXTEND TIME AND SET BRIEFING SCHEDULE**

Civil Action No. 1:10-cv-01852-LTB

JEFFREY VEIGEL, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

v.

AMERICAN OIL & GAS, INC.,
PATRICK D. O'BRIEN,
ANDREW P. CALERICH,
JON R. WHITNEY,
NICK DEMARE,
C. SCOTT HOBBS, and
HESS CORPORATION,

      Defendants.

---

    The Parties – plaintiffs Morton Finkel, Jeffrey P. Feinman, and Jeffrey Veigel ("Plaintiffs") and defendants American Oil & Gas, Inc., Patrick D. O'Brien, Andrew P. Calerich, Jon R. Whitney, Nick DeMare, C. Scott Hobbs, Hess Corporation, and Hess Investment Corp. ("Defendants") – respectfully request that this Court extend the time for Defendants to respond to the complaints filed by Plaintiffs and set a briefing schedule for the consolidated amended complaint. Under D.C.COLO.LCivR 7.1A, the Parties certify that they conferred on this Joint Motion and that they jointly seek this relief. In support of this Joint Motion, the Parties state as follows:

**Procedural Background**

    1.    On July 30, 2010, plaintiff Morton Finkel filed a complaint captioned *Finkel v. American Oil & Gas, Inc.*, a putative stockholder class action alleging breaches of fiduciary duties by Defendants arising out of a transaction in which Hess Corporation

- 2 -

will acquire American Oil & Gas, Inc.  The case was assigned to U.S. District Court Judge Arguello and Magistrate Judge Hegarty.

    2.      On August 3, 2010, plaintiff Jeffrey P. Feinman filed a related complaint captioned *Feinman v. American Oil & Gas, Inc.*, a putative stockholder class action alleging breaches of fiduciary duties by Defendants, which was assigned to U.S. District Court Judge Krieger and Magistrate Judge Tafoya.

    3.      On August 3, 2010, plaintiff Jeffrey Veigel filed a related complaint captioned *Veigel v. American Oil & Gas, Inc.*, a putative stockholder class action alleging breaches of fiduciary duties by Defendants, which was assigned to U.S. District Court Senior Judge Lewis T. Babcock.

    4.      On August 20, 2010, Plaintiffs filed a Motion for Consolidation of Related Actions[1] and Appointment of Plaintiffs' Lead & Liasion Counsel.  *See* Case No. 1:10-cv-01808-CMA-MEH, Doc. No. 9.

    5.      On August 26, 2010, Plaintiffs and Defendants entered into and filed a Stipulation pursuant to D.C.COLO.LCivR 6.1A, providing Defendants an extension of time, up to and including September 16, 2010 to respond to the complaints filed by Plaintiffs.  *See* Case No. 1:10-cv-01808-CMA-MEH, Doc. No. 12.

### Good Cause Exists for the Requested Relief

    6.      The Parties respectfully request that this Court grant Defendants additional time beyond September 16, 2010 to respond to Plaintiffs' complaints.  The Parties further request that the Court set the Parties' stipulated briefing schedule

---

[1]    In addition to Plaintiffs' cases, consolidation is sought for a fourth related action which is pending in this District: *Cobb v. American Oil & Gas Inc., et al.*, No. 1:10-cv-01833-PAB-MEH.

detailed below.  This relief is warranted under D.C.COLO.LCivR 6.1 and 7.1 and CMA Civ. Practice Standards III.D.

7.     As set forth above, Plaintiffs have sought to have the related actions consolidated pursuant to D.C.COLO.LCivR 42.1 and Fed. R. Civ. P. 42(a) and class counsel appointed pursuant to Fed. R. Civ. P. 23(g).  *See* Case No. 1:10-cv-01808-CMA-MEH, Doc. No. 9.

8.     The Parties anticipate that once a decision concerning consolidation and the appointment of class counsel is entered, then class counsel will file a consolidated amended complaint.  Therefore, the current complaints are unlikely to contain the precise allegations that will govern these actions going forward.

9.     Good cause thus exists, for reasons of judicial efficiency and economy, to permit Defendants to withhold responding to Plaintiffs' complaints until after class counsel is appointed and after a consolidated amended complaint is filed.

10.    To that end, the Parties respectfully request that this Court set the following schedule for a consolidated amended complaint and responses thereto:

(a)     Plaintiffs file a consolidated amended complaint within 20 days following an order of the Court consolidating the related actions and appointing class counsel;

(b)     Defendants respond to the consolidated amended complaint within 20 days after the consolidated amended complaint is filed;

-4-

      (c)    If Defendants move to dismiss the consolidated amended complaint, Plaintiffs file a response within 15 days after Defendants file their motion;

      (d)    Defendants file any reply within 15 days after Plaintiffs file their response.

At this time, a date certain for these deadlines cannot be given under D.C.COLO.LCivR 6.1D, because the exact date on which this Court will consolidate the related actions and appoint class counsel is not currently known.

      11.    Pursuant to D.C.COLO.LCivR 6.1E, counsel for the Parties certify that this Joint Motion has been served on each of their respective clients. As indicated above (¶5), this Joint Motion is the second extension of time sought by the Parties.

      WHEREFORE, the Parties jointly request that this Court extend the time for Defendants to respond to the complaints filed by Plaintiffs and set a briefing schedule for the consolidated amended complaint.

Dated: August 26, 2010

DYER & BERENS LLP

s/ Darby K. Kennedy
Robert J. Dyer III
Jeffrey A. Berens
Darby K. Kennedy
303 East 17th Avenue, Suite 300
Denver, CO 80203
Tel: (303) 861-1764
Fax: (303) 395-0393
bob@dyerberens.com
jeff@dyerberens.com
darby@dyerberens.com

PATTON BOGGS LLP

s/ Sven Collins
Sven Collins
1801 California Street, Suite 4900
Denver, CO 80202
Tel: (303) 894-6370
Fax: (303) 894-9239
scollins@pattonboggs.com

-and-

POMERANTZ HAUDEK GROSSMAN
& GROSS LLP
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, IL  60603
Tel: (312) 377-1181
Fax: (312) 377-1184
pdahlstrom@pomlaw.com

-and-

Marc I. Gross
Fei-Lu Qian
100 Park Avenue
New York, NY  10017
Tel: (212) 661-1100
Fax: (212) 661-8665
migross@pomlaw.com
flqian@pomlaw.com

BRAGAR WEXLER EAGEL &
SQUIRE, PC
Lawrence P. Eagel
Jeffrey H. Squire
885 Third Avenue, Suite 3040
New York, NY  10022
Tel: (212) 308-5858
Fax: (212) 486-0462
eagel@bragarwexler.com
squire@bragarwexler.com

HARWOOD FEFFER LLP
Robert Harwood
James G. Flynn
488 Madison Avenue, 8th Floor
New York, NY  10022
Tel: (212) 935-7400
Fax: (212) 753-3630
rharwood@hfesq.com
jflynn@hfesq.com

*Attorneys for Plaintiffs Morton Finkel,
Jeffrey P. Feinman, and Jeffrey Veigel*

Philip M. Smith
1185 Avenue of the Americas
New York, NY  10036
Tel: (646) 557-5145
Fax: (646) 557-5101
pmsmith@pattonboggs.com

*Attorneys for Defendants American Oil & Gas,
Inc., Patrick D. O'Brien, Andrew P. Calerich,
Jon R. Whitney, Nick DeMare, and C. Scott
Hobbs*

BALLARD SPAHR LLP

s/ K. Allison White
Patrick H. Pugh
K. Allison White
1225 17th Street, Suite 2300
Denver, CO  80202-5596
Tel : (303) 299-7324
Fax : (303) 296-3956
pughp@ballardspahr.com
whiteka@ballardspahr.com

-and-

WHITE & CASE LLP
Robert E. Tiedemann
Glenn M. Kurtz
1155 Avenue of the Americas
New York, NY  10036-2787
Tel: (212) 819-8200
Fax:  (212) 354-8113
rtiedemann@whitecase.com
gkurtz@whitecase.com

*Attorneys for Defendants Hess Corporation
and Hess Investment Corp.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2010, I electronically filed the foregoing **JOINT MOTION TO EXTEND TIME AND SET BRIEFING SCHEDULE** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted below:

- **Jeffrey Allen Berens**
  jeff@dyerberens.com,jeffreyberens@comcast.net,darby@dyerberens.com
- **Darby K. Kennedy**
  darby@dyerberens.com
- **Patrick H. Pugh**
  pughp@ballardspahr.com,myersr@ballardspahr.com
- **Katherine Allison White**
  whiteka@ballardspahr.com,vanordstrandj@ballardspahr.com,dawsonm@ballard
  spahr.com,snider@ballardspahr.com

and certify the foregoing document was served via e-mail on the following counsel, who are not CM/ECF participants:

- **Sven Collins**
  scollins@pattonboggs.com
- **Philip M. Smith**
  pmsmith@pattonboggs.com
- **Robert E. Tiedemann**
  rtiedemann@whitecase.com
- **Glenn M. Kurtz**
  gkurtz@whitecase.com

> s/ Darby K. Kennedy
> Darby K. Kennedy
> Attorney for Plaintiffs
> DYER & BERENS LLP
> 303 East 17th Avenue, Suite 300
> Denver, CO 80203
> Telephone: (303) 861-1764
> FAX: (303) 395-0393
> Email: darby@dyerberens.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:10-cv-01808-CMA-MEH

MORTON FINKEL, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

v.

AMERICAN OIL & GAS, INC., a Nevada Corporation,
PATRICK D. O'BRIEN,
ANDREW P. CALERICH,
JON R. WHITNEY,
NICK DEMARE,
C. SCOTT HOBBS,
HESS CORPORATION, a Delaware Corporation, and
HESS INVESTMENT CORP., a Nevada Corporation,

      Defendants.

---

Civil Action No. 1:10-cv-01846-MSK-KMT

JEFFREY P. FEINMAN, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

v.

AMERICAN OIL & GAS, INC., a Nevada Corporation,
PATRICK D. O'BRIEN,
ANDREW P. CALERICH,
JON R. WHITNEY,
NICK DEMARE,
C. SCOTT HOBBS,
HESS CORPORATION, a Delaware Corporation, and
HESS INVESTMENT CORP., a Nevada Corporation,

      Defendants.

---

**ORDER**

---

Civil Action No. 1:10-cv-01852-LTB

JEFFREY VEIGEL, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

v.

AMERICAN OIL & GAS, INC.,
PATRICK D. O'BRIEN,
ANDREW P. CALERICH,
JON R. WHITNEY,
NICK DEMARE,
C. SCOTT HOBBS, and
HESS CORPORATION,

      Defendants.

---

    THIS MATTER comes before the Court on the parties' Joint Motion to Extend Time and Set Briefing Schedule ("Joint Motion"). Having reviewed the Joint Motion and finding good cause therein,

IT IS HEREBY ORDERDED as follows:

    1.    The parties' Joint Motion is GRANTED;

    2.    Defendants need not answer, move against or otherwise respond to the complaints filed by plaintiffs Morton Finkel, Jeffrey P. Feinman, and Jeffrey Veigel;

    3.    Plaintiffs shall file a consolidated amended complaint within 20 days following an order of the Court consolidating the related actions and appointing class counsel;

    4.    Defendants shall respond to the consolidated amended complaint within 20 days after the consolidated amended complaint is filed;

5.     If Defendants move to dismiss the consolidated amended complaint, Plaintiffs shall file a response within 15 days after Defendants file their motion; and

6.     Defendants shall file any reply within 15 days after Plaintiffs file their response.

DATED: _____, 2010

BY THE COURT:

_____
Christine M. Arguello
United States District Court Judge