IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 10-cv-01808-CMA-MEH
(Consolidated with 10-cv-01833-PAB-MEH, 10-cv-01846-MSK-KMT, and
10-cv-01852-MSK-MJW)

MORTON FINKEL,
EDGAR COBB,
JEFFREY P. FEINMAN, and
JEFFREY VEIGEL, Individually and
on Behalf of All Others Similarly Situated,

    Plaintiff,

v.

AMERICAN OIL & GAS, INC., a Nevada corporation,
PATRICK D. O'BRIEN,
ANDREW P. CALERICH,
JON R. WHITNEY,
NICK DEMARE,
C. SCOTT HOBBS,
HESS CORPORATION, a Delaware corporation, and
HESS INVESTMENT CORP., a Nevada corporation,

    Defendants.

## ORDER DIRECTING FURTHER SUBMISSIONS IN CONNECTION WITH PLAINTIFFS' MOTION FOR APPOINTMENT OF LEAD AND LIAISON COUNSEL

This matter is before the Court on a Motion for Consolidation of Related Actions and Appointment of Plaintiffs' Lead & Liaison Counsel filed by Plaintiffs Morton Finkel, Jeffrey P. Feinman, and Jeffrey Veigel. (Doc. # 9.) Plaintiff Edgar Cobb initially opposed the Motion. (Doc. # 25.) However, on September 23, 2010, Cobb withdrew

his objections. (Doc. # 33.) Plaintiffs replied, in support of their Motion, on September 24, 2010. (Doc. # 34.)

In a concurrently-issued Order, the Court has granted in part the Motion, to the extent it seeks consolidation of the above-captioned actions. (Doc. # 35.) However, the Court has taken the Motion under advisement, to the extent it seeks appointment of lead and liaison counsel.

As set forth in Fed. R. Civ. P. 23(g)(1),

> Unless a statute provides otherwise, a court that certifies a class must appoint class counsel. In appointing class counsel, the court:
> (A)    must consider:
>     (i)    the work counsel has done in identifying or investigating potential claims in the action;
>     (ii)    counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>     (iii)    counsel's knowledge of the applicable law; and
>     (iv)    the resources that counsel will commit to representing the class;
> (B)    may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;
> ©    may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs;
>
> \*   \*   \*

In the instant Motion, three of the four Plaintiffs, each of whom has retained a different firm, move to appoint their counsel as Lead Counsel, and Dyer & Berens LLP as Liaison Counsel. The three firms that seek appointment as Lead Counsel are Pomerantz Haudek Grossman & Gross LLP; Bragar Wexler Eagel & Squire, PC; and Harwood Feffer LLP. In support of the Motion, Plaintiffs submitted their firms' résumés,

which include the firms' practice areas and litigation success, including summaries of winnings on behalf of clients, biographies of select attorneys, and a listing of cases in which the firm served as (co-)lead counsel. (*See* Doc. # 9, Exs. A-C.)

Plaintiffs assert that appointment of three firms to serve as Lead Counsel "will allow for an effective, efficient, and non-duplicative prosecution of the actions, for the benefit of all parties and the Court," as a result of their "competence, experience, dedication, reliability and resources," all of which will "ensure that the proposed class will be well represented." (Doc. # 9 at 9.)

Upon review of the submissions and the file, the Court finds that the nature of this dispute does not warrant the appointment of three law firms to serve as lead counsel. To facilitate the Court's selection of lead and liaison counsel, the Court directs that any attorney who seeks to be appointed as either lead or liaison counsel is to submit a proposed budget and a litigation plan that covers the following areas:

(1) How the firm intends to staff this case, including the names, positions and hourly rates of the staffers, especially of partners and senior associates. Where paralegals and other non-attorney staff are listed, billable rates and number of employees in each billable category need only be listed;

(2) Estimated of hours expected to complete particular tasks;

(3) Efforts that have been made to establish a working relationship with co-counsel at the other firms retained by Plaintiffs and with defense counsel;

(4) Opportunities to delegate work to other firms retained by Plaintiffs who are not appointed lead counsel, but who possess unique areas of specialization;

(5) Procedures that will be implemented to avoid duplication of effort, inefficiency, duplicative billing, and unnecessary fees and costs;

(6) Extent to which the interests of the class members will be fairly and adequately represented by counsel and by the class representatives;

(7) Plans for effective communication with the various named and class plaintiffs, including how disputes among the plaintiffs will be resolved.

Accordingly, IT IS ORDERED THAT, the above-described litigation plans and budget are NOT to be filed in CM/ECF; rather they are to be submitted directly to the Court for an *in camera* review via this Court's chambers e-mail address [arguello_chambers@cod.uscourts.gov] **on or before October 26, 2010.** Upon review of these submissions, the Court will either issue an order based on the submissions or, if necessary, set a hearing for further presentation by counsel.

DATED: October  5 , 2010

BY THE COURT:

*Christine M Arguello*

———————————————————
CHRISTINE M. ARGUELLO
United States District Judge