## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01808-CMA-MEH
(Consolidated with 10-cv-01833-PAB-MEH, 10-cv-01846-MSK-KMT, and
10-cv-01852-MSK-MJW)

MORTON FINKEL,
JEFFREY P.  FEINMAN, and
JEFFREY VEIGEL, Individually
and on Behalf of All Others Similarly Situated,

      Plaintiffs,

v.

AMERICAN OIL & GAS, INC., a Nevada Corporation,
PATRICK D. O'BRIEN,
ANDREW P. CALERICH,
JON R. WHITNEY,
NICK DEMARE,
C. SCOTT HOBBS,
HESS CORPORATION, a Delaware Corporation, and
HESS INVESTMENT CORP., a Nevada Corporation,

      Defendants.

---

### JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
### SETTLEMENT AND CERTIFICATION OF A SETTLEMENT CLASS
### AND REQUEST FOR EXPEDITED RULING

---

On November 12, 2010, the Parties - Plaintiffs Morton Finkel, Jeffrey P. Feinman,

and Jeffrey Veigel ("Plaintiffs") and Defendants American Oil & Gas, Inc. ("American"),

Patrick D. O'Brien, Andrew P. Calerich, Jon R. Whitney, Nick DeMare, C. Scott Hobbs

(collectively, the "Individual Defendants"), Hess Corporation, and Hess Investment

Corp. (collectively with American and the Individual Defendants, the "Defendants")

entered into a Stipulation and Agreement of Settlement and Release (the "Settlement Agreement") (attached hereto as **Exhibit 1**).

Now, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Parties respectfully request that this Court: (1) preliminarily approve the settlement of the above captioned consolidated lawsuit (the "Action") negotiated by the Parties as embodied in the Settlement Agreement (the "Settlement"), (2) certify the proposed Settlement Class (defined below) pursuant to Rule 23(b)(1) and/or (b)(2) for purposes of the Settlement, (3) direct that Settlement Class Members be given notice of the pendency of this Action and the Settlement in the form and method set forth in the Settlement Agreement, and (4) schedule a hearing in which the Court will consider final approval of the Settlement and entry of the Parties' proposed Final Judgment and Order (the "Settlement Hearing").   A proposed Preliminary Order for Notice, Hearing, and Approving Class Action Settlement ("Proposed Preliminary Approval Order") is attached hereto as **Exhibit 2**.

Under D.C.COLO.LCivR 7.1A, the Parties certify that they conferred on November 17 and 18, 2010 regarding this Joint Motion and that they jointly seek this relief.   Pursuant to the terms of the Settlement Agreement, the Parties request an expedited ruling on this Joint Motion to allow notice to be given to the proposed Settlement Class as soon as possible.

In support of this Joint Motion, the Parties state as follows:

## BACKGROUND

### I.     Summary of the Litigation

#### A.     The Lawsuits

1.      On or about July 27, 2010, American publicly announced that it had entered into a definitive merger agreement (the "Merger Agreement") for Defendant Hess Corporation ("Hess") to acquire all outstanding shares of American common stock in a stock-for-stock transaction in which each share of American common stock will receive 0.1373 shares of Hess common stock (the "Proposed Merger").

2.      In July and August 2010, four complaints were filed in this Court challenging the Proposed Merger: (a) *Finkel v. American Oil & Gas, Inc., et al.*, No. 10-cv-1808-CMA-MEH (the "Finkel Action"); (b) *Cobb v. American Oil & Gas, Inc., et al.*, No. 1:10-cv-01833-PAB-MEH (the "Cobb Action"); (c) *Feinman v. American Oil & Gas, Inc., et al.*, No. 1:10-cv-01846-MSK-KMT (the "Feinman Action"); and (d) *Veigel v. American Oil & Gas, Inc., et al.*, No. 1:10-cv-01852-MSK-MJW (the "Veigel Action").

3.      On or about September 10, 2010, Plaintiff Finkel moved the Court to enter an order pursuant to Fed. R. Civ. P. 26(d) for expedited discovery and the issues presented in the motion were resolved by the discovery stipulation filed on or about September 15, 2010 (the "Expedited Discovery Stipulation"), and entered as an Order by the Court on or about September 20, 2010.  Identical motions to expedite were filed in the Veigel and Feinman Actions, and those motions were also resolved by the entry of the Expedited Discovery Stipulation.

**B.     The Preliminary Proxy Statements**

4.      On or about August 23, 2010, Hess filed a preliminary proxy statement (the "<u>Preliminary Proxy Statement</u>") with the Securities and Exchange Commission (the "<u>SEC</u>") setting forth information about the Proposed Merger.

5.      On or about October 1, 2010, Hess filed an amended preliminary proxy statement (the "<u>Amended Preliminary Proxy Statement</u>").

**C.     The Consolidated Colorado Federal Action**

6.      By order of the Court on October 5, 2010, the Finkel, Cobb, Feinman, and Veigel Actions were consolidated under the caption *Finkel v. American Oil & Gas, Inc., et al.*, No. 10-cv-1808-CMA-MEH (the "<u>Consolidated Colorado Federal Action</u>").  On or about October 29, 2010, Plaintiffs Morton Finkel, Jeffrey P. Feinman, and Jeffrey Veigel filed the Consolidated Complaint (the "<u>Consolidated Complaint</u>") in the Consolidated Colorado Federal Action.  The Cobb Action was dismissed without prejudice.

7.      In the Consolidated Complaint, Plaintiffs allege, *inter alia*, that the Individual Defendants breached their fiduciary duties in connection with the Proposed Merger by purportedly failing (i) to disclose material information in connection with the Proposed Merger and (ii) to obtain adequate consideration for American's shareholders, and that American, Hess, and Hess Investment Corp. aided and abetted such breaches of fiduciary duties.

8.      On or about October 15, 2010, Plaintiffs Finkel, Cobb, Feinman, and Veigel filed a Motion for a Preliminary Injunction (the "<u>Preliminary Injunction Motion</u>") seeking to enjoin the Proposed Merger.

9.      At all times, Defendants have denied and continue to deny any and all claims of wrongdoing, and any and all liability alleged in connection with such claims. Defendants also maintain substantive defenses to the claims in the Action, including but not limited to the following: (i) Plaintiffs fail to state a claim upon which relief can be granted; (ii) the conduct challenged by Plaintiffs' allegations is subject to the procedural and substantive protections of the business judgment rule; (iii) the Individual Defendants are shielded from liability for breaches of the duty of care by Nevada Revised Statute §78.7502, which provides that directors and officers of Nevada corporations shall be indemnified if they "[a]cted in good faith and in a manner which he reasonably believed to be in or not opposed to the best interests of the corporation;" (iv) Plaintiffs have not suffered any loss, damage, or injury as a result of any purported act or omission by any of the Defendants; (v) Plaintiffs' claims are barred by waiver, acquiescence, and/or estoppel; (vi) Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches; and (vii) under Nevada law a corporation itself owes no fiduciary duties to the Plaintiffs.

## II.    SETTLEMENT DISCUSSIONS

10.     Following the investigation and review of the Preliminary Proxy Statement and the Amended Preliminary Proxy Statement, public filings by Hess and American, analyst and media reports, and the document and deposition discovery conducted under the Expedited Discovery Stipulation, Plaintiffs, Defendants, and their respective counsel participated in arm's length settlement negotiations, and reached an agreement in principle providing for the settlement of the Action, subject to Court approval.

5

11.     After weighing the costs, risks, and delay associated with continuing litigation against the benefits of settlement as reflected in the Settlement Agreement, Plaintiffs' Counsel[1] believes that settlement at this time, and as provided in the Settlement Agreement is a fair, reasonable, and adequate resolution of the Action, and in the best interests of Plaintiffs and the Settlement Class Members (defined below).

12.     Defendants' Counsel believes that the Settlement is in the best interests of Defendants because the settlement would (i) eliminate the burden and expense of further litigation, (ii) put the Settled and Released Claims (as defined below) to rest, finally and forever, without in any way acknowledging wrongdoing, fault, liability, or damage to the Plaintiffs or the Settlement Class, and (iii) permit the Proposed Merger to close without risk of injunctive or other relief.

13.     The Settlement negotiated by the Parties was embodied in the Settlement Agreement executed on November 12, 2010.[2]   The Settlement will resolve all claims before this Court and all claims in related actions brought challenging the Proposed Merger.

---

[1]     Unless otherwise stated herein, all capitalized terms shall have the same meaning as set forth in the Settlement Agreement.

[2]     Between July and September 2010, twelve (12) additional putative class actions were filed in Colorado state court and Nevada state court challenging the Proposed Merger, alleging the same claims of breaches of fiduciary duties and aiding and abetting against the same Defendants based on the same facts and seeking the same relief.  Four of the eleven plaintiffs in these additional putative class actions (the "Related Plaintiffs") are also represented by counsel for the Plaintiffs here, and the four Related Plaintiffs joined in the Settlement and also executed the Settlement Agreement on November 12, 2010.

## III.   THE PROPOSED SETTLEMENT

### A.   The Settlement Class

14.   Plaintiffs Morton Finkel, Jeffrey P. Feinman, and Jeffrey Veigel, as proposed Settlement Class representatives, and Plaintiffs' Counsel, as proposed Settlement Class counsel, negotiated the Settlement on behalf of a non opt-out class consisting of all record holders and beneficial owners of American common stock from July 27, 2010 through and including the earlier of the date of the consummation of the Proposed Merger or the date of the termination of the Merger Agreement, including the legal representatives, trustees, heirs, predecessors and successors in interest, transferees and/or assigns of all such foregoing record holders and/or beneficial owners, immediate and remote, excluding Defendants and any Person, firm, trust, corporation, or other entity affiliated with any Defendant (the "Settlement Class").

### B.   Settlement Consideration

15.   As consideration for the Settlement, the Defendants have agreed to supplement their disclosures contained in the Amended Preliminary Proxy Statement by filing with the SEC a Second Amended Preliminary Proxy Statement containing certain additional disclosures recommended by the Plaintiffs ("Plaintiffs' Supplemental Disclosures").   A copy of Plaintiffs' Supplemental Disclosures is attached hereto as **Exhibit 3.**  On November 12, 2010, Defendants filed the Second Amended Preliminary Proxy Statement containing Plaintiffs' Supplemental Disclosures with the SEC for review and inclusion in the final Proxy Statement.   The final Proxy Statement will be mailed to American's shareholders and will also be available on American's website at

http://www.americanog.com.   The Settlement will not affect the form or amount of consideration to be received by American stockholders in connection with the Proposed Merger.

### C.   Release of Claims

16.   In return for the above consideration, the Settlement Class Members will release all "Settled and Released Claims" against each and every Defendant, and each of their past, present or future families, parents, affiliates, subsidiaries, officers, directors, shareholders, members, trustees, partners, principals, employees, control persons, predecessors, successors, and agents, including, without limitation, any of their investment bankers, lenders, accountants, financial advisors, consultants, advisors, insurers, reinsurers, and attorneys (the "Releasees").   The Settled and Released Claims include:

> any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, covenants, controversies, damages, judgments, extents, executions, liabilities, attorneys' fees and expenses (excluding the Attorneys' Fees and Expenses Award as defined at ¶24(a) of the Settlement Agreement), claims and demands whatsoever, in law, admiralty or equity, whether known claims or Unknown Claims (as defined at ¶24(z) of the Settlement Agreement), whether based on acts or omissions, whether arising under federal, state, local, statutory and/or common law and/or any other law, rule or regulation (including, without limitation, the federal securities laws), that have been or could have been asserted, either directly, derivatively or otherwise, in any forum by the Releasors, and/or any of them, against any of the Releasees, that arise out of, are based upon, are in connection with and/or are related in any way, directly or indirectly, to the allegations, transactions, acts, omissions, occurrences, representations, misrepresentations, and/or any other matter, thing or cause whatsoever, or any series thereof, involved, set forth, and/or related to the Complaints and/or the Consolidated Complaint in the Action or the Related Actions, including without limitation the Merger Agreement, the Proposed Merger, the merger consideration, and any and all disclosures, disclosure materials (including supplements) and proxy

solicitation materials related thereto, <u>provided</u> <u>however</u> that the Settled and Released Claims shall not include the right of any of the Releasors or any of the Releasees to enforce the terms of the Settlement. For purposes of clarification, and without limiting the definition of Settled and Released Claims above, the Parties agree that the Settled and Released Claims shall not include claims under the federal securities laws against Hess that do not relate in any way, directly or indirectly, to the allegations, transactions, acts, omissions, occurrences, representations, misrepresentations, and/or any other matter, thing or cause whatsoever, or any series thereof, involved, set forth and/or related to the Complaints and/or the Consolidated Complaint in the Action or the Related Actions, including without limitation the Merger Agreement, the Proposed Merger, the merger consideration, and any and all disclosures, disclosure materials (including supplements) and proxy solicitation materials related thereto.

(Settlement Agreement at ¶24(u)).

### D.     Entry of Final Judgment and Order

17.     If the Court determines that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class, the Parties will ask the Court to enter a Final Judgment and Order Approving Class Action Settlement ("<u>Final Judgment and Order</u>"), attached hereto as **Exhibit 4.**   The Final Judgment and Order will provide that Plaintiffs and the Settlement Class will, by virtue of the Settlement Release, compromise, settle, discharge and dismiss with prejudice each and every Settled and Released Claim against each of the Releasees, and shall be forever enjoined from prosecuting each and every Settled and Released Claim against each of the Releasees.

### E.      Application for Attorneys Fees' and Expenses

18.     Under the Settlement Agreement, Plaintiffs' Counsel shall follow the applicable rules and procedures for obtaining Court approval of any Attorneys' Fees and Expenses Award, and shall file their fee application upon a contested briefing schedule to be determined by the Court.   Plaintiffs and Plaintiffs' Counsel shall not make an

application for an Attorneys' Fees and Expenses Award in excess of $850,000. Defendants agree that they will not object to an Attorneys' Fees and Expenses Award up to $200,000, and Defendants reserve all rights, positions, arguments, and defenses as to an Attorneys' Fees and Expenses Award greater than $200,000.  In addition, Hess may terminate the Settlement Agreement if the amount of attorneys' fees and expenses, in the aggregate, awarded in any forum(s) to counsel for Settlement Class Members is greater than $850,000.

## ARGUMENT

## I.   THE COURT SHOULD PRELIMINARILY CERTIFY THE PROPOSED SETTLEMENT CLASS

19.   Under the terms of the Settlement Agreement, the Parties have agreed, for the sole purpose of settlement and without an adjudication of the merits, to certification of a non opt-out class.  Plaintiffs assert that the requirements of Rule 23 of the Federal Rules of Civil Procedure have been satisfied in that:

(a) the proposed Settlement Class is so numerous that joinder of all members is impracticable as there are more than 60 million shares of American stock outstanding, held by hundreds if not thousands of shareholders geographically dispersed across the country;

(b) there are questions of law or fact common to the Settlement Class;

(c) based on Plaintiffs' allegations that Defendants purportedly engaged in uniform misconduct affecting the Settlement Class Members, the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent;

(d) prosecuting separate actions by or against individual Settlement Class Members would create a risk of (i) inconsistent or varying adjudications with respect to individual

> Settlement Class Members that would establish incompatible standards of conduct for the Defendants; and (ii) adjudications with respect to individual Settlement Class Members that, as a practical matter, would be dispositive of the interests of other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; and
>
> (e) Defendants have acted or refused to act on grounds that apply generally to the Settlement Class, so final injunctive relief or corresponding declaratory relief is appropriate respecting the Settlement Class as a whole.

Thus, Plaintiffs assert that the Settlement Class meets the numerosity, commonality, typicality requirements of Rule 23(a) and the class action requirements of Rule 23(b)(1) and (b)(2). *See* Fed. R. Civ. P. 23(a), (b)(1) and (b)(2).

20.     Plaintiffs also assert that Plaintiffs Morton Finkel, Jeffrey P. Feinman, and Jeffrey Veigel and Plaintiffs' Counsel will fairly and adequately protect the interests of the Settlement Class and do not have any conflicts with other class members.  Thus, Plaintiffs assert that they should be certified as Settlement Class Representatives. Plaintiffs also contend that Plaintiffs' Counsel should be appointed as Settlement Class counsel in light of their experience in litigating such matters.  (*See* Docket #9, Exs. A-C (information regarding background and experience of Plaintiffs' Counsel)).  As a result, Plaintiffs assert the Settlement Class also meets the adequacy requirement of Rule 23(a). *See* Fed. R. Civ. P. 23(a).

21.     For these reasons, the Court should certify the Settlement Class.

## II.   THE PROPOSED SETTLEMENT SHOULD BE PRELIMINARILY APPROVED AS FAIR, REASONABLE, AND ADEQUATE

22.     Under Rule 23(e) of the Federal Rules of Civil Procedure, claims of a certified class may be settled "only with the court's approval."  Fed. R. Civ. P. 23(e). The purpose of requiring court approval of a settlement is to ensure that the settlement is fair, reasonable, and adequate.  Jones v. Nuclear Pharmacy, 741 F.2d 322, 324 (10th Cir. 1984).

23.     To decide whether to approve the Settlement under Rule 23(e), the Court should follow the two step process outlined in the Manual for Complex Litigation. Manual for Complex Litigation (4th ed.) ("MCL") §§ 21.632 to 21.635; see, e.g., In re Initial Pub. Offering Sec. Litig., 226 F.R.D. 186, 191 (S.D.N.Y. 2005) (applying the analysis provided by the MCL and preliminarily approving class action settlement). First, the Court reviews the proposed terms of the settlement and makes a preliminary determination on the fairness, reasonableness and adequacy of the settlement terms. In re Initial Pub. Offering Sec. Litig., 226 F.R.D. at 191.  At this stage, the Court should examine whether the proposed settlement is within the range of possible approval, bearing in mind that the Court, as well as any objectors, will have the opportunity to consider all the relevant factors at the fairness hearing.  See Horton v. Merrill Lynch Pierce, Fenner & Smith, Inc., 855 F. Supp. 825, 827 (E.D.N.C. 1994).  Unless this preliminary evaluation discloses reasons to doubt the fairness of the proposed class settlement or other obvious deficiencies, the Court should grant the motion for preliminary approval, and direct the preparation of the notice of certification of the

settlement class, the proposed settlement, and the date of the final fairness hearing. See MCL § 21.633 & n.976; In re Initial Pub. Offering Sec. Litig., 226 F.R.D. at 191.

24.     If the Court preliminarily approves the Settlement, it then proceeds to the second step - a formal fairness hearing where arguments and evidence may be presented in support of, or in opposition to, the class settlement as being fair, reasonable, and adequate.  MCL § 21.634.  At the conclusion of the formal fairness hearing, the Court will then determine whether final approval of the class settlement should be granted.  MCL § 21.634.

25.     This Court should preliminarily approve the Parties' proposed Settlement. "The purpose of the preliminary approval process is to determine whether there is any reason not to notify the class members of the proposed settlement and to proceed with a fairness hearing." Lucas v. Kmart Corp., 234 F.R.D. 688, 693 (D. Colo. 2006).  In the Court's preliminary evaluation of whether the proposed Settlement appears to be within the range of fair, reasonable, and adequate, four factors should be considered: "(1) whether the proposed settlement was fairly and honestly negotiated; (2) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; (3) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation; and (4) the judgment of the parties that the settlement is fair and reasonable." Lucas, 234 F.R.D. at 693; Rutter & Wilbanks Corp. v. Shell Oil & Co., 314 F.3d 1180, 1188 (10th Cir. 2002); Jones, 741 F.2d at 324. For the reasons set forth below, these four factors weigh heavily in favor of preliminary approval of the proposed Settlement.

## A.    The Settlement Was Reached Through Arm's Length Negotiations

26.    The primary factor relevant to the determination of the presumptive fairness of a proposed class settlement is whether the settlement was reached through arm's length negotiations among the parties.   See In re S. Ohio Corr. Facility, 173 F.R.D. 205, 211 (S.D. Ohio 1997).   Here, the Parties engaged in arm's length settlement negotiations following the investigation and review of the Preliminary Proxy Statement and the Amended Preliminary Proxy Statement, public filings by Hess and American, analyst and media reports, and the document and deposition discovery conducted under the Expedited Discovery Stipulation.   None of the substantive terms of the proposed Settlement are the product of fraud, collusion, or abandonment of the interests of the Settlement Class.   Rather, the proposed Settlement resulted from arm's length negotiations between experienced counsel.   Therefore, the Court may presume that the Settlement is fair, reasonable, and adequate.   Lucas, 234 F.R.D. at 693.

## B.    Serious Questions Of Law And Fact Exist That Put the Ultimate Outcome Of A Trial In Doubt

27.    Given the legal and factual burdens Plaintiffs would bear in bringing the matter to trial, the defenses Defendants would assert, the complexities of class action practice, and the risks that inevitably attend litigation, including the risk that Plaintiffs may not ultimately prevail and thus may not secure any post trial relief, the litigated outcome of this Action is far from certain.   In addition, the Defendants have denied and continue to deny the merits of Plaintiffs' claims.   Accordingly, serious questions of law and fact exist that put the ultimate outcome of a trial in doubt.

**C.      The Value Of The Proposed Settlement Far Outweighs The Mere Possibility Of Future Relief After Protracted And Expensive Litigation**

28.     Plaintiffs and Plaintiffs' Counsel believe that the value of settlement at this time, as provided in the Settlement Agreement, far outweighs the mere possibility of future relief after protracted and expensive litigation.  As described above, given the litigation risks inherent in large-scale litigation, particularly in class actions, including the risk that Plaintiffs may not ultimately prevail and thus may not secure any post trial relief, the outcome of this Action is far from certain.  By contrast, the proposed Settlement provides Plaintiffs and the Settlement Class with guaranteed relief via Plaintiffs' Supplemental Disclosures.  Thus, the value of Settlement now far outweighs the mere possibility of a more favorable recovery if this Action was further litigated.

**D.      The Parties Believe That The Settlement Is Fair, Reasonable, And Adequate**

29.     The Parties and their counsel believe that the Settlement is fair, reasonable, and adequate and recommend that this Court grant preliminary approval. Counsel's judgment as to the fairness of the settlement agreement is entitled to considerable weight. See Lucas, 234 F.R.D. at 695.  After weighing the costs, risks, and delay associated with continuing litigation against the benefits of settlement as reflected in the Settlement Agreement, Plaintiffs' Counsel believes that Settlement at this time, and as provided in the Settlement Agreement is fair, reasonable, and adequate resolution of the Action, and in the best interests of Plaintiffs and the Settlement Class Members.

30.     Defendants' Counsel believes that the Settlement is in the best interests of Defendants because the Settlement would (i) eliminate the burden and expense of further litigation, (ii) put the Settled and Released Claims to rest, finally and forever, without in any way acknowledging wrongdoing, fault, liability, or damage to the Plaintiffs or the Settlement Class, and (iii) permit the Proposed Merger to close without risk of injunctive or other relief.

## III.   THE PROPOSED METHOD AND FORM OF NOTICE TO THE SETTLEMENT CLASS SATISFY THE REQUIREMENTS OF DUE PROCESS AND RULE 23 OF THE FEDERAL RULES OF CIVIL PROCEDURE

31.     Under Rule 23(e)(1), the Court "must direct notice in a reasonable manner to all class members who would be bound" by the proposed Settlement.  Fed. R. Civ. P. 23(e)(1).  For class actions certified under Rule 23(b)(1) or (b)(2), the Court "may direct appropriate notice to the class."   Fed. R. Civ. P. 23(c)(2)(A).   In addition, due process is satisfied if parties are "given notice and opportunity for a hearing."  Jones v. Nuclear Pharmacy, 741 F.2d 322, 325 (10th Cir. 1984).

32.     The Parties respectfully submit that the proposed Notice set forth in the Settlement Agreement meets the requirements of due process, Rule 23(c)(2)(A), and Rule 23(e).  The Notice fairly, accurately, and reasonably informs proposed Settlement Class Members of: (i) the nature and history of the Action, Plaintiffs' claims, and Defendants' defenses; (ii) the terms of the proposed Settlement; (iii) how to obtain additional information regarding the Action and the Settlement Agreement; and (iv) how to object to the Settlement or appear and be heard at the Settlement Hearing.  The Notice also fairly and adequately informs proposed Settlement Class Members that if

they do not comply with the procedures and deadlines for filing objections, they will lose any opportunity to have their objection considered at the Settlement Hearing or otherwise contest approval of the Settlement.  A copy of the proposed Notice is attached hereto as **Exhibit 5.**

33.     The Parties propose that Defendants shall cause the Notice to be delivered to each Settlement Class Member by first-class mail, postage prepaid to the address of each member of the Settlement Class at the addresses provided by the Defendants, or such other addresses as Plaintiffs' Counsel has available.  In addition, American will make the Notice available beginning thirty (30) calendar days before the Settlement Hearing and continuing through the date of the Settlement Hearing on American's website at http://www.americanog.com.  Defendants shall bear all costs associated with the Notice.  The Parties believe that there is no additional mode of distribution that would be reasonably likely to notify proposed Settlement Class Members of the terms of the Settlement.

34.     As the proposed Notice provides Settlement Class Members with all information required by Rule 23(c)(2)(A) and Rule 23(e), the Parties respectfully request that the Court direct that Settlement Class Members be given notice of the pendency of this Action and the Settlement in the form and method set forth in the Settlement Agreement.

## IV.     PROPOSED SCHEDULE FOR CLASS ACTION SETTLEMENT

### A.     Settlement Hearing

35.     The Proposed Preliminary Approval Order leaves blank the date for the

Settlement Hearing in this matter, which is to be determined by the Court.   The Settlement Agreement and Proposed Preliminary Approval Order both provide that the Notice will be mailed to the Settlement Class Members and be made available thirty (30) days before the Settlement Hearing on American's website at http://www.americanog.com.   To provide Defendants with sufficient time to prepare and distribute the Notice, the Parties propose the following schedule for the Settlement Hearing, subject to the Court's convenience:

| | |
|---|---|
| Submission of Papers in<br>Support of Settlement: | Monday, January 10, 2011 |
| Submission of Papers<br>Objecting to Settlement: | Monday, January 17, 2011 |
| Responses to Papers<br>Objecting to Settlement: | Monday, January 24, 2011 |
| Settlement Hearing: | Monday, January 31, 2011 |

### B.   Application for Attorneys' Fees And Expenses

36.   The Settlement Agreement provides that Plaintiffs' Counsel shall follow the applicable rules and procedures for obtaining Court approval of any Attorneys' Fees and Expenses Award, and shall file its fee application upon a contested briefing schedule to be determined by the Court.   The Parties propose the following briefing schedule for Plaintiffs' Counsel's Application for Attorneys' Fees and Expenses:

| | |
|---|---|
| Opening Papers: | Monday, December 20, 2010 |
| Opposition Papers: | Friday, January 14, 2011 |
| Reply Papers: | Tuesday, January 25, 2011 |

37.     A proposed Joint Scheduling Order Concerning Class Action Settlement setting forth the above proposed deadlines is attached hereto as **Exhibit 6.**

## CONCLUSION

For the foregoing reasons, the Parties respectfully request this Court enter the proposed Preliminary Order for Notice, Hearing, and Approving Class Action Settlement (attached hereto as Exhibit 2), enter the Parties' proposed Joint Scheduling Order Concerning Class Action Settlement (attached hereto as Exhibit 6), and grant such further relief as the Court deems just and reasonable.

Dated: November 19, 2010

DYER & BERENS LLP

s/ Darby K. Kennedy
Robert J. Dyer III
Jeffrey A. Berens
Darby K. Kennedy
303 East 17th Avenue, Suite 300
Denver, CO 80203
Tel: (303) 861-1764
Fax: (303) 395-0393
bob@dyerberens.com
jeff@dyerberens.com
darby@dyerberens.com

*Attorneys for Plaintiffs Morton Finkel,*
*Jeffrey Veigel, and Jeffrey P. Feinman*

POMERANTZ HAUDEK
   GROSSMAN & GROSS LLP
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, IL 60603
Tel: (312) 377-1181
Fax: (312) 377-1184
pdahlstrom@pomlaw.com

PATTON BOGGS LLP

s/ Sven Collins
Sven Collins
1801 California Street, Suite 4900
Denver, CO 80202
Tel: (303) 894-6370
Fax: (303) 894-9239
scollins@pattonboggs.com

-and-

Philip M. Smith
1185 Avenue of the Americas
New York, NY 10036
Tel: (646) 557-5145
Fax: (646) 557-5101
pmsmith@pattonboggs.com

*Attorneys for Defendants American Oil &*
*Gas, Inc., Patrick D. O'Brien, Andrew P.*
*Calerich, Jon R. Whitney, Nick DeMare,*
*and C. Scott Hobbs*

19

-and-

Marc I. Gross
H. Adam Prussin
Fei-Lu Qian
100 Park Avenue
New York, NY  10017
Tel: (212) 661-1100
Fax: (212) 661-8665
migross@pomlaw.com
haprussin@pomlaw.com
flqian@pomlaw.com

*Attorneys for Plaintiffs Morton Finkel and*
*Jeffrey P. Feinman*

BRAGAR WEXLER EAGEL
& SQUIRE, PC
Lawrence P. Eagel
Jeffrey H. Squire
885 Third Avenue, Suite 3040
New York, NY  10022
Tel: (212) 308-5858
Fax: (212) 486-0462
eagel@bragarwexler.com
squire@bragarwexler.com

*Attorneys for Plaintiff Jeffrey P. Feinman*

JAROSLAWICZ & JAROS
David Jaroslawicz
225 Broadway, 24th Floor
New York, NY  10007
Tel:  (212) 227-2780
Fax: (212) 227-5030

*Attorney for Plaintiff Morton Finkel*

HARWOOD FEFFER LLP
Robert Harwood
James G. Flynn
488 Madison Avenue, 8th Floor
New York, NY  10022
Tel: (212) 935-7400

BALLARD SPAHR LLP

s/ K. Allison White
K. Allison White
Patrick H. Pugh
1225 17th Street, Suite 2300
Denver, CO  80202-5596
Tel : (303) 299-7324
Fax : (303) 296-3956
pughp@ballardspahr.com
whiteka@ballardspahr.com

-and-

WHITE & CASE LLP
Glenn M. Kurtz
Robert E. Tiedemann
Claudine Columbres
1155 Avenue of the Americas
New York, NY  10036-2787
Tel: (212) 819-8200
Fax:  (212) 354-8113
gkurtz@whitecase.com
rtiedemann@whitecase.com
ccolumbres@whitecase.com

*Attorneys for Defendants Hess*
*Corporation and Hess Investment Corp.*

Fax: (212) 753-3630
rharwood@hfesq.com
jflynn@hfesq.com

RYAN & MANISKAS, LLP
Katharine M. Ryan
Richard A. Maniskas
995 Old Eagle School Road, Suite 311
Wayne, PA 19087
Tel: (484) 588-5516
Fax: (484) 450-2582

BADER & ASSOCIATES, P.C.
Gerald L. Bader, Jr.
1873 S. Bellaire Street, #1110
Denver, CO  80222
Tel:  (303) 534-1700
Fax: (303) 534-1701

*Attorneys for Plaintiff Jeffrey Veigel*

ROBBINS GELLER
RUDMAN & DOWD LLP
Darren J. Robbins
Randall J. Baron
David T. Wissbroecker
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Tel: (619) 231-1058
Fax: (619) 231-7423
darrenr@rgrdlaw.com
randyb@rgrdlaw.com
dwissbroecker@rgrdlaw.com

*Additional Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2010, I electronically filed the foregoing **JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF A SETTLEMENT CLASS AND REQUEST FOR EXPEDITED RULING** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

s/ Darby K. Kennedy
***Darby K. Kennedy***
Attorney for Plaintiffs
DYER & BERENS LLP
303 East 17th Avenue, Suite 300
Denver, CO 80203
Telephone: (303) 861-1764
FAX: (303) 395-0393
Email: darby@dyerberens.com
