# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 10-cv-01808-CMA-MEH
(Consolidated with 10-cv-01833-PAB-MEH, 10-cv-01846-MSK-KMT, and 10-cv-01852-MSK-MJW)

MORTON FINKEL,
JEFFREY P. FEINMAN, and
JEFFREY VEIGEL, Individually
and on Behalf of All Others Similarly Situated,

    Plaintiffs,

v.

AMERICAN OIL & GAS, INC., a Nevada Corporation,
PATRICK D. O'BRIEN,
ANDREW P. CALERICH,
JON R. WHITNEY,
NICK DEMARE,
C. SCOTT HOBBS,
HESS CORPORATION, a Delaware Corporation, and
HESS INVESTMENT CORP., a Nevada Corporation,

    Defendants.
_____

**PRELIMINARY ORDER FOR NOTICE, HEARING AND
APPROVING CLASS ACTION SETTLEMENT**
_____

    WHEREAS, (i) Morton Finkel, Jeffrey P. Feinman, and Jeffrey Veigel ("Plaintiffs"), and (ii) American Oil & Gas, Inc. ("American"), Hess Corporation, and Hess Investment Corp. (collectively, the "Hess Defendants"), Patrick O'Brien, Andrew P. Calerich, Jon R. Whitney, Nick DeMare, and C. Scott Hobbs (the "Individual Defendants" and collectively with American and the Hess Defendants, "Defendants"),

having applied for an order seeking class action determination herein and determining certain matters in connection with the proposed settlement of the above captioned consolidated lawsuit (the "Action"), in accordance with the Stipulation and Agreement of Settlement and Release entered into by the Parties (the "Settlement Agreement"), and for dismissal of the Action, upon the terms and conditions set forth in the Settlement Agreement;

WHEREAS, upon consent of Plaintiffs and Defendants, after review and consideration of the Settlement Agreement filed with the Court and the Exhibits annexed thereto, and after due deliberation;

**NOW, THEREFORE, IT IS HEREBY ORDERED**, this _____ day of _____, 2010, that:

1. **Definitions.** The terms defined in the Settlement Agreement are incorporated into this Order, except as otherwise indicated herein.

2. **Preliminary Class Certification for Settlement Purposes.** Pursuant to Federal Rule of Civil Procedure 23 (b)(1) and (b)(2), this Action is hereby preliminarily certified as a non opt-out class action for settlement purposes on behalf of all record holders or beneficial owners of American common stock from July 27, 2010 through and including the earlier of the date of the consummation of the Proposed Merger or the date of the termination of the Merger Agreement, including the legal representatives, trustees, heirs, predecessors and successors in interest, transferees and/or assigns of all such foregoing record holders and/or beneficial owners, immediate and remote,

excluding Defendants, and any Person, firm, trust, corporation, or other entity affiliated with any Defendants (the "<u>Settlement Class</u>").

      3.    **Class Findings.**  The Court preliminarily finds that, for the sole purpose of settlement and without an adjudication of the merits, the requirements of the Federal Rules of Civil Procedure (including Rule 23), the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law have been satisfied in that:

      (a)    the number of Settlement Class Members is so numerous that joinder of all members is impracticable;

      (b)    there are questions of law or fact common to the Settlement Class;

      (c)    based on Plaintiffs' allegations that Defendants purportedly engaged in uniform misconduct affecting the Settlement Class Members, the claims of the Plaintiffs are typical of the claims of the Settlement Class they seek to represent;

      (d)    prosecuting separate actions by or against individual Settlement Class Members would create a risk of (i) inconsistent or varying adjudications with respect to individual Settlement Class Members that would establish incompatible standards of conduct for the Defendants; and (ii) adjudications with respect to individual Settlement Class Members that, as a practical matter, would be dispositive of the interests of other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

(e) Defendants have acted or refused to act on grounds that apply generally to the Settlement Class, so final injunctive relief or corresponding declaratory relief is appropriate respecting the Settlement Class as a whole;

(f) for the purposes of settlement only, Plaintiffs Morton Finkel, Jeffrey P. Feinman, and Jeffrey Veigel and Plaintiffs' Counsel will fairly and adequately protect the interests of the Settlement Class and are preliminary certified as Settlement Class Representatives and Plaintiffs' Counsel is preliminary appointed as Settlement Class counsel.

4. **Findings Regarding Proposed Settlement.**  The Court finds that the proposed Settlement evidenced by the Settlement Agreement is sufficiently fair, reasonable and adequate to warrant sending notice of the Action and the proposed Settlement to Settlement Class Members, and holding a hearing on the proposed Settlement.  The Court thus preliminarily approves the Settlement Agreement, subject to further consideration at the Settlement Hearing described in paragraph 5 below.

5. **Settlement Hearing.**  A hearing (the "Settlement Hearing") pursuant to Rule 23 of the Federal Rules of Civil Procedure is hereby scheduled to be held on _____, 2010, at the Alfred A. Arraj United States Courthouse, Courtroom A602, 901 19th Street, Denver, Colorado, 80294 at ____ Mountain Time for the following purposes:

(a) to finally determine whether this Action satisfies the applicable prerequisites for class action treatment under Rule 23 of the Federal Rules of Civil Procedure;

(b) to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c) to finally determine whether the Notice and the notice methodology implemented pursuant to the Settlement Agreement (i) constituted the best practicable notice, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, their right to object to the proposed Settlement, and their right to appear at the Settlement Hearing, (iii) were reasonable and constituted due, adequate sufficient notice to all persons entitled to receive notice and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law;

(d) to finally determine whether Plaintiffs and counsel for Plaintiffs have adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

(e) to determine whether the Final Judgment and Order Approving Class Action Settlement ("<u>Final Judgment and Order</u>") as provided for in the Settlement Agreement should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release by the Settlement Class of the claims covered by the Release, as set forth in the Settlement Agreement (the "<u>Settled and Released Claims</u>"), should be provided to the Releasees;

(f) to determine whether an injunction should be entered that permanently bars and enjoins (i) Plaintiffs, Related Plaintiffs, and all Settlement Class

Members from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on or relating in any way to the claims and causes of action, or the facts and circumstances relating thereto, in this Action, the Related Actions, and/or the Settled and Released Claims; and (ii) all persons from organizing such Settlement Class Members into a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) in any lawsuit based on or relating to the claims and causes of action, and/or the facts and circumstances relating thereto, in this Action, the Related Actions, and/or the Settled and Released Claims;

(g) to rule upon such other matters as the Court may deem appropriate.

6. **Notice.** The Court approves the form, substance and requirements of the Notice in the form as substantially set out in Exhibit A. It further approves the notice methodology set out below. Defendants shall file proof of the mailing of the Notice at or before the Settlement Hearing.

(a) **Notice by Mail.** Defendants shall cause a copy of the Notice to be delivered, on or before thirty (30) days before the Settlement Hearing, to each Settlement Class Member by first-class mail, postage prepaid to the address of each member of the Settlement Class at the addresses provided by the Defendants, or such other addresses as Plaintiffs' Counsel has available.

(b)     **Publication on Internet**.  In addition, Defendants will make the Notice available on the www.americanog.com website beginning thirty (30) days before the Settlement Hearing and continuing through the date of the Settlement Hearing.

7.     **Findings Concerning Notice.**  Having considered the forms and methods of providing notice that are described in paragraph 6 above, the Court finds that the notice to be provided to Settlement Class Members, including the Notice and the methodology employed to disseminate it, (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of (a) the pendency of the Action, (b) the effect of this Settlement Agreement (including the Release), (c) the binding effect of the orders and judgment in this Action, whether favorable or unfavorable, on all persons, (d) their right to object to the proposed settlement and (e) their right to appear at the Settlement Hearing; (iii) is reasonable and constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice; and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law.

8.     **Communications with American's Stockholders.**  Pursuant to Section V of the Settlement Agreement, Defendants may communicate with Settlement Class Members about the Action and the terms of the proposed Settlement, and engage in any other communications within the normal course of American's business, including but not limited to communications in connection with the merger transaction described

in the Merger Agreement, the Preliminary Proxy Statement, the Amended Preliminary Proxy Statement, and the Second Amended Preliminary Proxy Statement.

9. **Objections and Appearance at Settlement Hearing.** Settlement Class Members may object to any aspect of the Settlement Agreement (including its fairness, reasonableness or adequacy). In order to be considered by the Court, a Settlement Class Member must both deliver to Plaintiffs' Counsel and Defendants' Counsel, and file with the Court no later than fourteen (14) calendar days before the Settlement Hearing or as the Court may otherwise direct, a statement of his, her or its objection(s), setting out in such statement the specific reason(s), if any, for each objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of the objection. The Settlement Class Member's statement (and any supporting papers) must be filed with the Clerk of the Court under the caption *Finkel v. American Oil & Gas, Inc.,* No. 10-cv-1808-CMA-MEH, using the Court's CM/ECF System available at https://ecf.cod.uscourts.gov, and served upon each of the following:

    (a)    <u>Plaintiffs' Counsel</u>

        Lawrence P. Eagel
        Jeffrey H. Squire
        BRAGAR WEXLER EAGEL & SQUIRE, PC
        885 Third Avenue, Suite 3040
        New York, NY 10022
        Tel: (212) 308-5858
        Fax: (212) 486-0462
        eagel@bragarwexler.com
        squire@bragarwexler.com

Robert Harwood
James G. Flynn
HARWOOD FEFFER LLP
488 Madison Avenue, 8th Floor
New York, NY 10022
Tel: (212) 935-7400
Fax: (212) 753-3630
rharwood@hfesq.com
jflynn@hfesq.com

Marc I. Gross
H. Adam Prussin
POMERANTZ HAUDEK GROSSMAN & GROSS LLP
100 Park Avenue
New York, NY 10017
Tel: (212) 661-1100
Fax: (212) 661-8665
migross@pomlaw.com
haprussin@pomlaw.com

Darren J. Robbins
Randall J. Baron
David T. Wissbroecker
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Tel: (619) 231-1058
Fax: (619) 231-7423
darrenr@rgrdlaw.com
randyb@rgrdlaw.com
dwissbroecker@rgrdlaw.com

Robert J. Dyer III
Jeffrey A. Berens
Darby K. Kennedy
DYER & BERENS LLP
303 East 17th Avenue, Suite 300
Denver, CO 80203
Tel: (303) 861-1764
Fax: (303) 395-0393
bob@dyerberens.com
jeff@dyerberens.com
darby@dyerberens.com

9

      (b)    <u>Defendants' Counsel</u>

      Glenn M. Kurtz
      Robert E. Tiedemann
      Claudine Columbres
      WHITE & CASE LLP
      1155 Avenue of the Americas
      New York, NY 10036-2787
      Tel: (212) 819-8200
      Fax:  (212) 354-8113
      gkurtz@whitecase.com
      rtiedemann@whitecase.com
      ccolumbres@whitecase.com

      Philip M. Smith
      PATTON BOGGS LLP
      1185 Avenue of the Americas
      New York, NY 10036
      Tel: (646) 557-5145
      Fax: (646) 557-5101
      pmsmith@pattonboggs.com

10.     Defendants' Counsel, Plaintiffs' Counsel, and any other counsel for the Settlement Class, are directed to promptly furnish each other with copies of any and all objections that come into their possession.  If a Settlement Class Member hires an attorney to represent him, her or it for the purposes of objecting to the Settlement Agreement pursuant to this paragraph, the attorney must both effect service of a notice of appearance on Plaintiffs' Counsel and Defendants' Counsel (at the addresses set forth above) and file it with the Court by no later than fourteen (14) calendar days before the Settlement Hearing.  Any Settlement Class Member who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to

have waived, and shall be foreclosed from raising, any objection to the settlement, and any untimely objection shall be barred.

11.   Attendance at the Settlement Hearing is not necessary.  However, any Settlement Class Member who files and serves a timely, written objection in accordance with paragraphs 9 and 10 above also may appear at the Settlement Hearing either in person or through counsel retained at the Settlement Class Member's expense. Settlement Class Members or their attorneys intending to appear at the Settlement Hearing must both effect service of a notice of intention to appear setting forth, among other things, the name, address and telephone number of the Settlement Class Member (and, if applicable, the name, address and telephone number of the Settlement Class Member's attorney) on Plaintiffs' Counsel and Defendants' Counsel (at the addresses set forth above) and file it with the Court by no later than fourteen (14) days before the Settlement Hearing.  Any Settlement Class Member who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Settlement Hearing, except for good cause shown.  Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

12.   **Preliminary Injunction.**   Pending final determination of whether the settlement should be approved, Plaintiffs, Related Plaintiffs, and all Settlement Class Members (and their heirs, executors and administrators, predecessors, successors, affiliates and assigns) are preliminarily enjoined from filing, commencing, prosecuting, intervening in, participating in as class members or otherwise, or receiving any benefits

or other relief from, any other lawsuit, arbitration or administrative, regulatory or other proceeding or order in any jurisdiction, based on or relating in any way to the claims and causes of action, or the facts and circumstances relating thereto, in this Action, the Related Actions, and/or the Settled and Released Claims.  In addition, all such persons and entities are also preliminarily enjoined from filing, commencing or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Settlement Class Members if such other lawsuit is based on or relates in any way to the claims and causes of action, or the facts and circumstances relating thereto, in this Action, the Related Actions, and/or the Settled and Released Claims.

13. **Termination of Settlement.**  This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed Settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Settlement Agreement or (ii) the proposed Settlement is terminated in accordance with the Settlement Agreement or does not become effective as required by the terms of the Settlement Agreement for any other reason.  In such event, the proposed Settlement Agreement shall become null and void and of no further force and effect.  In the event the Settlement Agreement does not become final, each party shall be restored to his, her or its respective position as it existed prior to the execution of the Settlement Agreement.

14. **Retention of Jurisdiction.**  The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement Agreement, including a determination if the Settlement should be approved as fair, reasonable and adequate.

**SO ORDERED** this _____ day of _____ 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge