# EXHIBIT 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Christine M. Arguello

Civil Action No. 10-cv-01808-CMA-MEH
(Consolidated with 10-cv-01833-PAB-MEH, 10-cv-01846-MSK-KMT, and 10-cv-01852-MSK-MJW)

MORTON FINKEL,
JEFFREY P. FEINMAN, and
JEFFREY VEIGEL, Individually
and on Behalf of All Others Similarly Situated,

    Plaintiffs,

v.

AMERICAN OIL & GAS, INC., a Nevada Corporation,
PATRICK D. O'BRIEN,
ANDREW P. CALERICH,
JON R. WHITNEY,
NICK DEMARE,
C. SCOTT HOBBS,
HESS CORPORATION, a Delaware Corporation, and
HESS INVESTMENT CORP., a Nevada Corporation,

    Defendants.
_____

**FINAL JUDGMENT AND ORDER APPROVING CLASS ACTION SETTLEMENT**
_____

The Stipulation and Agreement of Settlement and Release, dated November 12, 2010 (the "Settlement Agreement"), providing for the Settlement of the above-captioned consolidated action (the "Action"), having been presented at the Settlement Hearing on _____, 2011 (the "Settlement Hearing"), pursuant to the Preliminary Order for Notice, Hearing, and Approving Settlement of Class Action entered herein on _____, 2010 (the "Preliminary Approval Order"), and the Court having

determined that notice of the Settlement and Hearing was given in accordance with the Notice to members of the Settlement Class certified by the Court in the Preliminary Approval Order, and that such Notice was adequate and sufficient; and the Parties (as defined in the Settlement Agreement) having appeared by their attorneys of record; and the attorneys for the respective Parties having been heard in support of the Settlement Agreement, and an opportunity to be heard having been given to all other persons desiring to be heard as provided in the Notice; and the entire matter of the Settlement Agreement having been considered by the Court;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED**, this __ day of _____, 2011, as follows:

1. **Definitions.**  The terms defined in the Settlement Agreement are incorporated into this Order, except as otherwise indicated herein.

2. **Jurisdiction.**  The Court has personal jurisdiction over Plaintiffs, Defendants, and all Settlement Class Members and has subject matter jurisdiction over this Action, including, without limitation, jurisdiction to approve the proposed Settlement, grant final certification of the Settlement Class, and dismiss this Action on the merits and with prejudice.

3. **Final Class Certification.**  The Court specifically finds, for purposes of the Settlement only, that (i) the persons constituting the Settlement Class, as defined below, are so numerous as to make it impracticable to bring them all before the Court, (ii) Plaintiffs and counsel for Plaintiffs brought the Action in good faith and have adequately represented the interests of the Settlement Class for purposes of entering

into and implementing the Settlement Agreement, and (iii) all other requirements of Federal Rule of Civil Procedure 23 relating to class certification have been satisfied.

4.      The Action is hereby certified as a non-opt-out class action, for purposes of the Settlement only, on behalf of all record and beneficial owners of common stock of American from July 27, 2010 through and including the earlier of the date of the consummation of the Proposed Merger or the date of the termination of the Merger Agreement, including the legal representatives, trustees, heirs, predecessors and successors in interest, transferees and/or assigns of all such foregoing record holders and/or beneficial owners, immediate and remote, excluding the Defendants and any person, firm, trust, corporation, or other entity affiliated with any of the Defendants (the "Settlement Class").

5.      The Court also finds that Plaintiffs Morton Finkel, Jeffrey P. Feinman, and Jeffrey Veigel have held or beneficially owned common stock of American and otherwise have standing to prosecute this Action on behalf of the Settlement Class, and are hereby certified as Settlement Class representatives.  Plaintiffs' Counsel is hereby certified as Settlement Class counsel.

6.      **Notice.**  The Court finds that the distribution of the Notice and the notice methodology were all implemented in accordance with the Court's Preliminary Approval Order.  The Court further finds that the Notice and the notice methodology (i) constituted the best practicable notice to Class Members under the circumstances of this Action; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise putative Settlement Class Members of (a) the pendency of the Action, (b) the effect of

3

the Settlement Agreement (including the Release), (c) the binding effect of the orders and judgment in this Action, whether favorable or unfavorable, on all persons, (d) their right to object to the proposed Settlement and (e) their right to appear at the Settlement Hearing; (iii) were reasonable and constituted due, adequate and sufficient notice to all persons or entities entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law.

7.     **Final Settlement Approval.**  The terms and provisions of the Settlement Agreement have been entered into in good faith and are hereby fully and finally approved as fair, reasonable and adequate, consistent and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Rules of the Court and any other applicable law, and in the best interests of each of the Parties and the Settlement Class Members. The Parties are hereby authorized and directed to comply with and consummate the Settlement Agreement in accordance with its terms and provisions, and the Clerk of the Court is directed to enter and docket this Final Judgment and Order in the Action.

8.     **Binding Effect.**  The terms of the Settlement Agreement and of this Final Judgment and Order shall be forever binding on - and, as to all claims and issues that have or could have been raised in this Action, to have *res judicata* and other preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of – the Parties and Settlement Class Members, as well as their past, present and future

parents, subsidiaries, predecessors, successors and assigns and affiliates and each of their respective past, present and future officers, directors, employees, agents, representatives, attorneys, heirs, administrators, executors, insurers, predecessors, successors, and assigns, or any of them, including any person or entity controlled by or controlling or under the control of any of them.

9. **Release.**  The Release of the Settlement Agreement is expressly incorporated herein in all respects.  The Release is effective as of the Effective Date and forever discharges, among other things, the Releasees from any claims of liabilities arising from the claims and causes of action released in the Release, as set forth in the Settlement Agreement ("<u>Settled and Released Claims</u>").  The Settled and Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Releasees on the merits and with prejudice by virtue of the proceedings herein and this Final Judgment and Order.  The Releasees hereby release Plaintiffs and Plaintiffs' Counsel from any claims of liabilities arising out of this Action.

10. **Permanent Injunction.**  Plaintiffs, Related Plaintiffs, and all Settlement Class Members (and their heirs, executors and administrators, predecessors, successors, affiliates and assigns) are permanently barred and enjoined from filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on or relating in any way to the claims and causes of action, or the facts and circumstances relating thereto, in this Action, the Related Actions, and/or the Settled and Released

Claims. All such persons or entities are also permanently barred and enjoined from organizing Settlement Class Members into a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) in any lawsuit based on or relating to the claims and causes of action, and/or the facts and circumstances relating thereto, in this Action, the Related Actions, and/or the Settled and Released Claims.

11.  **Enforcement of Settlement.**  Nothing in this Final Judgment and Order shall preclude any action to enforce the terms of the Settlement Agreement.

12.  **Attorneys' Fees and Expenses.**  Plaintiffs' Counsel will be awarded fees and costs in an amount which the Court finds to be fair and reasonable, and which shall be paid in accordance with the terms of the Settlement Agreement, to be determined by the Court at a later date.

13.  The preceding paragraph 12 of this Order covers, without limitation, any and all claims for attorneys' fees and expenses, costs or disbursements incurred by Plaintiffs' Counsel or any other counsel of record representing Plaintiffs or Settlement Class Members in this Action or any other lawsuit concerning the Proposed Merger, or incurred by Plaintiffs, Settlement Class Members, or any of them, in connection with or related in any manner to this Action, the Related Actions, and/or the Settled and Released Claims.

14.  **Modification of Settlement Agreement.**  The Parties are hereby authorized, without further approval from the Court, to agree to and adopt such

amendments, modifications and expansions of the Settlement Agreement, provided that such amendment, modifications and expansions of the Settlement Agreement are not materially inconsistent with this Final Judgment and Order and do not materially limit the rights of Settlement Class Members under the Settlement Agreement.  Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

15.    **Retention of Jurisdiction.**  The Court has jurisdiction to enter this Final Judgment and Order.  Without in any way affecting the finality of this Final Judgment and Order, the Court expressly retains continuing and exclusive jurisdiction over the Parties and the Settlement Class Members for all matters relating to this Action, including the administration, consummation, interpretation, effectuation or enforcement of the Settlement Agreement and of this Final Judgment and Order, and for any other reasonably necessary purpose, <u>provided that</u> nothing in this paragraph 15 is intended to restrict the ability of the Parties to exercise their rights under paragraph 14 of this Final Judgment and Order.

16.    **Dismissal of Action.**  This Action, including all individual claims and class claims, is hereby dismissed on the merits and with prejudice against Plaintiffs and all other Settlement Class Members, without fees or costs to any party except as otherwise provided in this Final Judgment and Order.

**SO ORDERED** this _____ day of _____ 2011.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge