# EXHIBIT 5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01808-CMA-MEH
(Consolidated with 10-cv-01833-PAB-MEH, 10-cv-01846-MSK-KMT, and
10-cv-01852-MSK-MJW)

MORTON FINKEL,
JEFFREY P. FEINMAN, and
JEFFREY VEIGEL, Individually
and on Behalf of All Others Similarly Situated,

     Plaintiffs,

v.

AMERICAN OIL & GAS, INC., a Nevada Corporation,
PATRICK D. O'BRIEN,
ANDREW P. CALERICH,
JON R. WHITNEY,
NICK DEMARE,
C. SCOTT HOBBS,
HESS CORPORATION, a Delaware Corporation, and
HESS INVESTMENT CORP., a Nevada Corporation,

     Defendants.

_____

## NOTICE OF PENDENCY AND SETTLEMENT OF CLASS ACTION
_____

**TO:**   **ALL PERSONS OR ENTITIES WHO HAVE OR BENEFICIALLY OWNED, DIRECTLY OR INDIRECTLY, COMMON STOCK OF AMERICAN OIL & GAS, INC. FROM JULY 27, 2010 THROUGH AND INCLUDING THE EARLIER OF THE DATE OF THE CONSUMMATION OF THE PROPOSED MERGER (DEFINED BELLOW) OR THE DATE OF THE TERMINATION OF THE MERGER AGREEMENT (DEFINED BELOW).**

     **PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS WILL BE AFFECTED BY THESE LEGAL PROCEEDINGS. IF THE COURT APPROVES THE PROPOSED SETTLEMENT, YOU WILL BE FOREVER BARRED FROM CONTESTING THE FAIRNESS OF THE PROPOSED SETTLEMENT, OR**

**FROM PURSUING THE SETTLED AND RELEASED CLAIMS (DEFINED BELOW).**

**IF YOU HELD AMERICAN SHARES OR OPTIONS FOR THE BENEFIT OF ANOTHER, PLEASE PROMPTLY TRANSMIT THIS DOCUMENT TO THE BENEFICIAL OWNER.**

## I.   PURPOSE OF THIS NOTICE

1.      The purpose of this Notice is to inform you of: (a) the above-captioned consolidated putative class action (the "Action"), currently pending in the United States District Court for the District of Colorado (the "Court"), (b) the Stipulation and Agreement of Settlement and Release (the "Settlement Agreement") entered in the Action, (c) the Court's preliminary certification of a Settlement Class (defined below) for purposes of the settlement contemplated by the Settlement Agreement (the "Settlement"), and (d) a hearing to be held on _____, 2011, at _____ (Mountain Time) before United States District Judge Christine M. Arguello, at the Alfred A. Arraj United States Courthouse, Courtroom A602, 901 19th Street, Denver, Colorado, 80294 to determine whether (i) the Settlement Agreement should be approved by the Court as fair, reasonable and adequate; and (ii) the Court should enter an order dismissing the Action with prejudice as against the Defendants (defined below) (the "Settlement Hearing").

2.      The Action, as further described below in Section II, challenges the proposed merger publicly announced on July 27, 2010 between Defendant American Oil & Gas, Inc. ("American") and Defendant Hess Corporation by which Hess Corporation will acquire all outstanding shares of American common stock, and alleges (i) breaches of fiduciary duties against Andrew Calerich, Patrick O'Brien, Jon Whitney, Nick DeMare, and C. Scott Hobbs (the "Individual Defendants"), and (ii) aiding and

abetting such breaches of fiduciary duty against American, Hess Corporation, and Hess Investment Corp. (with Hess Corporation, the "<u>Hess Defendants</u>," and collectively with American and the Individual Defendants, the "<u>Defendants</u>").

3.　Defendants deny any and all claims of wrongdoing, and any and all liability alleged in connection with such claims.  Plaintiffs and Plaintiffs' Counsel (defined below) believe that the proposed settlement is fair, reasonable and the best that could be obtained and is in the best interests of the Settlement Class.  There are significant risks associated with continuing to litigate and proceeding to trial.  In addition, there is a danger that the Settlement Class would not prevail on their claims against the Defendants even if those claims went to trial.  The proposed settlement eliminates these risks and provides immediate protection and benefits for Settlement Class Members.

4.　The Court has determined that, for purposes of the Settlement only, the Action shall be preliminarily maintained as non opt-out class action under Federal Rule of Civil Procedure 23 (b)(1) and/or (b)(2), on behalf of the Settlement Class, as defined in Section III below.

5.　At the Settlement Hearing, among other things, the Court will consider (i) whether the Settlement Class should be permanently certified as a non opt-out settlement class pursuant to Federal Rule of Civil Procedure 23 (b)(1) and/or (b)(2), (ii) whether Plaintiffs and their counsel have adequately represented the Settlement Class, and (iii) whether the Settlement Agreement should be approved by the Court as fair, reasonable and adequate.

6.  This Notice describes the rights you may have under the Settlement and what steps you may, but are not required to, take in relation to the Settlement.

7.  If the Court approves the Settlement, the Parties (defined below) will ask the Court to enter a Final Judgment and Order dismissing the Action with prejudice on the merits.

**THE FOLLOWING RECITATION DOES NOT CONSTITUTE FINDINGS BY THE COURT. IT IS BASED ON REPRESENTATIONS OF THE PARTIES AND SHOULD NOT BE UNDERSTOOD AS AN EXPRESSION OF ANY OPINION OF THE COURT AS TO THE MERITS OF ANY OF THE CLAIMS OR DEFENSES RAISED BY ANY OF THE PARTIES.**

## II.  BACKGROUND

### A.  The Merger Agreement

8.  On or about July 27, 2010, Defendant American publicly announced that it had entered into a definitive merger agreement (the "Merger Agreement") for Defendant Hess Corporation to acquire all outstanding shares of American common stock in a stock-for-stock transaction in which each share of American common stock will receive 0.1373 shares of Hess common stock (the "Proposed Merger").

### B.  The Consolidated Colorado Federal Action

9.  In July and August 2010, four complaints were filed in the Court challenging the Proposed Merger: (a) *Finkel v. American Oil & Gas, Inc., et al.*, No. 10-cv-1808-CMA-MEH (the "Finkel Action"); (b) *Cobb v. American Oil & Gas, Inc., et al.*, No. 1:10-cv-01833-PAB-MEH (the "Cobb Action"); (c) *Feinman v. American Oil & Gas, Inc., et al.*, No. 1:10-cv-01846-MSK-KMT (the "Feinman Action"); and (d) *Veigel v. American Oil & Gas, Inc., et al.*, No. 1:10-cv-01852-MSK-MJW (the "Veigel Action").

10.     The Finkel, Cobb, Feinman, and Veigel Actions were brought as putative class actions on behalf of Plaintiffs and all stockholders of American (other than Defendants and their affiliates), and generally alleged that the Individual Defendants breached their fiduciary duties in connection with the Proposed Merger.  Plaintiffs further alleged that American and the Hess Defendants aided and abetted such purported future breaches of fiduciary duty.

11.     On or about September 10, 2010, Plaintiff Finkel moved the Court to enter an order pursuant to Fed. R. Civ. P. 26(d) for expedited discovery and the issues presented in the motion were resolved by the discovery stipulation filed on or about September 15, 2010 (the "Expedited Discovery Stipulation"), and entered as an Order by the Court on or about September 20, 2010.  Identical motions to expedite were filed in the Veigel and Feinman Actions, and those motions were also resolved by the entry of an Expedited Discovery Stipulation.

12.     By order of the Court on October 5, 2010, the Finkel, Cobb, Feinman, and Veigel Actions were consolidated under the caption *Finkel v. American Oil & Gas, Inc., et al.*, No. 10-cv-1808-CMA-MEH (the "Consolidated Colorado Federal Action").

13.     On or about October 15, 2010, Plaintiffs Finkel, Cobb, Feinman, and Veigel filed a Motion for a Preliminary Injunction (the "Preliminary Injunction Motion") seeking to enjoin the Proposed Merger.

14.     On or about October 29, 2010, Plaintiffs Morton Finkel, Jeffrey P. Feinman, and Jeffrey Veigel filed the Consolidated Complaint (the "Consolidated Complaint") in the Consolidated Colorado Federal Action.  The Cobb Action was

dismissed without prejudice.  In the Consolidated Complaint, Plaintiffs allege, *inter alia*, that the Individual Defendants breached their fiduciary duties in connection with the Proposed Merger by purportedly failing (i) to disclose material information in connection with the Proposed Merger and (ii) to obtain adequate consideration for American's shareholders, and that American, Hess, and Hess Investment Corp. aided and abetted such breaches of fiduciary duties.

### C.    The Related Actions

15.    Between July and September 2010, twelve (12) additional putative class actions were filed in Colorado state court and Nevada state court challenging the Proposed Merger, alleging the same claims of breaches of fiduciary duties and aiding and abetting  against the same Defendants based on the same facts and seeking the same relief.  Four of the eleven plaintiffs in these additional putative class actions (the "Related Plaintiffs") are also represented by Plaintiffs' Counsel, and the four Related Plaintiffs have joined the Settlement and have agreed to voluntarily dismiss their lawsuits (the "Related Actions").    The proposed Settlement Class, if certified, will include all plaintiffs in the pending actions challenging the Proposed Merger.

### D.    Expedited Discovery Proceedings

16.    Defendants offered to provide the document and deposition discovery provided under the Expedited Discovery Stipulation to counsel for all parties in the pending actions challenging the Proposed Merger.

17.    Plaintiffs have participated in the expedited discovery, which included the production by Defendants of over 30,000 pages of documents and eight (8) depositions,

including the depositions of certain of the Individual Defendants, a Hess representative, and a representative from Tudor, Pickering, & Holt Co. Securities, Inc., which rendered a fairness opinion to American in connection with the Proposed Merger.

### E. The Proxy Statement

18.     On or about August 23, 2010, Hess filed a preliminary proxy statement (the "Preliminary Proxy Statement") with the Securities and Exchange Commission (the "SEC") setting forth information about the Proposed Merger.

19.     On or about October 1, 2010, Hess filed an amended preliminary proxy statement (the "Amended Preliminary Proxy Statement") with the SEC setting forth additional information about the Proposed Merger.

### F. Settlement Discussions

20.     Following the investigation and review of the Preliminary Proxy Statement and the Amended Preliminary Proxy Statement, public filings by Hess and American, analyst and media reports, and the document and deposition discovery conducted under the Expedited Discovery Stipulation, Plaintiffs, Defendants, and their respective counsel participated in arm's length settlement negotiations and have reached an agreement in principle providing for the settlement of the Action, subject to Court approval.

21.     Defendants deny all of Plaintiffs' substantive allegations, including that they committed or attempted to commit any violation of law or breach of duty, including breach of any fiduciary duty owed to American's shareholders, aided and abetted any breach of fiduciary duty, or otherwise having acted in any improper manner.

22.     Defendants also maintain substantive defenses to the claims in the Action, including but not limited to the following: (i) Plaintiffs fail to state a claim upon which relief can be granted; (ii) the conduct challenged by Plaintiffs' allegations is subject to the procedural and substantive protections of the business judgment rule; (iii) the Individual Defendants are shielded from liability for breaches of the duty of care by Nevada Revised Statute § 78.7502, which provides that directors and officers of Nevada corporations shall be indemnified if they  "[a]cted in good faith and in a manner which he reasonably believed to be in or not opposed to the best interests of the corporation;" (iv) Plaintiffs have not suffered any loss, damage, or injury as a result of any purported act or omission by any of the Defendants; (v) Plaintiffs' claims are barred by waiver, acquiescence, and/or estoppel; (vi) Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches; and (vii) under Nevada law a corporation itself owes no fiduciary duties to the Plaintiffs.

23.     All Parties recognize and acknowledge the very substantial time and expense that would be incurred by further litigation in this Action and the uncertainties inherent in any such litigation.

24.     After weighing the costs, risks, and delay associated with continuing litigation against the benefits of settlement as reflected in the Settlement Agreement, Plaintiffs' Counsel believes that the Settlement at this time, and as provided in this Settlement Agreement is a fair, reasonable, and adequate resolution of the Action, and in the best interests of Plaintiffs and the Settlement Class Members.  Defendants' Counsel believes that the settlement is in the best interests of Defendants because the

settlement would (i) eliminate the burden and expense of further litigation, (ii) put the Settled and Released Claims (as defined below) to rest, finally and forever, without in any way acknowledging wrongdoing, fault, liability, or damage to the Plaintiffs or the Settlement Class, and (iii) permit the Proposed Merger to close without risk of injunctive or other relief.

### III.   DEFINITIONS

25.    The following terms have the following meanings specified below. Capitalized terms used in herein but not defined below shall have the meanings ascribed to them elsewhere in this Notice.

a.      "Attorneys' Fees and Expenses Award" means the amount of attorneys' fees and expenses awarded, if any, not to exceed $850,000, by the Court to Plaintiffs' Counsel and/or to any counsel for a Settlement Class Member (defined below) pursuant to Section VII of the Settlement Agreement.

b.      "Consolidated Complaint" means the Consolidated Complaint filed by Plaintiffs Morton Finkel, Jeffrey P. Feinman, and Jeffrey Veigel on or about October 29, 2010.

c.      "Court" means this United States District Court for the District of Colorado.

d.      "Defendants' Counsel" means the law firms of White & Case LLP and Patton Boggs LLP.

e.      "Effective Date" means the date upon which all of the conditions set forth in paragraph 28 below shall have been satisfied.

f.      "Final Court Approval" means entry by the Court of the Final Judgment and Order Approving Class Action Settlement, and the expiration of the time to appeal or seek reargument, certification, certiorari or other review with respect to such Final Judgment and Order, or, if any appeal, reargument, writ of certiorari or other review is filed and not dismissed, after such Final Judgment and Order is upheld in all material respects and is no longer subject to appeal, reargument, certiorari or other review, or, in the event the Court enters an order and final judgment in a form other than provided above (the "Alternative Judgment") and none of the Parties hereto elects to terminate this Settlement, the date such Alternative Judgment becomes final and no longer subject to appeal, reargument, certification, certiorari or other review.

g.      "Final Judgment and Order" means the proposed Final Judgment and Order Approving Class Action Settlement in the form of, or materially in the form of, Exhibit D attached to the Settlement Agreement or as modified pursuant to agreement of the Parties.

h.      "Individual Defendants" means Andrew Calerich, Patrick O'Brien, Jon Whitney, Nick DeMare, and C. Scott Hobbs.

i.      "Parties" means Plaintiffs and the Defendants, and, where applicable, their respective counsel.

j.      Person" means any individual, corporation, partnership, limited liability company, association, affiliate, joint stock company, estate, trust, unincorporated association, governmental entity and any political subdivision thereof, or any type of business, personal, political or legal entity.

k.      "Plaintiffs" means Morton Finkel, Jeffrey P. Feinman, and Jeffrey Veigel.

l.      "Plaintiffs' Counsel" means the law firms of Bragar Wexler Eagel & Squire, PC, Harwood Feffer LLP, Pomerantz Haudek Grossman & Gross LLP, Robbins Gellar Rudman & Dowd, LLP, and Dyer & Berens LLP.

m.      "Preliminary Approval Order" means the order preliminarily approving the class action settlement, directing notice thereof, and setting a date for the Settlement Hearing substantially in the form of Exhibit B attached to the Settlement Agreement or as modified pursuant to agreement of the Parties or order of the Court.

n.      "Release" means the release set forth in Section III of the Settlement Agreement.

o.      "Releasees" means each Defendant named in the Action and the Related Actions, and each of their past, present or future families, parents, affiliates, subsidiaries, officers, directors, shareholders, members, trustees, partners, principals, employees, control persons, predecessors, successors, and agents, including, without limitation, any of their investment bankers, lenders, accountants, financial advisors, consultants, advisors, insurers, reinsurers, and attorneys.

p.      "Releasors" means Plaintiffs, the Related Plaintiffs, and the Settlement Class on behalf of themselves, their heirs, executors, administrators, successors, and assigns, and any person they represent.

q.      "Settled and Released Claims" means any and all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills,

covenants, controversies, damages, judgments, extents, executions, liabilities, attorneys' fees and expenses (excluding the Attorneys' Fees and Expenses Award defined herein), claims and demands whatsoever, in law, admiralty or equity, whether known claims or Unknown Claims (as defined herein), whether based on acts or omissions, whether arising under federal, state, local, statutory and/or common law and/or any other law, rule or regulation (including, without limitation, the federal securities laws), that have been or could have been asserted, either directly, derivatively or otherwise, in any forum by the Releasors, and/or any of them, against any of the Releasees, that arise out of, are based upon, are in connection with and/or are related in any way, directly or indirectly, to the allegations, transactions, acts, omissions, occurrences, representations, misrepresentations, and/or any other matter, thing or cause whatsoever, or any series thereof, involved, set forth, and/or related to the Complaints and/or the Consolidated Complaint in the Action or the Related Actions, including without limitation the Merger Agreement, the Proposed Merger, the merger consideration, and any and all disclosures, disclosure materials (including supplements) and proxy solicitation materials related thereto, provided however that the Settled and Released Claims shall not include the right of any of the Releasors or any of the Releasees to enforce the terms of the Settlement.  For purposes of clarification, and without limiting the definition of Settled and Released Claims above, the Parties agree that the Settled and Released Claims shall not include claims under the federal securities laws against Hess that do not relate in any way, directly or indirectly, to the allegations, transactions, acts, omissions, occurrences, representations,

misrepresentations, and/or any other matter, thing or cause whatsoever, or any series thereof, involved, set forth and/or related to the Complaints and/or the Consolidated Complaint in the Action or the Related Actions, including without limitation the Merger Agreement, the Proposed Merger, the merger consideration, and any and all disclosures, disclosure materials (including supplements) and proxy solicitation materials related thereto.

r.      "Settlement" means the settlement contemplated by the Settlement Agreement.

s.      "Settlement Class" and "Settlement Class Member" means a mandatory, non opt-out class, and a member of such class, that has been certified by the Court, to the fullest extent permitted by federal law and Rule 23 of the Federal Rules of Civil Procedure, for settlement purposes only, consisting of record holders or beneficial owners of American common stock from July 27, 2010 through and including the earlier of the date of the consummation of the Proposed Merger or the date of the termination of the Merger Agreement, including the legal representatives, trustees, heirs, predecessors and successors in interest, transferees and/or assigns of all such foregoing record holders and/or beneficial owners, immediate and remote, but excluding Defendants and any Person, firm, trust, corporation, or other entity affiliated with any Defendant.

t.      "Settlement Hearing" means the hearing at or after which the Court will make a final decision whether to approve this Settlement Agreement as fair, reasonable, and adequate, and in the best interest of the Settlement Class.

u.    "Unknown Claims" includes any and all claims that Plaintiffs, the Related Plaintiffs, and any or all members of the Settlement Class, and any and all other persons and entities whose claims are being released, do not know or suspect to exist at the time of the Release, which, if known by him, her or it, might affect his, her or its agreement to release the Settled and Released Claims, or might affect his, her or its decision to object or not to object to the Settlement.  In addition, Releasors shall also be deemed to knowingly and voluntarily waive and relinquish any and all provisions, rights and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law, which governs or limits a person's release of unknown claims, comparable or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs, as Settlement Class representatives, have acknowledged that members of the Settlement Class may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release herein, but that it is their intention, on behalf of the Settlement Class, to fully, finally and forever settle and release any and all claims released hereby, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts.

## IV.    THE  SETTLEMENT

26.    Plaintiffs and Defendants have reached a proposed settlement, embodied in the Settlement Agreement on file with the Court.  Plaintiffs have alleged the omission from the Preliminary Proxy Statement and Amended Preliminary Proxy Statement of certain purported material information related to the Proposed Merger.   During the settlement negotiations between Plaintiffs' Counsel and Defendants' Counsel, and following the agreement in principle on the framework for the Settlement, Plaintiffs' Counsel reviewed and provided substantive comments on a draft of the Amended Preliminary Proxy Statement.   In consideration for the Settlement and the Release provided herein, Defendants have agreed to supplement the disclosures contained in the Amended Preliminary Proxy Statement by filing with the SEC a Second Amended Preliminary Proxy Statement containing certain additional disclosures recommended by Plaintiffs ("Plaintiffs' Supplemental Disclosures").   Defendants agree to file the Second Amended Preliminary Proxy Statement containing Plaintiffs' Supplemental Disclosures with the SEC for review and inclusion in the final Proxy Statement. The Parties understand and agree that no additional supplemental disclosures are required as a condition of this Settlement.   The Parties also understand and agree that any comments, disclosures, and/or changes to the Second Amended Preliminary Proxy Statement based on the review by the SEC shall not terminate, or affect the terms of the Settlement Agreement.  The final Proxy Statement, containing Plaintiffs' Supplemental Disclosures, will be mailed to American's shareholders and will also be available on American's website at http://www.americanog.com.  The Settlement will not affect the

form or amount of consideration to be received by American stockholders in connection with the Proposed Merger.

27.     Plaintiffs' Counsel, on the basis of, among other things, a thorough investigation of the facts and the law relating to the acts, events, and conduct complained of and the subject matter of the Action, have concluded that the proposed settlement is fair to and in the best interests of the Settlement Class.  This description of the proposed Settlement is only a summary, and reference is made to the text of the Settlement Agreement on file with the Court for a full statement of its provisions.

## V.     CONDITIONS FOR THE SETTLEMENT

28.     The Settlement is conditioned upon the occurrence of certain events described in the Settlement Agreement on file with the Court.  Those events include, among other things: (a) final certification by the Court, for settlement purposes only, of a Settlement Class, as defined herein, and (b) Final Court Approval of the Settlement Agreement and dismissal of the Action in its entirety with prejudice and without awarding costs to any party (except those costs provided in Section VII of the Settlement Agreement).  If, for any reason, any one of the conditions described in the Settlement Agreement is not met, the Settlement Agreement might be terminated.  If the Settlement Agreement is terminated, it will become null and void, and the Parties will be restored to their respective positions prior to the execution of the Settlement Agreement.

## VI.     CLASS ACTION DETERMINATION

29.     The Court has ordered that, for purposes of the Settlement only, the Action shall be preliminarily maintained as a non opt-out class action by Plaintiffs

Morton Finkel, Jeffrey P. Feinman, and Jeffrey Veigel as Settlement Class representatives, and Plaintiffs' Counsel as Settlement Class counsel, on behalf of all record holders and beneficial owners of American common stock from July 27, 2010 through and including the earlier of the date of the consummation of the Proposed Merger or the date of the termination of the Merger Agreement, including the legal representatives, trustees, heirs, predecessors and successors in interest, transferees and/or assigns of all such foregoing record holders and/or beneficial owners, immediate and remote, excluding Defendants and any Person, firm, trust, corporation, or other entity affiliated with any Defendant the ("Settlement Class").  At the Settlement Hearing, the Court will consider, among other things, whether the Settlement Class should be certified permanently as a settlement non opt-out class.  If the Settlement Class is certified as requested, you will not be entitled to "opt out" or exclude yourself from the Class.

## VII.    THE SETTLEMENT HEARING

30.    The Court has scheduled the Settlement Hearing to take place at the Alfred A. Arraj United States Courthouse, Courtroom A602, 901 19th Street, Denver, Colorado, 80294 on _____, 2011, at _____ Mountain Time, to determine whether: (a) the proposed settlement and Settlement Agreement should be approved by the Court as fair, reasonable and adequate; and (b) the Court should enter Judgment dismissing the Action with prejudice as against the Defendants.

31.    Any Member of the Settlement Class may appear at the Settlement Hearing to show cause why the proposed settlement should not be approved.

However, any Person wishing to be heard at the Settlement Hearing must first file and serve a timely written objection, as described below.

## VIII.   FINAL JUDGMENT AND ORDER OF THE COURT

32.   If the Court determines that the Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class, the Parties will ask the Court to enter a Final Judgment and Order Approving Class Action Settlement ("Final Judgment and Order") which will, among other things:

a.   certify the Settlement Class as a non opt-out class for purposes of settlement only pursuant to Federal Rule of Civil Procedure Rule 23 (b)(1) and/or (b)(2);

b.   approve the Settlement and adjudge the terms thereof to be fair, reasonable, adequate, and in the best interests of the Settlement Class, pursuant to Federal Rule of Civil Procedure Rule 23(e);

c.   authorize and direct the performance of the Settlement Agreement in accordance with its terms and conditions and reserve jurisdiction to supervise the consummation of the Settlement; and

d.   dismiss the Action with prejudice on the merits and release Defendants, and each of them, and the Releasees (defined above), from the Settled and Released Claims (defined above).

## IX.   RELEASES AND DISMISSAL

33.   The Final Judgment and Order will provide that: Plaintiffs, Related Plaintiffs, and the Settlement Class will, by virtue of the Settlement Release, compromise, settle, discharge and dismiss with prejudice, pursuant to the terms and

conditions set forth herein, each and every Settled and Released Claim against each of the Releasees, and shall be forever enjoined from prosecuting each and every Settled and Released Claim against each of the Releasees.

34.     Pending consummation of this Settlement and until the Effective Date, Plaintiffs and Related Plaintiffs shall not seek relief in any forum, or take any action in the Action, including, without limitation, seeking a preliminary injunction, and all proceedings in the Action or otherwise shall be stayed and suspended, except that the Parties shall take all such action and file all such papers as are necessary or appropriate to effect the consummation and approval of the Settlement.  Plaintiffs have agreed to voluntarily withdraw their pending Preliminary Injunction Motion filed in the Action promptly after execution of the Settlement Agreement.

35.     If the Court approves the Settlement, the Court will enter a Final Judgment and Order that will dismiss the Action against Defendants with prejudice, and bar and permanently enjoin Plaintiffs, Related Plaintiffs, and each Settlement Class Member from prosecuting the Settled and Released Claims against the Releasees.  The Court shall retain jurisdiction over implementation of the Settlement and determining Plaintiffs' Counsel's application for attorneys' fees and expenses, and enforcing and administering the Settlement Agreement, including any releases executed in connection therewith.

## X.     APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

36.     To date, Plaintiffs' Counsel have not received any payment for their services in conducting this Action on behalf of Plaintiffs and the members of the Settlement Class, nor have counsel been reimbursed for their out-of-pocket expenses.

37.     Plaintiffs' Counsel shall follow the applicable rules and procedures for obtaining Court approval of any Attorneys' Fees and Expenses Award, and shall file its fee application upon a contested briefing schedule to be determined by the Court. Plaintiffs and Plaintiffs' Counsel shall not make an application for an Attorneys' Fees and Expenses Award in excess of $850,000.  Defendants agree that they will not object to an Attorneys' Fees and Expenses Award up to $200,000, and Defendants reserve all rights, positions, arguments, and defenses as to an Attorneys' Fees and Expenses Award greater than $200,000.    In addition, Hess may terminate the Settlement Agreement if the amount of attorneys' fees and expenses, in the aggregate, awarded in any forum(s) to counsel for Settlement Class Members is greater than $850,000.

## XI.    RIGHTS OF SETTLEMENT CLASS MEMBERS

38.     If you are a Settlement Class Member, you may receive the benefit of and be bound by the terms of the Settlement Agreement described in this Notice, upon the Court's approval of such terms.  If you are a Settlement Class Member, you have the following options:

39.     **Objecting to the Settlement.**   You may object to any aspect of the proposed Settlement.  Your objection must be in writing, explain why you are objecting, and include any materials that you believe support your objection.  To be considered, any objection and supporting materials must be filed with the Clerk of the Court under the caption *Finkel v. American Oil & Gas, Inc.,* No. 10-cv-1808-CMA-MEH and using the CM/ECF System, available at https://ecf.cod.uscourts.gov, no later than fourteen (14) days before the Settlement Hearing, or as the Court otherwise may direct.

40.     You must also serve copies of your objection and any supporting materials on Plaintiffs' Counsel and Defendants' Counsel, at the following addresses:

Plaintiffs' Counsel:

Lawrence P. Eagel
Jeffrey H. Squire
BRAGAR WEXLER EAGEL & SQUIRE, PC
885 Third Avenue, Suite 3040
New York, NY  10022
Tel: (212) 308-5858
Fax: (212) 486-0462
eagel@bragarwexler.com
squire@bragarwexler.com

Robert Harwood
James G. Flynn
HARWOOD FEFFER LLP
488 Madison Avenue, 8th Floor
New York, NY  10022
Tel: (212) 935-7400
Fax: (212) 753-3630
rharwood@hfesq.com
jflynn@hfesq.com

Marc I. Gross
H. Adam Prussin
POMERANTZ HAUDEK GROSSMAN & GROSS LLP
100 Park Avenue
New York, NY  10017
Tel: (212) 661-1100
Fax: (212) 661-8665
migross@pomlaw.com
haprussin@pomlaw.com

Darren J. Robbins
Randall J. Baron
David T. Wissbroecker
ROBBINS GELLER RUDMAN  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Tel: (619) 231-1058
Fax: (619) 231-7423

darrenr@rgrdlaw.com
randyb@rgrdlaw.com
dwissbroecker@rgrdlaw.com

Robert J. Dyer III
Jeffrey A. Berens
Darby K. Kennedy
DYER & BERENS LLP
303 East 17th Avenue, Suite 300
Denver, CO 80203
Tel: (303) 861-1764
Fax: (303) 395-0393
bob@dyerberens.com
jeff@dyerberens.com
darby@dyerberens.com

Defendants' Counsel:

Glenn M. Kurtz
Robert E. Tiedemann
Claudine Columbres
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY  10036-2787
Tel: (212) 819-8200
Fax:  (212) 354-8113
gkurtz@whitecase.com
rtiedemann@whitecase.com
ccolumbres@whitecase.com

Philip M. Smith
PATTON BOGGS LLP
1185 Avenue of the Americas
New York, NY  10036
Tel: (646) 557-5145
Fax: (646) 557-5101
pmsmith@pattonboggs.com

41.     If you hire an attorney to represent you in connection with an objection, the attorney must (i) file a notice of appearance with the Clerk of the Court no later than fourteen (14) calendar days before the Settlement Hearing, or as the Court otherwise

may direct, and (ii) deliver to Plaintiffs' Counsel and Defendants' Counsel no later than fourteen (14) calendar days before the Settlement Hearing a copy of the same.   In addition, any Settlement Class Member who files and serves a written objection may appear at the Settlement Hearing, either in person or through counsel hired at the Settlement Class Member's expense, to object to the fairness, reasonableness or adequacy of the Settlement Agreement.   Settlement Class Members or their attorneys who intend to make an appearance at the Settlement Hearing must deliver to Plaintiffs' Counsel and Defendants' Counsel no later than fourteen (14) calendar days before the Settlement Hearing, or as the Court may otherwise direct, a notice of intention to appear.

42.     Unless otherwise ordered by the Court, any member of the Settlement Class who does not submit an objection in the manner set forth above shall be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the proposed settlement.

43.     **Doing Nothing.**  You may do nothing at all.  If you choose this option, you will be bound by any judgment entered by the Court, and you shall be deemed to have, and by operation of the Final Judgment and Order shall have, fully released all of the Settled and Released Claims against the Releasees.

44.     **Your Lawyers in the Action.**  If you are a Settlement Class Member, you may, but are not required to, enter an appearance through counsel of your own choosing at your own expense.  If you wish to do so, your attorney must file a notice of appearance with the Court, and serve copies on Plaintiffs' Counsel and Defendants'

Counsel at the addresses listed above, no later than fourteen (14) calendar days before the Settlement Hearing.  If you do not hire your own attorney, your interests will be represented by Plaintiffs' Counsel.

## XII.    INTERIM INJUNCTION

45.    The Court has entered an order that preliminarily enjoins Plaintiffs, Related Plaintiffs, and all Settlement Class Members from filing, commencing, prosecuting, intervening in, participating in as class members or otherwise, or receiving any benefits or other relief from, any other lawsuit, arbitration or administrative, regulatory or other proceeding or order in any jurisdiction, based on or relating in any way to the claims and causes of action, or the facts and circumstances relating thereto, in this Action, the Related Actions, and/or the Settled Released Claims (the "Preliminary Approval Order").  The Court's Preliminary Approval Order also preliminarily enjoins Plaintiffs, Related Plaintiffs, and all Settlement Class Members from filing, commencing or prosecuting any other lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Settlement Class Members, if such other lawsuit is based on or relates in any way to the claims and causes of action, or the facts and circumstances relating thereto, in this Action, the Related Actions, and/or the Settled and Released Claims.

46.    Under the Settlement Agreement, the Court's Final Judgment and Order approving the proposed settlement will make these injunctions permanent.

### XIII.   <u>SCOPE OF THIS NOTICE</u>

47.    This Notice is not all-inclusive. The references in this Notice to the pleadings in the Action and the Settlement Agreement and other papers and proceedings are only summaries and do not purport to be comprehensive.  For the full details of the Action, the claims which have been asserted by the Parties and the terms and conditions of the Settlement, including a complete copy of the Settlement Agreement, members of the Settlement Class are referred to the Court files in the Action, which may be inspected using the Court's CM/ECF System under the caption *Finkel v. American Oil & Gas, Inc.,* No. 10-cv-1808-CMA-MEH.

**DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**

If you have any questions about the proposed settlement, you may contact Plaintiffs' Counsel at the addresses set forth above.

### XIV.   NOTICE TO PERSONS OR ENTITIES HOLDING <u>OWNERSHIP ON BEHALF OF OTHERS</u>

48.    Brokerage firms, banks and/or other persons or entities who hold shares of American common stock for the benefit of others are requested to send this Notice to all of their respective beneficial owners.  If additional copies of the Notice are needed for forwarding to such beneficial owners, any requests for such additional copies may be made to:

American Oil & Gas Inc.
1050 17th Street, Suite 2400
Denver, Colorado 80265
Attention: Andrew P. Calerich, President

DATED: _____, 2010


BY ORDER OF THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge